**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

FILED BY _____ D.C.

FEB 2 6 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

OFFICE OF THE ATTORNEY GENERAL,
THE STATE OF FLORIDA,
Department of Legal Affairs,

Plaintiff

v.

OCWEN FINANCIAL CORPORATION,
a Florida corporation, OCWEN MORTGAG
SERVICING, INC., a U.S. Virgin Islands
Corporation, and OCWEN LOAN
SERVICING, LLC, a Delaware limited
liability company,

Defendants

Case No: **9:17-CV-80496**

## PLAINTIFF-INTERVENORS MOTION TO INTERVENE, MOTION TO CERTIFY CLASS AND FOR APPOINTMENT OF CLASS COUNSEL, AND MOTION TO ADD MGC MORTGAGE INC. AND LNV CORPPORATION AS DEFENDANTS

We, Robynne A. Fauley, Catherine Gebhardt, Marcia A. Swift, Rhonda Hardwick, Tuli Molina-Wohl, and Denise Subramaniam, in behalf of ourselves and others similarly situated ("PLAINTIFF-INTERVENORS class" or "the class") pursuant to Federal Rule of Civil Procedure 24 move to intervene as plaintiffs in this action. Intervention is warranted as of right because the interests of the class cannot be fully represented or protected by the Florida Attorney General and the Florida Office of Financial Regulation ("Florida") without intervention, and the interests of the class, including homeowners with properties in Palm Beach County Florida and throughout the United States, will be impaired if this class of homeowners is not permitted to intervene. See Fed. R. Civ. P. 24(a)(2). The PLAINTIFF-INTERVENORS class consists of dozens to potentially thousands of homeowners illegally foreclosed upon by LNV Corporation ("LNV"), a Nevada corporation solely owned by politically powerful multi-billionaire Daniel Andrew Beal whose purported mortgage servicer, MGC Mortgage Inc. ("MGC"), is a successor to Litton Loan Servicing LP, a subsidiary of Defendant Ocwen Loan Servicing, LLC ("Ocwen"). MGC and its owner knowingly commit large-scale violations of the same Federal consumer

financial laws that Plaintiff Florida complains against Defendants in this action; as well as violations of other federal and state laws including criminal code.  In the alternative, the six named representatives of the class should be granted leave to intervene because: (1) their claims share with this action common questions of law and fact; and (2) this action involves Federal consumer financial law, 12 U.S.C. § 5565(a), 12 U.S.C. § 2605; the Florida Attorney General's authority under 12 U.S.C. §§ 5536, 5552 and 2614; the Florida Office of Financial Regulation's authority under 12 U.S.C. §§ 5536 and 5552; In addition, pursuant to 28 U.S.C. § 1367; and Articles 3 and 9 Uniform Commercial Code as well as Constitutional questions about whether members of PLAINTIFF-INTERVENORS class have been deprived of due process of law, equal protection of law and a jury trial before being deprived of their property in violation of the Fifth, Fourteenth and Seventh amendments of the United States Constitution. See Fed. R. Civ. P. 24(b)(1), (2).

Pursuant to Federal Rule 23(a) the PLAINTIFF-INTERVENORS class may sue as representative parties on behalf of all members because 1.) The class is so numerous that joinder of all members is impracticable; and 2.) There are questions of law or fact common to the class; and 4.) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and 5.) The representative parties will fairly and adequately protect the interests of the class.  Pursuant to Federal Rule 23(b)(1) a class action may be maintained if Rule 23(a) is satisfied and if:

> (A) inconsistent or varying adjudications with respect to individual class members that
>     would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter,
>     would be dispositive of the interests of the other members not parties to the individual
>     adjudications or would substantially impair or impede their ability to protect their
>     interests;

Inconsistent and varying adjudications with respect to individual class members have already established incompatible standards of conduct for the party opposing the class; and adjudications with respect to individual class members have already substantially impaired and or impeded the ability of

other members to protect their interests and such impediment has violated the fundamental constitutional rights of individual class members.

Pursuant to Federal Rule 23(b)(2) the class is maintainable because the parties opposing the class, MGC, LNV, and Andy Beal have refused to act in accordance with 12 U.S.C. §§ 5564 and 5565; and with Articles 3 and 9 Uniform Commercial Code ("UCC"); and with other federal and state laws; and they have knowingly and with willful intent defrauded individual members of the class, judges and other government players in furtherance of a conspiracy scheme with Beal's attorneys to interfere with the fundamental civil rights of individual members of the class in violation of 42 U.S. Code § 1985(3). Damages caused by such infractions and deprivations of fundamental civil rights apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## MOTION FOR APPOINTMENT OF CLASS COUNSEL

Pursuant to Federal Rule 23(b)(3) the court and Plaintiff Florida must make a determination whether the questions of law or fact common to class members predominate over any questions affecting only individual members, and whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Also pursuant to Federal Rule 23(c) the court must determine by order whether to certify the intervention action by PLAINTIFF-INTERVENORS class as a class action; and pursuant to Federal Rule 23(c)(1)(B) must appoint class counsel under Rule 23(g).

Appointment of class counsel is constitutionally mandated because individual members of the class have routinely been deprived of representation by counsel through no fault of their own through a decade long systematic defunding of government programs that provide free or affordable legal assistance to modest means Americans; and by ever increasing litigation costs caused by corporate and big-money interest domination over every aspect of the legal industry from law school curriculums to employment

opportunities for law school graduates to legislation to industry oversight to judicial appointments which has created a judicial environment that discriminates against individual class members.

Class members include a disproportionate number of senior citizens, females, minorities, and disabled persons with modest mean incomes who have been in litigation with Litton aka Defendant Ocwen and successor MGC and LNV and predecessors to LNV for many years. Most individual class members began defending their property rights with legal counsel, but attorneys representing MGC, LNV and their predecessors have knowingly and with intent to deceive engaged in unconscionable litigation tactics designed to drag out litigation and increase litigation costs for their opponents. Such tactics include, but are not limited to, preparing, executing, notarizing or presenting false and misleading documents, filing false and misleading documents with courts and government agencies, and otherwise using false or misleading documents as part of the foreclosure process (including, but not limited to, affidavits, declarations, certifications, substitutions of trustees, and assignments) knowing judges would rely on such false documents as being genuine.

LNV's predecessors, including but not limited to, J.P. Morgan Chase, GMAC Residential Funding Company LLC, GMAC Mortgage LLC., Residential Capital LLC., and Ally Financial Inc. is each named as a defendant in *USA et al. v. Bank of America Corp. et al.*, Civil Action No. 13-5112, U.S. Dist. Court for D.C. Certiorari, Originating Case: 1:12-cv-00361-RMC, also known as the "USA and 49 State Attorney General Lawsuit." Each of these financial entities is forbidden from engaging in the aforementioned illegal activities by a consent judgment pursuant to a settlement agreement. LNV however continues to engage in these prohibited illegal activities as evidenced by the claims herein. LNV has made $Billions is excessive undue profits as a direct result of its refusal to abide by the law and its continuing engagement in these prohibited illegal activities. Defendant Ocwen and its successor MGC, and LNV seek to diminish the financial resources of opponents' and their attorneys' to a point where they no longer can afford counsel. Many individual class members continued their legal battle self-represented against these excessively wealthy parties. They never expected to encounter discriminatory barriers but they did. Former 7th Circuit Court of Appeals Judge Richard Posner confirms how judges treat pro se litigants:

> *"Most judges regard these people as a kind of trash, not worth the time of a federal judge."*

https://www.huffingtonpost.com/entry/caught-in-pro-se-hell_us_59d7f5c5e4b0705dc79aa7d1

In *Williams v. Pennsylvania*, 579 U.S. ___ (2016) the U.S. Supreme Court said:

> *"Due process guarantees 'an absence of actual bias' on the part of a judge. In re*
> *Murchison, 349 U. S. 133, 136 (1955). Bias is easy to attribute to others and difficult to*
> *discern in oneself...The Court asks not whether a judge harbors an actual, subjective bias,*
> *but instead whether, as an objective matter, 'the average judge in his position is "likely" to*
> *be neutral, or whether there is an unconstitutional "potential for bias."' Caperton v. A. T.*
> *Massey Coal Co., 556 U.S. 868 (2009) at 881...An insistence on the appearance of*
> *neutrality is not some artificial attempt to mask imperfection in the judicial process, but*
> *rather an essential means of ensuring the reality of a fair adjudication. Both the*
> *appearance and reality of impartial justice are necessary to the public legitimacy of*
> *judicial pronouncements and thus to the rule of law itself."*

Attorney Ms. Nena Cook represents LNV's Perkins Coie attorneys in *Fauley v. Mosman et al*,

Case: 3:17-cv-01656, U.S. District Court Oregon, where class member Ms. Fauley is the Plainitff.  In a

phone conversation on at 8:45 AM on Friday February 2, 2018 they had the following exchange:

> ***Miss Fauley:*** *Miss Cook you or LNV have never EVER addressed the substance of my*
> *motion or any facts of case I have ever filed.  All you have ever done is*
> *dismiss everything and go around the substance.*
>
> ***Miss Cook:***   *Well Miss Fauley, the reason you keep losing in all the courts one court after*
> *another, is because you have never ever overcome any of the barriers that*
> *would allow the substance of your case to be addressed.*

What "barriers" must Ms. Fauley and other members of the class overcome for courts to

adjudicate the substance or merit of their foreclosure defenses?

The due process clauses of the Fifth and Fourteenth Amendments don not just protect against

deprivations of procedural due process; they include substantive components. Substantive due process

protects those fundamental--rights that are implicit in the concept of ordered liberty and the promise of

lawful treatment.  Without what Justice Thomas calls a "substantive guarantee against 'unfairness'" a coin

toss would suffice as a trial.  Without substantive fairness, a "trial" would be something not fair, general,

or reasonable, and would instead be substantively arbitrary; just like the summary judgments in *LNV v.*

*Gebhardt*, *LNV v. Fauley*, *LNV v. Subramaniam*,  *LNV v. Hardwick*, *LNV v. Molina-Wohl* and in the

numerous other LNV foreclosure cases against individual members of the class.

Abuse of summary judgments and summary dismissals has become rampant since the U.S.

Supreme Court's controversial decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___ (2007) and

*Ashcroft v. Iqbal*, 556 U.S. ___ (2009). They are now routinely used as a means to arbitrarily and

capriciously deny litigants who judges ***"regard…as a kind of trash, not worth the time of a federal***

***judge"*** of their fundamental constitutional right to a merit based trial by jury. Thomas Jefferson said:

> *"I consider trial by jury the greatest anchor ever yet devised by humankind for holding a*
> *government to the principles of its constitution."*

Professor of Law at Baylor Law School, Luke Meier, writes in "Why Twombly Is Good Law (But

Poorly Drafted) and Iqbal Will Be Overturned," Indiana Law Journal, Vol. 87, Issue 2:

> *Twombly was a valid application of the uncontroversial principle that a complaint must*
> *describe the real-world events on which the suit is based with some degree of factual*
> *specificity. The Iqbal opinion, unfortunately, mangled this concept by applying it to a*
> *complaint that described the real-world events on which the suit was based with sufficient*
> *factual specificity. Thus, rather than working in conjunction with each other, the Twombly*
> *and Iqbal cases are actually pulling in opposite directions…In short, the Twombly decision*
> *can be justified as merely an application of preexisting principles regarding pleading; the*
> *Iqbal case, however, was wrongly decided and is destined to be overruled…Until Twombly*
> *and Iqbal are decoupled and considered as separate entities, pleading jurisprudence will*
> *continue in a state of disarray.*

*Gideon v. Wainwright*, 372 U.S. 335 (1963) is the landmark case where the Supreme Court

unanimously ruled States are required under the U.S. Constitution to provide counsel in criminal cases to

represent defendants unable to afford to pay their own attorneys. The Justices reasoning in this decision is

just as applicable to defendants in foreclosure cases:

> *[A]ny person haled into court, who is too poor to hire a lawyer, cannot be assured a fair*
> *trial unless counsel is provided for him. This seems to us to be an obvious*
> *truth….[Plaintiffs] spend vast sums of money….Lawyers…are everywhere deemed*
> *essential to protect the public's interest in an orderly society….few defendants…fail to hire*
> *the best lawyers they can get to prepare and present their defenses. That [Plaintiffs] and*
> *defendants who have the money hire lawyers to defend are the strongest indications of the*
> *widespread belief that lawyers…are necessities, not luxuries.*

Several individual members of the class filed constitutional questions under Fed. R. Ap. R. 44

specific to the very questions raised above in Appeals courts and in U.S. District Courts in Oregon and

Texas. These courts have ignored their constitutional questions.  In Doc. 20, _Fauley v. Mosman et al_ filed on 11/20/2017 by attorney Nena Cook she explains:

> _"Attached to Plaintiff's Motion as Exhibit 1 is a document identified as a "Rule 44 Notice of Constitutional Question and Motion for Certification of Question to United States Supreme Court" ("Plaintiff's Rule 44 Motion")...purportedly based on Fed. R. App. P. 44(a), which requires a party to an appeal in which the United States or its officer is not a party in an official capacity to notify the court clerk when the party questions the constitutionality of an Act of Congress. The clerk is then responsible for notifying the Attorney General. The rule provides no standing for a party to directly notify or petition the Supreme Court. Plaintiff's Rule 44 Motion, therefore, is improper..."_

Apparently Ms. Cook has identified one of those "_barriers_" that block "_the substance_" of individual members of the PLAINTIFF-INTERVENORS class from being addressed by judges; and exemplifies the "_unfairness_" Justice Thomas refers to when the "_substantive guarantee_" of fundamental rights defined and protected by the Bill of Rights are denied.

Any reasonable person would understand the substance of the constitutional question individual members of the class ask. Yet these courts refused to reach that substance and instead used the class members' procedural ignorance as pro se litigants to deny them substantive due process of law.  The constitutional promise of lawful treatment is breached when courts arbitrarily and capaciously enforce overly strict post _Iqbal_ pleading standards against classes of Americans judges consider **_"a kind of trash, not worth the time of a federal judge."_**

Appointment of class counsel is required in interest of justice to protect the public interest in preserving fundamental rights guaranteed by the U.S. Constitution and to protect access to justice for all.

## MOVE TO ADD MGC MORTGAGE INC. AND LNV CORPPORATION AS DEFENDANTS

LNV has foreclosed, or is attempting to foreclose on real property belonging to individual class members by purporting to be a "holder" of their mortgage notes based upon a single purported transaction

between Residential Funding Company LLC ("RFC-LLC") and LNV on March 10, 2008, a date prior to the incorporation of LNV in Nevada.

LNV, by and through its attorneys, filed foreclosure complaints in numerous courts against individual class members where LNV's attorneys submitted as exhibits to said complaints recorded assignments of deeds of trust or mortgage each purporting to convey beneficial interest from RFC-LLC (or MERS in behalf of RFC-LLC) to LNV. Each one is notarized by Diane M. Meistad on March 10, 2008. MGC and/or LNV and their attorneys submitted such recorded assignments in dozens and perhaps thousands of foreclosure actions including, but not limited to:

      a. *LNV v. Fauley*, Case 3:15-cv-01422 HZ, **Oregon** U.S. District Court on appeal in U.S. 9th Circuit Case: 16-35593; and

      b. *LNV v. Subramaniam*, Case 3:14-cv-01836-MO, **Oregon** U.S. District Court on appeal in U.S. 9th Circuit Case: 15-35963; and

      c. *LNV v. Gebhard* Case No. 3:12-CV-468-TA V-HBG, Eastern Tennessee U.S. District Court at Knoxville;

      d. *Beal Bank USA v. Swifts*, Case: 1:16-cv-10729, U.S. Dist. Court Ill. No. District Eastern Division; and *Beal Bank USA v. Swifts*, Case No. 2016 CH 593 in the Circuit Court of the 16th Judicial Circuit Kane County **Illinois**; formerly *LNV Corporation v Swifts* Case No. 11 CH 2069 in the Circuit Court of the 16th Judicial Circuit Kane County Illinois; *In re.Swifts* Case No. 07-12787 U.S. Bankruptcy Court Northern District of Illinois, Eastern Division; and

      e. *LNV et al v. Hardwick*, Case No. 51COJ-1204-MF-00098; Martin County **Indiana** Circuit Court; and;

      f. *LNV v. Molina-Wohl*, Case No. 1 CA-CV 11-0603, **Arizona** Division One Court of Appeals.

These recorded assignments each bear the signatures of GMAC employees Michael Mead, Betty Wright or Jeanne J. Smith; however these signatures appear to have been robo-signed and/or authored by individuals who were not Michael Mead, Betty Wright or Jeanne J. Smith. See Exhibit 1 attached hereto.

***Note:*** *Pages 1-8 of Exhibit 1 labeled: Gebhardt, Fauley, Subramaniam, Hardwick, Swift and Molina-Wohl respectively, contain recorded assignments pertaining to the six representative PLAINTIFF-INTERVENORS class members' court cases above; pages 9-15 contain MGC recorded assignments from Palm Beach County Florida each one purporting to convey from RFC to LNV notarized by Diane M. Meistad on March 10, 2008; pages 16-23 contain such assignments recorded in other Florida Counties; pages 24-29 contain a small percentage of the dozens of such assignments recorded in Arizona; for brevity the remaining pages contain one such recorded*

*assignment per state, however many more exist in these states and in other states, including dozens from California. Homeowners named on these recorded assignments are each members of the PLAINTIFF-INTERVENORS class; and are but a small percentage of the entire class.*

These assignments were recorded by <u>Allison Martin</u> an employee of Beal Bank SSB, purportedly also an employee of MGC using mail and/or wire services. MGC is purported to be the mortgage servicer for LNV. MGC was successor to Litton in the Molina-Wohl, Subramaniam and Fauley cases; and in many other individual class cases.

In each of the afore named representative LNV foreclosures, and in foreclosures against other class members, LNV, by and through its attorneys, submitted to courts "true" copies of purported "original" notes. Each contained a purported undated allonge bearing a questioned signature of Jason J. Vecchio as "Post Funding Manager" of RFC-LLC and each purported to convey said "note" to LNV.

The Swifts attorney in *<u>In re.Swifts</u>* contracted with Board Certified Forensic Document Examiner Robin D. Williams, MFS, MS, D-BFDE of OMNI Document Examinations ("OMNI") to have four of these questioned allonges forensically examined. In a preliminary report OMNI issued on December 4, 2014 OMNI determined that the four questioned Jason J. Vecchio signatures were spot-on-matches one to the other consistent with copied or stamped signatures and not with authentic original signatures as LNV and its attorneys told judges. See <u>Exhibit 2</u> attached hereto.

In each representative LNV foreclosure case individual class members disputed the authenticity of endorsements on LNV's purported "notes" and the authenticity of LNV's claim that it is "holder" of said "notes" or that LNV's is a party entitled the enforce the security instrument.

The UCC regulates "negotiable instruments" and the 9th Circuit Bankruptcy Appeals Court decision *<u>In re Veal</u>*, 450 BR 897, 911 (B.A.P. 9th Cir. 2011) reversing a foreclosure order where the 9th Cir. Bankruptcy Justices articulate with specificity how UCC Articles 3 and 9 work together to require authentication of endorsements that purport to convey mortgage instruments in order to correctly identify

a party entitled to enforce ("PETE"), a "holder" or an "owner" of a negotiable instrument.  In each LNV

foreclosure case that is representative of all LNV foreclosures against individual class members when

UCC requirements are applied to indisputable prima facie facts in recorded instruments and compared to

questioned endorsements on the suspect "notes" it is clear that the parties purporting to covey these

mortgages from the originator through 3rd parties to RFC-LLC and then from RFC-LLC to LNV lacked

legal authority to do so making it impossible for LNV to a "holder" of the mortgage as claimed and is not

entitled to enforce the security instrument.

In the Fauley LNV foreclosure case prima facie facts on prior recorded assignments when

compared with prima facie facts on the questioned endorsements on the suspect "original" note and its

allonges show it is impossible for LNV to be "holder" of the note. See Exhibit 3: accurate copies of the

recorded Fauley assignments, and Exhibit 4 for the questioned document that LNV claims is the

"original" Fauley "note."  The Clackamas County Oregon recorded instruments are:

>Instrument #2003-041141, recorded 4/3/2003, executed 7/29/2002;
>Instrument #2007-038181, recorded 5/3/2007, executed 4/11/2007;
>Instrument #2008-074676, recorded 8/31/2008, executed **10/27/2008**;
>Instrument #2008-074677, recorded 8/31/2008, executed **3/10/2008**;
>Instrument #2012-023399, re-recorded #2008-074677 4/17/2012, executed **3/10/2008**

*Note: language on assignments conveys both the note and deed of trust.*

**7/29/2002 – Instrument #2003-041141**
>Conveys from **WASHINGTON MUTUAL BANK, FA** ("WAMU") to **Deutsche Bank Trust Company of Americas as Trustee** ("Deutsche") signed by M. Free, Assistant Vice President, Lori A. Brown, Assistant Secretary, O. Simmons and D. Santana as witnesses, notarized in the State of Florida County of Duval on the 7/29/2002 signed by Florida Notary Public Regina W. Anderson.

**FACTUAL CONFLICT**
>Prima facie facts on this dated recorded notarized assignment conflict with the undated Brenda F. Brendle endorsement on the suspect note conveying to **Residential Funding Corporation**. (It is questioned whether Brenda F. Brendle was a WAMU employee in July 2002 because indisputable public records show she and her husband sold a property in Salem NC in 1998 and bought property in Jacksonville FL.  Substantial evidence suggests she was instead employed by Florida based Lender Processing Services Inc. ("LPS") the commercial vehicle identified by the United States Attorney General as being involved in the mail and wire fraud conspiracy crimes for which former LPS CEO Lorraine Brown was indicted and convicted; see *United States of America v. Lorraine Brown*, Case No. 3:12-cr-198-J-25 MCR, (M.D. Fla.) attached as Exhibit 5.)

**4/11/2007 - Instrument #2007-038181**
Conveys from **RFC-LLC** to **WAMU** signed by Denise Bailey, Assistant Secretary of RFC-LLC, notarized in the State of Texas County of Harris by Notary Public Brenda F. McKinzy on April 11, 2007.(Denise Bailey was/is a Litton employee.)

**FACTUAL CONFLICT**
Prima facie facts on this recorded instrument do not match those purported by the undated Judy Faber endorsement on the unattached suspect allonge conveying the suspect note from **RFC-LLC** to **Deutsche**. (Judy Faber was a GMAC employee known to be a robo-signer. Her signature was stamped onto numerous foreclosure documents which she did not personally sign.)

**10/27/2008 - Instrument #2008-074676:**
Recorded by MGC on 10/31/2008 this assignment purports to convey from **Deutsche** (formerly known as Bankers Trust Company) as Trustee, Residential Funding Company LLC formerly known as Residential Funding Corporation Attorney-in-Fact to **RFC-LLC** signed by Michael Mead, Limited Signing Officer, notarized in the State of Minnesota County of Hennepin by Minnesota Notary Public Diane M. Meistad on **October 27, 2008**.

**FACTUAL CONFLICT**
Although this recorded assignment matches the questioned Michael Mead endorsement on the suspect undated unattached allonge prima facie facts on the prior recorded dated notarized assignment (instrument #2007-038181) that conveyed to **WAMU** not Deutsche.

**3/10/2008 - Instrument #2008-074677 re-recorded as Instrument #2012-023399:**
Also recorded by Beal's MGC on 10/31/2008 this assignment must be false because it conveys to **LNV** from **RFC-LLC** signed by Jeanne J. Smith, Assistant Vice President notarized in the State of Minnesota County of Hennepin by Minnesota Notary Public **Diane M. Meistad** on **3/10/2008**. (*NOTE: LNV did not exist of 3/10/2008.*)

**FACTUAL CONFLICT**
Even though prima facie facts on the questioned Jason J. Vecchio endorsement on the undated unattached allonge match those on this recorded assignment, **RFC-LLC** was not holder or owner with power to convey on **3/10/2008** because conveyance to **RFC-LLC** from **Deutsche**, if it occurred at all, did not occur until **10/27/2008**.


Likewise in the Subramaniam case prima facie facts on prior recorded assignments when compared with prima facie facts on questioned endorsements on the suspect "original" note and allonges show LNV cannot be "holder" of the note. See Exhibit 6 and Exhibit 7 for accurate copies of the recorded Subramaniam assignments and suspect document LNV and its attorneys claim is the "original" Subramaniam "note."  The Washington County Oregon recorded instruments are:

>Instrument #2006-077542, recorded 6/28/2006, executed 12/29/2005;
>Instrument #2006-077543, recorded 6/28/2006, executed 3/18/2006;
>Instrument #2006-077544, recorded 6/28/2006, executed **6/27/2006**;
>Instrument #2008- 073971, recorded 8/27/2008, executed **4/3/2006**;
>Instrument #2008- 073972, recorded 8/27/2008, executed 3/10/2008

**12/29/2005 - Instrument #2006-077542**

Assignment of deed of trust conveys from **People's Choice Home Loans Inc.** ("People's") to **HOMECOMINGS FINANCIAL NETWORK INC.** ("Homecomings") signed by Dana Lantry, **Assist. Vice President** notarized by Orange County California Notary Public Sergio Lomeli on December 29, 2005.

**FACTUAL CONFLICT**

Facts on this recorded assignment conflict with those on an undated questioned Dana Lantry endorsement as **Vice President** on a purported allonge conveying the suspect "note" from **People's** to **RFC-LLC**. (According to the Delaware SOS Residential Funding Corporation, entity #2059477, did not convert to **RFC-LLC** until **10/6/2006** also it is unlikely for Dana Lantry to be both Asst. Vice President and Vice President on the same day **12/29/2005** casting substantial suspicion on the authenticity of the allonge endorsement. Rules of evidence give weight to the recorded dated assignment when a factual conflict exists.)

**3/18/2006 - Instrument #2006-077543:**

Recorded on 6/28/2006 the same day the assignment above was recorded this "Substitution of Trustee" to Cal-Western Reconveyance Corporation is endorsed by Debra Lyman as Vice President of **HOMECOMINGS** and is notarized on March 18, 2006 by Harris County Texas Notary Laura Herrera. This instrument identifies **HOMECOMINGS** as beneficiary of the note and the deed of trust. (Stamped above to the right of the Debra Lyman signature is "Litton Loan Servicing LP Attorney in Fact. Debra Lyman is known to have been an employee of Litton.)

**6/27/2006 - Instrument #2006-077544:**

Also recorded on 6/28/2006 this "Notice of Default" endorsed by Lorrie Womack, A.V.P. of Cal-Western Reconveyance Corporation and notarized by San Diego County California Notary Tammy Wilde on June 6, 2006 and states: "*CAL-WESTERN RECONVEYANCE CORPORATION as Trustee, hereby certifies that no assignments of the deed of trust or by the beneficiary and no appointments of a successor-trustee have been made except as recorded in the mortgage records of the county or counties in which the above described property is situated...*" It is indisputable that **HOMECOMINGS** was the beneficiary of the trustee sale Cal-Western was executing on **November 2, 2006**. (Other evidence further shows **HOMECOMINGS** to be the beneficiary of the mortgage in January 2007.)

**4/3/2006 - Instrument #2008- 073971:**

Recorded on **8/27/2008** this assignment of deed of trust is endorsed by Masse Adjetey as Vice President of **HOMECOMINGS** and is purportedly notarized on **4/3/2006** by Hennepin County Minnesota Notary Mary K. Olson. This assignment was recorded by MGC and purports to convey to **RFC-LLC**.

**FACTUAL CONFLICT**

Instrument #2008- 073971 can only be a false assignment. It is impossible for **HOMECOMINGS** to convey the Subramaniam deed of trust to **RFC-LLC** on **4/3/2006** because prima facie facts on the three prior three recorded instruments show **HOMECOMINGS** was beneficiary until at least **11/2/2006**. (The Minnesota Secretary of State Notary Division has no record of a Notary Public by the name of "Mary K. Olson" commissioned during this time and Masse Adjetey, full name Masse Adjetey-Adjevi, attended the Université de Lomé in Togo Africa in or around April 2006. Employment and education records obtained by subpoena show he worked full time for Ryt Way Industries in or around August 2008 and attended a university in Minnesota part-time.)

**3/10/2008 - Instrument #2008-073972:**

Recorded by Beal's MGC this self-serving assignment must also be false because it conveys the note and Deed of Trust to **LNV** from **RFC-LLC** signed by Betty Wright, Assistant Vice President

and was notarized in the State of Minnesota County of Hennepin by Notary Public Diane M. Meistad on **3/10/2008**.  (LNV did not exist of 3/10/2008.)

## FACTUAL CONFLICT

**RFC-LLC** was not holder on **3/10/2008** because **HOMECOMINGS** was holder from **12/29/2005** and was still holder on **4/3/2006** and on **11/2/2006** and was still holder in **January 2007**.  (Note: It is questioned whether a conveyance to **HOMECOMINGS** ever occurred because evidence suggests it did not.)

Facts in these two representative foreclosure cases are consistent with facts pertaining to other LNV foreclosures against individual class members. Facts show that Litton aka Defendant Ocwen was the mortgage servicer for both the Fauley and Subramaniam mortgages and Litton initiated non-judicial foreclosures against the Fauley and Subramaniam properties in 2006/2007 respectively.

Ms. Subramaniam's mortgage was securitized on or before May 1, 2004 into the Bear Stearns Trust, BSABS 2004-HE4.  EMC Mortgage Inc. ("EMC"), a Bear Stearns subsidiary was master servicer for the Trust. In late 2005 EMC claimed Ms. Subramaniam missed five payments which she had not missed.  Ms. Subramaniam was working with an EMC employee to correct this inaccuracy but by January 2006 he stopped returning her phone calls. In February 2006 another EMC employee told her EMC sold her mortgage to GMAC. When she phoned the contact number the EMC employee gave her a GMAC employee told her that GMAC did not have her mortgage.  She called every government regulatory agency she could think of and was told that EMC was not regulated.  She wrote a letter to Tom Donatacci, Vice President of GMAC Mortgage and eventually received a letter from his Executive Offices written by Sharon Robinson dated April 3, 2006.  Ms Robinson stated:

> *A review of our records confirms GMAC Mortgage does not currently, and did not previously service a loan for you on the above-referenced property; therefore, we do not have access to any of your account information.*
>
> *The attachments included with your letter indicate Homecomings Financial was at one time the servicer of your account, which is now being serviced by Litton Loan Servicing.*

Ms. Subramaniam never made payments to Homecomings Financial and did not know what a "servicer" was. The letter included a phone number for Litton so she called it.  Litton employees did not use the word "servicer" in phone conversations with her and instead said Litton had "acquired" her loan.

She paid Litton the payments she saved when she did not know who to pay but Litton posted a Notice of Default (Instrument #2006-077544) on her front door in June 2006. Ms. Subramaniam hired attorney Elizabeth Lemoine who eventually got EMC's payment history from Litton. It was bizarre showing scattered missed payments throughout 2004 and 2005; not in keeping with normal accounting practices. By August 2006 Ms. Subramaniam and her attorney proved through bank records that she had not missed a single payment and instead EMC had failed to credit her payments to the mortgage. In a letter to Litton employee Mr. Gallardo dated October 25, 2006 Ms. Lemoine confirmed a conversation she had on August 30, 2006 with Mr. Benny Hibler who told her Litton had "*no 'incentive' to settle, as the equity our client possessed in the residence was 'more than adequate' to satisfy the amount you sought in the sale*." Litton refused to postpone the trustee sale. Ms. Subramaniam had no choice but to file a Chapter 13 bankruptcy to stop the trustee sale even though she had no other debts. This caused Ms. Subramaniam to suffer extraordinary damages.

Ms. Subramaniam continued to make regular mortgage payments to Litton until March 2009. At that time she received a delinquent property tax notice from Washington County and a letter from Litton stating her mortgage had been acquired by MGC. There was no letter from MGC and no information about how or where to make payments. Her property taxes were supposed to be paid by Litton from her escrow account. She paid them herself. Her attorney Todd Trierweiler told her to stop making payments until he received a complete record of her payments history due to past misappropriated payments. He wrote several qualified written requests ("QWR") under RESPA to MGC beginning in March 2009 but MGC failed to respond to any of them until May 2010. At that time MGC provided him with the same EMC authored false payment history that Litton gave Ms. Lemoine in or around July 2006 and that Ms. Subramaniam paid nearly $10,000 in attorney fees to prove was a false payment history.

Ms. Fauley had similar experiences with Litton during this time period causing her to also file for bankruptcy. Later MGC misappropriated Ms. Fauley's mortgage payments by putting them into her escrow account then claimed she was in default. Litton aka Defendant Ocwen and its successor MGC

each added excessive an unauthorized fees onto both the Fauley and Subramaniam mortgages.  At that time neither woman nor their attorneys knew about recorded assignments or other recorded instruments. They were deceived by Litton and MGC and harmed by that deceit.

PLAINTIFF-INTERVENORS class member Ms. Gebhardt made payments to Homecomings Financial until 2008 when MGC claimed to be the new servicer. See Exhibit 8 which contains:

1) A letter from Homecomings Financial dated April 25, 2005 (Pages 1 & 2) confirming Homecomings serviced her mortgage and that Homecomings was located at 2711 North Haskell Avenue, Dallas Texas.

2) A letter from MGC dated July 28, 2008 (Pages 3 & 4) stating that servicing of the Gebhardt mortgage would be "transferred from Homecomings Financial, LLC to MGC Mortgage, Inc" and further states:

> *This notice should have been sent to you within 15 days of the servicing transfer date. However, the processing of transfer information has delayed this notice. Further, MGC Mortgage, Inc. ensures that, as a result of the delayed notice, you will not be required to pay an amount in excess of any amount that you otherwise would have paid.*

> *Homecomings Financial, LLC will continue servicing your loan, which includes the collection of payments, through July 1, 2008. Should you have any questions relating to the transfer of servicing from Homecomings Financial, LLC, please contact its Customer Service Department toll-free at 1-800-206-2901. **Beginning July 2, 2008, all payments and correspondence should be directed to MGC Mortgage, Inc. at the following addresses.** Any payments received by Homecomings Financial, LLC from you after July 2, 2008, will be forwarded directly to MGC Mortgage, Inc.*

This letter from was not received by Ms. Gebhardt in 2008.  It was sent in a packet of documents she received from LNV in 2016 after an investigative reporter interviewed Andy Beal and his staff about her case and other class member cases.  They each told the reporter they never received a welcome letter from MGC.  Remarkably shortly after that interview they each received information packets that included the letters purportedly sent in 2008.

3) A letter from MGC dated June 16, 2009 (Pages 5 & 6) that states:

> *Effective July 01, 2009, the servicing of your mortgage loan, that is, the right to collect payments from you, was transferred from GMAC to MGC Mortgage, Inc…**Beginning July 01,2009, all payments and correspondence should be directed to MGC Mortgage, Inc. at the following addresses.***

> **Payments should be addressed to:**          **Correspondence should be addressed to:**
> *MGC Mortgage, Inc.*                                      *MGC Mortgage, Inc.*
> *75 Remittance Drive Suite 6664*                  *Attn: Borrower Relations Department*
> *Chicago, IL 60675-6664*                                *7195 Dallas Pkwy*
>                                                                          *Plano, TX 75024*

This letter was not received by Ms. Gebhardt in 2009.  It was included with a letter dated June 23, 2011 written by attorney Erica Thomas to Ms. Sheila Houser, Administrative Assistant to Tennessee Congressman Phil Roe in response to a complaint by Ms. Gebhardt about MGC. This letter appears to have been fabricated by MGC employees in 2011 to match the deceptive narrative of Erica Thomas who misrepresented herself as the Vice President of MGC.  The corporate address for MGC 7195 Dallas Parkway, Plano, Texas 75024 is an empty lot. 75 Remittance Drive in Chicago is a bogus address. Another bogus address used by Beal is 1501 Woodfield Rd, Schaumburg, Illinois 60173-4982.[1]  See Exhibit 9.

4)  A letter from MGC dated October 10, 2008 (Pages 7 & 8) that states:
    *You are hereby notified that the servicing of the above mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from MGC Mortgage, Inc. to GMAC Mortgage Company, LLC. effective October 27, 2008.*

Like the other letters this was not received by Ms. Gebhardt in 2008 but during later litigation; specifically after Ms. Gebhardt entered into court record the canceled check below.

5)  A $6,000 paid cashier's check dated October 24, 2008 (Pages 9 & 10) made payable to MGC and mailed to 7195 Dallas Parkway, Plano, Texas 75024 that was processed and paid to Beal Bank SSB on October 29, 2008.  MGC and GMAC claimed not to have received this payment.

6)  A February 2009 bank statement (Pages 11 & 12) that shows Ms. Gebhardt made additional payments on December 26, 2008 for $1,511.76 and on January 27, 2009 for $4,080.20 that were also never credited to her mortgage. GMAC and MGC failed to correct their egregious misappropriation of $11,591.96 in Ms. Gebhardt's payments so she sued GMAC and MGC.

---

[1] Dana Brinton a defendant in a Beal foreclosure, Case 2010-10150 Chester County Court of Common Pleas, West Chester, PA; Superior Court of Philadelphia, Southeast District, Case: 43-EDA-2016, received an "Assignment of Bid" in November 2015 with a Sheriff's Deed that named Beal Bank SSB as the grantee with the address: 1501 Woodfield Rd, Schaumburg, Illinois 60173-4982. She sent several letters addressed to Beal Bank SSB at this address but they were returned to her in Pennsylvania as undeliverable. On Feb. 5, 2016 Marcia Swift drove to the address and found no evidence of Beal Bank SSB at this location. This was verified with the building security desk and with Mike Reese supervisor of the Schaumburg United States Post Office and by Carrier Route Supervisor Manny Whitley who told Ms. Swift mail comes to the post office addressed to Beal Bank SSB at this address but and the Post Office returns the mail to sender.

7) A September 2008 monthly statement from GMAC Mortgage (Pages 13 & 14) stating a

mortgage payment of $2,746.87 was due by October 1, 2008.  GMAC claimed to have taken

over servicing from Homecomings a few months prior to claiming MGC was the new servicer

in or around September 2008.  If Ms. Gebhardt had not been told to do so by GMAC then why

would she mail a $6,000 check to MGC in Plano Texas? The GMAC statement along with the

MGC letter stating that MGC was the servicer effective July 2, 2008 shows factual conflicts

indicating an effort to confuse Ms. Gebhardt as to what party serviced her mortgage apparently

to facilitate a misappropriation of her payments. Review of this statement shows several

misrepresentations and excessive undue fees charged to Ms. Gebhardt.  The Account Activity

Statement shows the following payments:

| Date | Amount Paid |
|------|-------------|
| 6/1/08 | $3,010.48 |
| 6/1/08 | $7.50 |
| 7/1/08 | $2,739.37 |
| 7/1/08 | $278.59 |
| 8/1/08 | $2,468.28 |
| 9/1/08 | $784.85 |
| 9/1/08 | $455.76 |
| 9/1/08 | $2,746.87 |
| **Total** | **$13,026.40** |

In spite of four months of regular payments the statement shows an unsubstantiated past due

amount of $5,493.74.  It appears GMAC used the same unusual accounting practices EMC

used in the Subramaniam case where all the sudden EMC claimed she missed five payments

when she had in fact been making regular monthly payments.  When Litton aka Defendant

Ocwen, the successor to EMC, had to produce a payment history it showed sporadic missed

payments over a two year period suggesting it was fabricated in an attempt to justify

EMC/Litton's claim of default.

8) An August 27, 2012 "Payment Summary" (Pages 15 & 16) sent to Ms. Gebhardt's attorney

Douglas E. Taylor by LNV's attorney Kevin Hartley that appears to be a screen print of a

computer screen that shows that Ms. Gebhardt made the following payments:

| *Month* | *Mo. Payment Amount* | *# of Payments* | *Total Paid* |
|---|---|---|---|
| 12-08 | $3,476.14 | 1 | $3,476.14 |
| 01-09 | $3,454.70 | 6 | $20,728.20 |
| 07-09 | $3,204.47 | 5 | $16,022.35 |
| 12-09 | $2,709.58 | 1 | $2,709.58 |
| 01-10 | $2,569.57 | 6 | $15,417.42 |
| 07-10 | $2,569.56 | 26 | $66,208.56 |
| **Total Paid through July 2010** | | | **$125,162.25** |

9) An February 26, 2014 "Payment Summary" (Pages 17 & 20) sent to Ms. Gebhardt by attorney Ronald G. Steen, Jr. enclosed with a letter dated February 28, 2014 in response to a RESPA QWR letter she sent MGC dated February 7, 2014. The printed "Payment Summary" is identical with one above except it shows 45 payments were made in July 2010 totaling $115,630.20. This "Payment Summary" shows Ms. Gebhardt made a total of 65 payments between December 2008 and July 2010 totaling **$173,983.89**; in stark conflict with Erica Thomas' claims in her June 23, 2011 letter to Congressman Roe's office: "*MGC has received no payments since we acquired servicing of the loan from GMAC Mortgage on or around July 1, 2009.*"

10) Erica Thomas' June 23, 2011 letter to Congressman Roe's office: (Pages 21 & 24) Erica Thomas is a Texas attorney and failed to disclose this in her letter and in conversations. Ms. Thomas misrepresented herself as the Vice President of MGC. There are numerous other misrepresentations in this Erica Thomas letter. Robynne Fauley's Congressman Ron Wyden also received a deceptive letter from attorney Erica Thomas.

The Attorney Generals' complaint in *USA et al. v. Bank of America Corp. et al* states:

*64. The Banks' failure to follow appropriate foreclosure procedures, and related unfair and deceptive practices include, but are not limited to, the following:*
  *a. failing to properly identify the foreclosing party;*
  *b. charging improper fees related to foreclosures;*
  *c. preparing, executing, notarizing or presenting false and misleading documents, filing false and misleading documents with courts and government agencies, or otherwise using false or misleading documents as part of the foreclosure process (including, but*

not limited to, affidavits, declarations, certifications, substitutions of trustees, and
assignments);

d. *preparing, executing, or filing affidavits in foreclosure proceedings without personal
knowledge of the assertions in the affidavits and without review of any information or
documentation to verify the assertions in such affidavits. This practice of repeated
false attestation of information in affidavits is popularly known as "robosigning."
Where third parties engaged in robosigning on behalf of the Banks, they did so with
the knowledge and approval of the Banks;*

e. *executing and filing affidavits in foreclosure proceedings that were not properly
notarized in accordance with applicable state law;*

f. *misrepresenting the identity, office, or legal status of the affiant executing foreclosure-
related documents;*

Following are examples of how Andy Beal's MGC, successor to Litton aka Defendant Ocwen and

his LNV successor to defendants in *USA et al. v. Bank of America Corp. et al* continue to engage in the

same unfair and deceptive practices prohibited by the government in this lawsuit.

In the Hardwick foreclosure case attorneys representing LNV submitted into court two distinctly

different versions of the Jason J. Vecchio signed suspect allonge at different times. (See Exhibit 10)  The

signatures were still identical on each version but on the allonge LNV submitted to the court in 2010

"LNV Corporation" was handwritten, while on the one LNV submitted in 2013 it is stamped.  LNV

misrepresented to the court that each allonge was a "true and correct" copy of the "original" note.  This is

factually impossible. See images below:




Attorneys for LNV and MGC had submitted false affidavits of MGC employee Bret Maloney in

numerous foreclosure actions against individual members of the PLAINTIFF-INTERVENORS class.

Bret Maloney, Sr. Vice President of MGC Mortgage Inc. traveled from Texas to Illinois to be deposed on

July 11, 2014 for *In re.Swifts*. The Swifts were present during the deposition and can and will testify to

what was said and done during that deposition. The Swifts obtained an official transcript of the

deposition; see <u>Exhibit 11</u>.  Maloney brought with him to Chicago a purported "original note" that

included the questioned undated allonges.  Marcia Swift was shown the document and observed several

things that caused her to suspect it was not "original" including, but not limited to, two undated allonges

both purporting to convey the note from RFC-LLC to LNV.  One was signed by Carol Chapman, the

other by Jason J. Vecchio creating a conflict where both allonges cannot be genuine and presenting a

factual impossibility.

The Swifts attorney questioned Maloney about these suspect alonges and about LPS because in

LNV's Discovery Responses filed on Mar. 13, 2014 "LPS Desktop-Invoice Management" was on the top

of pages 37-50, see <u>Exhibit 12.</u>  In his sworn testimony Maloney confirmed LNV/MGC/Beal Bank USA

use the "LPS Desktop" computer system, pages 18-22:

> *Q. You have a computer system that was written -- the software was written by LPS, correct?*
> *A. Yes.*
> *Q. You obviously get computer services from them. Do you use them for -- to find attorneys to represent you in various matters?*
> *A. You're talking about LPS Desktop?*
> *Q. Yes.*
> *A. Our subservicer does.*
> *Q. Who is the subservicer?*
> *A. Dovenmuehle......*
> *Q. What does LPS Mortgage Platform do on a general basis, what kind of functions does it serve?*
> ***THE WITNESS****: It's where all loan information is housed with regards to where payment applications are made, where the notes are documented on the system. It has, you know, each of the different areas of functionality, bankruptcy, loss mitigation, foreclosure, the different templates that would be opened up for those different areas....*

*Q. Now within the plat -- the LPS Mortgage Platform, how does it keep images or copies of documents that are related to a particular file?*

*A. Anything that's entered onto the records, such as the notes or the payment history transactions, that is kept on the system. Any of the letters or any letters, correspondence, all that would be in a document scan imaging system that's separate from that system.*

**Page 39:**

*Q. Now, I am going to hand to you what we have labeled Dep Exhibit No. 2, and the manila folder that has the original note, and ask you to compare them and tell me if there is anything different about them?*

*A. Yes.*

*Q. You're saying yes to what?*

*A. There is a difference between the copy that was provided in the claim and the actual original.*

*Q. And what is that?*

*A. There is an extra endorsement on here from RFC to LNV Corporation, Inc., that is not attached to the original note.*

*Q. Okay. So there is allonge missing that was attached to the Proof of Claim, but it's not with the original, correct?*

*A. No. The one -- the two that are attached here are to LNV from RFC. One of them was drawn up incorrectly. It included the LNV Corporation, Inc., so when somebody sent these for the Proof of Claim, they pulled it off of the document imaging screens that we talked about earlier. They pulled a copy of the note and the allonges, which would have been under separate categories in the document imaging system, so somebody sent you an extra allonge that should have been included because it's not attached to the note.*

In sworn testimony Maloney admitted the extra Carol Chapman allonge was included because someone "*pulled it off of the document imaging screens...so somebody sent you an extra allonge that should have been included*" he said this happened because the notes and allonges were kept "*under separate categories*" in the system.  His explanation is not logical.

Separation of a note from its allonges creates legal issues that defeat enforceability. Most state laws require allonges to be firmly attached to the note.  Any reasonable person whose job was to scan original notes into the LPS system would know, or should reasonably know not to scan an unattached allonge because it is not legally part of the note.  If the "original note" was conveyed to LNV on or before March 10, 2008 as purported on the recorded assignment notarized by Diane Meistad then it would or should have been scanned into the "*document scan imaging system*" on or around that date.  The scanned image would have included endorsements and allonges attached to the note when it was scanned.  Bret

Maloney wanted the Swift's court to believe an unattached irrelevant allonge made its way into the LPS "*document scan imaging system*" to be "*pulled off*" four years later in 2013 and "*incorrectly*" included in a Proof of Claim. It's more plausible these allonges were manufactured in 2013 because Mallony also said the LPS system included "*different templates that would be opened up*" for different functionalities, "*bankruptcy, loss mitigation, foreclosure*" implyng use of templates to create documents as needed.

A chain of emails LNV gave Robynne Fauley's former attorney (see Exhibit 13) support this logical deduction. An email dated October 24, 2008 sent to Diane Meistad by MGC employee Michael Barnett states: "*I have templates for both assignments.*" Clearly visible on the email are icons for attached Word documents; the "templates" referred to in the body of the email that originated with MGC.

These facts tend to support use of a template in 2011 and again in 2013 to create the two different allonges LNV submitted to courts in the Swift cases; and the different questioned Jason J. Vecchio allonges submitted to the court in the Hardwick case. During the Swift's proceedings, *In re.Swifts,* LNV substituted Beal Bank USA then voluntarily dismissed the earlier foreclosure, *LNV Corporation v Swifts* on or around January 2016. Beal Bank USA filed a new foreclosure complaint, *Beal Bank USA v. Swifts*, in or around June 2016 in the Kane County State Court. In or around November 2016 Beal Bank USA filed yet another complaint, *Beal Bank USA v. Swifts*, Case: 1:16-cv-10729, U.S. Dist. Court Illinois Northern District Eastern Division so as to increase the Swift's litigation costs and split litigation between two courts. Federal Judge Gary Feinerman granted a motion to abstain the federal case pending the outcome of the state case.. In his January 26, 2017 Memorandum Order he determined:

> "*Because Beal easily could have brought (and initially did bring) in state court its claim for monetary relief against the Swifts, the federal suit is "vexatious" and "contrived" within the meaning of Colorado River. See Interstate Material Corp, 847 F.2d at 1289 ("[T]he federal suit could be considered both vexatious and contrived. ... [W]e see no reason why all claims and all parties could not have been ... part of one suit."). Even if the federal suit were not vexatious or contrived at its inception, it surely became so when Beal, having been alerted by this court of its state court personal deficiency claim, amended its state court complaint in an unsuccessful attempt to avoid parallelism rather than proceed in one forum. This factor thus weighs in favor of abstention.*"

See Exhibit 14.

The amended state complaint Judge Feinerman referred was filed on Dec. 27, 2016; see Exhibit 15.  On page 1 it states: "*That attached hereto as Exhibit 'A' and incorporated herein is a true copy of said Mortgage.*"  This 2016*** *"true copy"* is different from the *"true copy"* LNV submitted in 2011* and 2013**.  See images below:



*From Bret Maloney Deposition, Page 170 Exhibit 9

***From Amended Complaint, Page 34 Exhibit 11

Below is the questioned Jason J. Vecchio signature on "*true copy of said Mortgage*" submitted to the court by LNV in 2016***. The 2011* *"true copy"* included a bar code and Loan ID #11380185 that is obliterated when LNV filed claim 17-1 in the Swift's bankruptcy on 1/2/2013.  Then on the 2016*** *"true copy"* these areas are covered with black boxes.  See side-by-side images below:



*Jason J. Vecchio allonge from Bret Maloney Deposition, Page 171, Exhibit 11

***Jason J. Vecchio allonge from Beal's amended complaint, Page 35, Exhibit 12

The 2016*** *"true copy"* of the Allison Martin allonge is unlike the 2013** *"true copy"*:

**2013****

BC: 628243
CLMG Loan #: 17105086

NOTE ALLONGE

This Allonge is to be attached to and made a part of that certain INTERESTFIRST ADJUSTABLE RATE NOTE made by MARCIA A SWIFT AND CHRIS T SWIFT in the original principal amount of $449,500.00, dated 01/26/2007 and payable to GMAC MORTGAGE, LLC DBA DITECH.COM, as renewed, extended, amended or modified.

Pay to the order of BEAL BANK USA, without recourse and without representation or warranty whether express, implied or created by operation of law.

LNV CORPORATION

By: ______________________
Allison Martin
Attorney-In-Fact

**Alison Martin allonge included with the Bret Maloney Deposition, Page 173, Exhibit 9

**2016*** version**

[redacted]

NOTE ALLONGE

Pay to the order of BEAL BANK USA, without recourse and without representation or warranty whether express, implied or created by operation of law.

LNV CORPORAT!

Allison Martin
Attorney-In-Fact

***Alison Martin allonge included with Beal's amended complaint, Page 36, Exhibit 11

Similarly in LNV v. Gebhardt attorneys for LNV submitted to the court on Sept. 5, 2012 as an exhibit to support LNV's complaint a purported "accurate" copy of the "original" mortgage note, Doc. 1-1 ("Note A"). Then on Aug. 19, 2013 LNV filed a motion for summary judgment and attached as an exhibit another purported "accurate" copy of the "original" mortgage note that did not match "Note A", Doc. 10-2 ("Note B"); see Exhibit 15. Neither version is a copy of the actual original note. See different versions of what are supposed to be "true" copies of an original mortgage note below:

**Note A: Doc. 1-1, first page 3 of 3**

SECTION 5 ABOVE IS MODIFIED BY THE ADDENDUM ATTACHED HERETO.

PAY TO THE ORDER OF

WITHOUT RECOURSE
SEBRING CAPITAL PARTNERS, LIMITED PARTNERSHIP
BY: ______________________
Gayna Yeager, Vice President

Case 3:12-cv-00468 Document 1-1 Filed 09/05/12 Page 3 of 9 PageID #: 6

No Judy Faber endorsement on this page

**Note B: Doc. 10-2, Page 3 of 3**

SECTION 5 ABOVE IS MODIFIED BY THE ADDENDUM ATTACHED HERETO.

PAY TO THE ORDER OF
JP MORGAN CHASE BANK, AS TRUSTEE
WITHOUT RECOURSE
Residential Funding Corporation
BY ______________________
Judy Faber, Vice President

PAY TO THE ORDER OF
RESIDENTIAL FUNDING CORPORATION
WITHOUT RECOURSE
SEBRING CAPITAL PARTNERS, LIMITED PARTNERSHIP
BY: ______________________
Gayna Yeager, Vice President

Case 3:12-cv-00468 Document 1-1 Filed 09/05/12 Page 4 of 9 PageID #: 7

Judy Faber endorsement is on this page



Among many differences between Notes A & B, a purported Gebhardt signature on page 6 of "Note A" clearly showed a black streak with white space around the letters, an indication of digital cut and paste in Photoshop©. Ms. Gebhardt's attorney pointed this out in his response to LNV's complaint. In Note B LNV cleaned this up; see images below:



Another example of Beal's MGC and LNV's propensity to forge documents is a purported copy of the "original" Subramaniam Deed of Trust submitted as an exhibit to support LNV's foreclosure complaint, Doc. 5-2, from *LNV v. Subramaniam*. Download this court document from PACER and view it in its digital .pdf format on a computer. This purported "original" deed of trust appears instead to be a master copy of a digitally altered black and white photocopy of the Subramaniam "deed of trust" easily obtainable from public records.  The digital alterations in this document are obvious to anyone with even rudimentary knowledge of how to use Adobe PhotoShop© to alter digital images.

On every page with a blue ink signature Ms. Subramaniam's purported initials are also in the same shade of blue; yet on all other pages the initials are black. This would not be the case if this were the "genuine" and "original" instrument.  Look at the name "Denise Subramaniam" hand printed in blue ink above the notary signature zoomed to 300% on page 15 of Doc. 5-2. Notice that the weight, clarity and color distribution seen within the pen strokes of the first two letters "De" when compared with the letters "nise Subramaniam" that follow them are dramatically different from each other suggesting digital cut

and paste.  A blotchy background is clearly visible behind these first two letters that is not visible behind the other letters; and the same blotchy background is visible behind the hand-written date and the notary signature above the name "Denise Subramaniam" where sharp straight edges are visible outlining the blotchy backgrounds. These characteristics are indicative of digital cut and paste. Look at the initials on page 15 of Doc. 5-2 zoomed at 800% notice the period after the last letter is black, while the two letters of the initials and the first period are blue.  Look at the initials on page 18 of Doc. 5-2 zoomed at 800% notice white space around the letters and a portion of the line underneath and between the two letters of the initials is blue, while the rest of the line is black.

Ms. Subramaniam signed a black and white printed form when she signed the genuine deed of trust in 2004.  If Doc. 5-2 were genuine there would be no white space surrounding the letters of her initials, and the black line on the form would be consistently black. The characteristics visible on Doc. 5-2 are consistent with digital alteration in PhotoShop© where the paint brush tool is used to color sections by "pouring" color into a shape. The color spills into surrounding areas when the borders of two shapes touch such as the portion of the line between the two letters of the initials here.  Another characteristic of the paintbrush tool in PhotoShop© is that the weight and density of the "ink" is consistent. Distribution of the ink within a pen stroke varies so the weight and density of the ink will be heavier in some places and lighter in others and will still be visible in a direct color copy of a genuine signature.  See Doc. 134, 134-1 to 134-3, *LNV v. Subramaniam* and Dkt. 7-11, 9th Circuit Case: 15-35963.

The software Adobe Acrobat© Professional provides functionality for viewing file properties. Below is a screen print of the file properties for Doc. 5-2 opened on Ms. Subramaniam's computer. **"2014-1121-Doc5-2-DOT.pdf"** is the name Ms. Subramaniam gave to the file when she downloaded it in or around March 2016 from PACER.  **"1507_001.pdf"** is the file name given to the file by **"mbeaty"** the author of the file when he created it. The author originally created the file on 11/18/2014 10:49:09 AM. The file was first uploaded into the District Court's electronic filing system on Tuesday 11/18/2014 as

Doc. 1-2 with LNV's original complaint, and then uploaded again on Friday 11/21/2014 with LNV's amended complaint as per the stamp on the top of each page of Doc. 5-2.



The file was modified on 11/28/2014 4:19:48 PM most likely by a District Court Clerk.  Advanced properties show that the original author "**mbeaty**" created the .pdf file using "GPL Ghostscript version 8.15; modified using iText 2.1.7 by 1T2XT" and the "PDF Version" was "1.6 (Acrobat 7.x).

The author of digital file Doc. 5.2 "**mbeaty**" is Mark E. Beaty an employee of <u>**CLMG Corporation**</u> ("CLMG") another corporation solely owned by Andy Beal. See the screen print of his ZoomInfo Profile below (he also has a LinkedIn Profile).



CLMG is identified as a "**servicer of commercial loans**."  This collaborates with the sworn deposition testimony by Bret Maloney in the Swift court case.  See Exhibit 10, page 12:

> *Q. Okay. Now, besides the companies we mentioned, you said, 'on the residential side'. What did you mean by that?* [Swift's Attorney]
>
> *A. I work on the residential side of MGC Mortgage. There is a commercial division under the CLMG. There may be different entities over there. I don't know all the different entities that they have or investors that are set up under the CLMG side.* [Maloney]

Even though CLMG is Beal's "commercial division" CLMG was involved in each **residential** eviction perfected by LNV. Jonathan S. Timm, SF REO Eviction Manager at CLMG Corp. traveled from Texas to Oregon to personally manage the eviction of Ms. Subramaniam from her home of 20 years. The storage units he rented to store some of her personal property removed from her home were paid by CLMG. (The remainder of her personal property, including a registered vintage Shasta travel trailer, was removed from her home later to an undisclosed location and illegally disposed of without giving her any opportunity to recover it. This was done during the time she was preparing her pro se appeal brief and was intended to distract her from this.)  Texas attorney Robert A. Ackermann, Senior Vice President/Chief Litigation Counsel at CLMG Corp. traveled from Texas to Illinois for mediation in the Swift foreclosure case; and he attended each and every hearing in the Breitlings' eviction proceedings in Texas.

The Texas Attorney General's office wrote a letter dated October 4, 2010 to MGC warning MGC:

> *Recent troubling developments about the veracity of claims made on documents used by Ally Financial, Inc., in its foreclosure filings have led to an inquiry by our office....We are certain that you must be aware of the issues raised when Ally Financial, Inc., and later JP Morgan Chase and Bank of America, announced that they were suspending foreclosures on certain properties in 23 states. It appears that they had discovered, through testimony of their employees in private litigation, that the employees, referred to as "robosigners," had engaged in practices concerning the execution of affidavits which were used in foreclosure litigation, among which were these:*
> - *Signing thousands of documents per month*
> - *Signing documents without reading them*
> - *Signing affidavits which falsely claim personal knowledge of facts*
> - *Signing affidavits which falsely claim the affiant reviewed the attached documents*
> - *Notarizing documents prior to signing by the signer*
> - *Notarizing documents when the signer was not present before the notary*
> - *Filing affidavits with records attached that do not correctly reflect loan payments, charges and advances*

Hunton & Williams LLP attorney Peter Weinstock, formerly with Jenkens & Gilchrist P.C.[2],

responded on October 31, 2010 and denied MGC engaged in any of the practices. See both letters in

Exhibit 16. Mr. Weinstock's response in behalf of MGC was a false claim.  In addition to numerous

foreclosures in Texas perfected by using the exact practices identified in the Texas Attorney General's

October 4, 2010 letter, MGC has, as evidenced by foreclosure cases against the six representative

members of the PLAINTIFF-INTERVENORS class has used such practices to perfect foreclosures

throughout the United States.

Litton aka Ocwen and successor MGC engaged in the same prohibited illegal activities when

servicing the Molina-Wohl, Fauley and Subramaniam mortgages as those identified by the U.S. and State

Attorney Generals in *USA et al v. Ocwen Loan Servicing LLC*, Case: 4:12-cv-00543, U.S. as per the 2013

settlement and consent agreements that state:

> *Reports of Examination and related inquiries and investigations by the State Mortgage Regulators that identified practices that may otherwise violate the laws and regulations of the Participating States and related Federal law, including but not limited to the allegations and Releases that are the basis of the Consent Judgment and specifically including:*
> a. ***Lack of controls related to document execution, including evidence of robo-signing, unauthorized execution, assignment backdating, improper certification and notarization, chain of title irregularities,*** *and other related practices affecting the integrity of documents relied upon in the foreclosure process;*
> b. *Deficiencies in loss mitigation and loan modification processes…*
> c. *Lack of controls related to general borrower account management, including but not limited to:*
>     1. ***Misapplication of borrower payments;***
>     2. ***Inaccurate escrow accounting and statements;*** *and*
>     3. ***Assessment of unauthorized fees and charges.***
> d. *Inadequate staffing and lack of internal controls related to customer service;*
> e. ***Deficiencies in control and oversight of third-party providers, including but not limited to, local foreclosure counsel;***
> f. *Deficiencies in document maintenance processes, including but not limited to, failure to produce documents requested in tandem with examinations; and*
> g. ***Deficiencies in management control and supervision necessary to ensure compliance with applicable laws and regulations.***                    [Emphasis added]

---

[2] Jenkens & Gilchrist P.C. sued by the Internal Revenue Service ("IRS") in 2003. On May 24, 2011, four lawyers with the firm were found guilty of tax evasion, conspiracy, and related charges stemming from a ten-year tax shelter scheme that prosecutors said generated more than $1 billion in fictive losses.

"Factual Allegations" of the Plaintiff Florida's complaint on page 7 paragraph 25 states:

> *Between 2010 and the first quarter of 2014, Ocwen's residential servicing portfolio grew from 351,595 loans with an aggregate unpaid principal balance of approximately $50 billion to 2,861,918 loans with an aggregate unpaid principal balance of approximately $465 billion. Ocwen's largest acquisition during this time period was its 2013 purchase of Residential Capital, LLC's ("Residential Capital") servicing platform and its mortgage servicing rights to 1,740,000 loans with an aggregate unpaid principal balance of approximate $183.1 billion. As of December 31, 2016, Ocwen serviced approximately 1,393,766 loans with an aggregate unpaid principal balance of approximately $209 billion. Its loans are located in all fifty states and the District of Columbia.*

MGC continues to engage in such illegal activities as evidenced herein and no government agency or court has upheld the rule of law and stopped MGC, LNV and owner Daniel Andrew Beal from doing so and dozens of consumer complaint letters about MGC written by homeowners across the country to the Texas Attorney General were obtained by a Freedom of Information Request ("FOIR"). Each one complained about MGC causing a default on their mortgage during a transition between their prior servicer and MGC, and then initiating foreclosure based on the self-serving "default" MGC created.  The Texas Attorney General was a Plaintiff in *USA et al. v. Bank of America Corp. et al.* Not a single penny of Texas' share of the settlement money went into a program to help homeowners victimized by the illegal activities defendants named in that lawsuit: J.P.Morgan Chase aka Bear Stearns and WAMU, GMAC, RFC-LLC, Homecomings, Countrywide, Wells Fargo, etc.  Successors to these defendants including LNV continue to engage in these illegal foreclosure practices.  Litton aka Ocwen and successor MGC continue to engage in these illegal foreclosure practices; and no one is acting to stop them.

Unless the PLAINTIFF-INTERVENORS class is allowed to intervene in this action; and unless they are appointed a class counsel; and unless MGC and LNV are added as Defendants; the interests of the class and their constitutional rights will not be protected or addressed by Plaintiff Florida.

THEREFORE PLAINTIFF-INTERVENORS MOTIONS SHOULD BE GRANTED

Denise Subramaniam

Robynne A. Fauley

Dated: February 13, 2018

# EXHIBIT 1

**March 10, 2008 Assignments notarized by Diane M. Meistad**

**Purporting to convey from RFC-LLC to LNV**

**Pages 1-8:**     **From six Representative Cases**

**Pages 9-15:**     **From Palm Beach County Florida**

**Pages 16-23:**     **From other Florida Counties**

**Pages 24-29:**     **Sampling of dozens from Arizona**

**Pages 30-50:**     **Single example per State from other States**

GEBHARDT

CORPORATION ASSIGNMENT of DEED OF TRUST

BC: 612526 — 17101164
RFC Loan Number: 8263393
Seller Loan Number: 328544

FOR VALUE RECEIVED, 'Residential Funding Company, LLC fka Residential Funding Corporation'
8400 Normandale Lake Blvd. Ste 600
Minneapolis, MN 55437
the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 11/7/2002
executed by CATHERINE GEBHARDT, A SINGLE PERSON

TO/FOR: Sebring Capital Partners, Limited Partnership.

and recorded in Book 1562 on Page 298 as Instrument No. 02053378 on 11-13-02
of official Records in the County Recorder's Office of Sevier County, Tennessee.

Property Address:   3753 THOMAS CROSS ROAD, SEVIERVILLE, TN 37876
MORTGAGE AMOUNT:  $243,100.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'Residential Funding Company, LLC fka Residential Funding Corporation'

Maximum principal indebtedness for Tennessee recording tax
purposes is $ -0- does not increase principal debt. Mortgage tax
paid on original filing.

BY:
NAME: Betty Wright
TITLE: Assistant Vice President

STATE OF                                  Minnesota)
COUNTY OF                                  Hennepin)

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Betty
Wright, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

(Area to right reserved for Recording)

BK/PG: 3160/446-446
08048722

| 1 PGS : ASSIGNMENT | |
| --- | --- |
| ELAINE BATCH: 133997 | |
| 08/06/2008 - 10:36 AM | |
| VALUE | 0.00 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 10.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 12.00 |

STATE OF TENNESSEE, SEVIER COUNTY
SHERRY ROBERTSON HUSKEY
REGISTER OF DEEDS

Prepared By & After Recording Mail to:
MGC Mortgage Inc
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas  75024

FAULEY



Clackamas C___y Official ___cords    2008-074677
Sherry Ha___ ___unty Cle___

$36.00

___12595382__  __0746770__-__27  10/3___ ___08 02:17:25 PM

M-TDA    Cnt=1  Stn=10  ELIZABETH
$10.00 $16.00 $10.00

Clackamas County Official Records    2012-023399
Sherry Hall, County Clerk

$52.00

01574444201200233990020029    04/17/2012 12:01:27 PM

M-TDA    Cnt=1  Stn=5  CONNIEBRO
$10.00 $16.00 $16.00 $10.00

This Document Prepared By and
After Recording Please Return To:
MGC MORTGAGE, INC.
Attn: Allison Martin, Manager
Document Control
7195 Dallas Parkway
Plano, Texas 75024

## ASSIGNMENT OF DEED OF TRUST

**Grantor:**     RESIDENTIAL FUNDING COMPANY, LLC
One Meridian Crossings, Suite 100, Minneapolis, Minnesota  55423

**Grantee:**     LNV CORPORATION
7195 Dallas Parkway, Plano, Texas  75024

**Property Address:**    12125 Southeast Laughing Water Road, Sandy, OR 97055

**Legal Description:** Parcel 1, Partition Plat No. 1999-041, in the County of Clackamas and State of Oregon.

*Re-recorded at the request of LNV Corporation to add Grantee name & address on Original Assignment.*
*Previously Recorded: 10/31/08 as Inst. No. 2008-074677*

BC 619513



PLAINTIFF'S
EXHIBIT
H

FAULEY

CORPORATION ASSIGNMENT of DEED OF TRUST

RFC Loan Number: 7889719
Seller Loan Number: 4967689

FOR VALUE RECEIVED, 'Residential Funding Company, LLC fka Residential Funding Corporation'

the undersigned hereby grants, assigns and transfers to

*LNV Corporation*
*7195 Dallas Pkwy*
*Plano, TX 75024*

all beneficial interest under that certain Deed of Trust dated 6/12/2002

executed by ROBYNNE A FAULEY

TO/FOR:

and recorded in Book *n/a* on Page *n/a* as Instrument No. *2002-057800* on *6/20/2002*
of official Records in the County Recorder's Office of *Clackamas* County, Oregon.

Property Address:   12125 SE SOUTHEAST LAUGHING WA , SANDY,  OR  97055
MORTGAGE AMOUNT:  $330,000.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'Residential Funding Company, LLC fka Residential Funding Corporation'

STATE OF          Minnesota )          BY:
COUNTY OF       Hennepin )          NAME: Jeanne J. Smith
                                                    TITLE: Assistant Vice President

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Jeanne J.
Smith, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

Notary Public in and for said State

DIANE MEISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2010

(Area to right reserved for Recording)

WHEN RECORDED MAIL TO:

Prepared By and when recorded
Please return to:MGC Mortgage Inc.
Document Control Dept.
7195 Dallas Parkway
Plano, TX 75024
BC 614513

STATE OF OREGON
COUNTY OF CLACKAMAS    ss.

I, SHERRY HALL, County Clerk of the
State of Oregon for the County of Clackamas,
do hereby certify that the foregoing copy of
*2012-023379 Dep*
*Mortgage Rec*
has been by me compared with the original, and
that it is a correct transcript therefrom, and the
whole of such original, as the same appears on the
file and record in my office and under my care,
custody and control.

IN TESTIMONY WHEREOF, I have hereunto set
my hand and affixed my official seal

this       *10*                   day of
*October*, 20 *12*

SHERRY HALL, County Clerk
By: Diane McDaniel   Deputy

SUBRAMANIAM

## CORPORATION ASSIGNMENT of DEED OF TRUST

RFC Loan Number: 10335983
Seller Loan Number: 10097572

**FOR VALUE RECEIVED,** 'Residential Funding Company, LLC fka Residential Funding Corporation'

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 2/10/2004

executed by DENISE SUBRAMANIAM

TO/FOR: People's Choice Home Loan, Inc a Wyoming Corporation.

and recorded in Book _N|A_ on Page _N|A_ as Instrument No. _2004-019937_ on _3/1/04_
of official Records in the County Recorder's Office of _Washington_ County, Oregon.

Property Address:   13865 SW WALKER ROAD  BEAVERTON, OR  97005
MORTGAGE AMOUNT:  $176,000.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'Residential Funding Company, LLC fka Residential Funding Corporation'

BY:
NAME: Betty Wright
TITLE: Assistant Vice President

STATE OF                                     Minnesota )
COUNTY OF                                 Hennepin )

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Betty
Wright, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

After Recording Return to:
MGC Mortgage Inc
Document Control
7195 Dallas Parkway
Plano, Texas  75024
BC 419600

HARDWICK

DIANN SCHUTTE                    2P
MARTIN COUNTY RECORDER
FEE:                        14.00
PJK Date 07/01/2008  Time 13:20:57
1  2008000999                   HI 58/301

After Recording Return to:
MGC Mortgage Inc
Document Control  Allison Martin
7195 Dallas Parkway
Plano, Texas 76024
86.61297A
MIN: 100149813439391000
MERS Phone: 1-888-679-6377

CORPORATION ASSIGNMENT of MORTGAGE

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'

1595 Spring Hill Road, Suite 310, Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas  76024

all beneficial interest under that certain Mortgage dated 9/30/2003

executed by RHONDA L HARDWICK

TO/FOR:        N-6        48

and recorded in Book N/a    on Page N/a     as Instrument No. 200309659   on  10-7-63   of
official Records in the County Recorder's Office of  Martin         County, Indiana.

PROPERTY ADDRESS:  201 CHURCH ST  LOOGOOTEE, IN  47553

Mortgage Amount:  $87,550.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Mortgage.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY:
NAME: Michael Mead
TITLE: Assistant Vice President

STATE OF                        (Minnesota)
COUNTY OF                       (Hennepin)

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in
his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person
acted, executed the instrument. WITNESS my hand and official seal.

Notary Public in and for said State

...by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2011

SWIFT

2008K069730

**SANDY WEGMAN**
RECORDER - KANE COUNTY, IL

RECORDED: 9/3/2008 2:16 PM
REC FEE: 25.00   RHSPS FEE: 10.00
PAGES: 3

Prepared BY & After Recording Mail to:
**MGC Mortgage Inc**
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024

RFC Loan Number: 11380185
Seller Loan Number: 656493104

## CORPORATION ASSIGNMENT of MORTGAGE

**FOR VALUE RECEIVED,** '(MERS) Mortgage Electronic Registration Systems, Inc.'

1595 Spring Hill Road, Suite 310, Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to



LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Mortgage dated 1/26/2007
executed by *Chris T. Swift and Marcia A. Swift, husband and wife as tenants by the entirety.*
TO/FOR: *GMAC Mortgage, LLC dba ditech.com*

and recorded in Book ___*n/a*___ on Page ___*n/a*___ as Instrument No. *2007K0(8917* on *1/24/07*
of official Records in the County Recorder's Office of ___*Kane*___ County, Illinois.
*& see attached Exhibit "A" for Legal.*

Mortgage Amount: $449,500.00

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Mortgage.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY: _____

NAME: Michael Mead

TITLE: Assistant Vice President

3

35 -

SWIFT

STATE OF                              Minnesota)
COUNTY OF                             Hennepin)

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead, Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

Notary Public in and for said State

Prepared by Diane Meistad

Residential Funding Company, LLC
One Meridian Crossings, Ste. 100
Minneapolis, MN 55423, (952)979-4000

DIANE M. MEISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2010

Property Address: 601 SENNETT ST  BATAVIA, IL  60510

BC 628243

MOLINA-WOHL

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2008-0704628 08/13/08 10:44 AM
1 OF 1

WHEN RECORDED MAIL TO:

After Recording Return to:
MGC Mortgage Inc
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
(866) 544-9820

MIN: 10026560005185934
MERS Phone: 1-888-679-6377
BC: 619358

CORPORATION ASSIGNMENT of DEED OF TRUST
FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'

1595 Spring Hill Road, Suite 310, Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to    LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 11/14/2006
executed by TULI ꞉ WOHL , An Unmarried Woman
Molina

and recorded in Book on Page as Instrument No. 20061525605 on of official Records in the County Recorder's Office of
Maricopa County, Arizona. Recorded on 11-21-06.

See Attached Exhibit "A".

Mortgage Amount:    $475,000.00

Property Address:    1321 E LUKE AVE  PHOENIX, AZ  85014

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

STATE OF                        Minnesota)        BY:
COUNTY OF                       Hennepin)          NAME: Michael Mead
                                                   TITLE: Assistant Vice President

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument. WITNESS my hand and official seal.

Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2013

This instrument was drafted by Diane Meistad
Assistant Secretary, Residential Funding Company,
LLC, One Meridian Crossings, Suite 100,
Minneapolis, MN 55423, (952) 979-4000.

CFN 20080353960
OR BK 22875 PG 1950
RECORDED 09/25/2008 10:26:48
Palm Beach County, Florida
Sharon R. Bock,CLERK & COMPTROLLER
Pgs 1950 - 1951; (2pgs)

**FLORIDA**

This Document
Prepared By & After Recording Return to:
MGC Mortgage Inc
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas, 75024

0C-637859

CORPORATION ASSIGNMENT of MORTGAGE

Return To:
RESIDENTIAL FUNDING COMPANY, LLC
One Meridian Crossings
Minneapolis, MN 55423

MIN: 100261030300796504       MERS Phone: 1-888-679-6377
RFC Loan Number:  10913002
Seller Loan Number: 3030079650

FOR VALUE RECEIVED,  '(MERS) Mortgage Electronic Registration Systems, Inc.'

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7145 Dallas Parkway
Plano, TX 75024

all beneficial interest under that certain Mortgage dated 12/15/2006
executed by HOPE MILLER_ROBINSON , a single Woman

TO/FOR: Mortgage Lenders Network USA, Inc.

and recorded in Book 21718 on Page 0844  as Instrument No. 20070228422 on 5/10/07  of official
Records in the County Recorder's Office of Palm Baech County,  Florida.

LEGAL: See Attachement

MORTGAGE AMOUNT:  $319,200.00
PROPERTY ADDRESS:   2108 LITTLE TORCH STREET   WEST PALM BEACH,  FL  33407
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY: _____
NAME: Michael Mead
TITLE: Assistant Vice President

STATE OF                    Minnesota )
COUNTY OF                  Hennepin )

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument.  WITNESS my hand and official seal.

_____
Notary Public in and for said State

Prepared 3/10/2008 by Diane Meistad, Residential
Funding Company, LLC, One Meridian Crossings,
Suite 100, Minneapolis, MN 55423, (952) 979-4000.

DIANE M. MEISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2011

FLORIDA

BC 2037259          Legal Description

Lot 126, Block OF NORTH COUNTY P.U.D. PLAT 2, according to the Plat thereof, recorded in Plat Book 97, Page 1 THROUGH 6 , of the Public Records of Palm Beach  County, Florida.

Parcel Identification Number: 56-42-42-36-36-000-1260

This is not a certified copy

CFN 20080198093
OR BK 22660 PG 1169
RECORDED 05/27/2008 09:43:45
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pg 1169; (1pg)

**FLORIDA**

Prepared By & After Recording Return to:
MGC Mortgage Inc
Document Control
7195 Dallas Parkway
Plano, Texas 75024

BC: 612776

Allison Martin
Document Control Manager

CORPORATION ASSIGNMENT of MORTGAGE

MIN: 100062604178742039     MERS Phone: 1-888-679-6377

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Mortgage dated 7/25/2003
executed by MATTHEW B MILES

TO/FOR:

and recorded in Book 15641 on Page 0324 as Instrument No. 20030460126 on 8/6/03 of official
Records in the County Recorder's Office of PALM BEACH County, Florida.

LEGAL: The West One Half of the Southwest 1/4 of the Northeast 1/4 of the Northeast 1/4 of the Northwest 1/4 of Section 35, Township 42 South Range 41 East, Palm Beach, County, Florida A/K/A Tract D-1757

PARCEL ID: 00-41-42-35-00-000-3220
MORTGAGE AMOUNT:  $87,000.00
PROPERTY ADDRESS:   11649 N 68TH ST  WEST PALM BEACH, FL  33412
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY: _____
NAME: Michael Mead
TITLE: Assistant Vice President

STATE OF                    Minnesota  )
COUNTY OF                  Hennepin  )

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument.  WITNESS my hand and official seal.

_____
Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan 31, 2010

Prepared 3/10/2008 by Diane Meistad, Residential
Funding Company, LLC, One Meridian Crossings,
Suite 100, Minneapolis, MN 55423, (952) 979-4000.

CFN 20080241647
OR BK 22723 PG 1141
RECORDED 06/26/2008 09:29:24
Palm Beach County, Florida
Sharon R. Bock,CLERK & COMPTROLLER
Pg 1141; (1pg)

**FLORIDA**



### CORPORATION ASSIGNMENT of MORTGAGE

Prepared By & After Recording Return to:
**MGC Mortgage Inc,** *Allison Martin*
Document Control
7195 Dallas Parkway
Plano, Texas  75024

MIN: 100059600057636511    MERS Phone: 1-888-679-6377

RFC Loan Number: 19570207
*MGC, BC# 613872*

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'
*P.O. Box 2026, Flint, MI 48501-2026*

the undersigned hereby grants, assigns and transfers to
LNV Corporation
7195 Dallas Parkway
Plano, Texas  75024

all beneficial interest under that certain Mortgage dated 6/12/2007
executed by MARIA A LANDI *and John J. Landi, wife and Husband*

TO/FOR:

and recorded in Book 21876 on Page 0419 as Instrument No. 20070309459 on 6/26/07 of official
Records in the County Recorder's Office of Palm Beach County, Florida.

LEGAL: *Lot 6, in Block D2 of Cielo Townhomes at the shops of Donald Ross according to the
Plat thereof, as recorded in Plat Book 105, page 157, of the public Records of
Palm Beach County, Florida.*

MORTGAGE AMOUNT:  $263,950.00
PROPERTY ADDRESS:    5011 VINE CLIFF WAY WEST  PALM BEACH GARDENS, FL  33418
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY:
NAME: Michael Mead

STATE OF                    Minnesota )
COUNTY OF                    Hennepin )

TITLE: Assistant Vice President

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument.  WITNESS my hand and official seal.

Notary Public in and for said State

DIANE M. MESTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2010

CFN 20080241643
OR BK 22723 PG 1135
RECORDED 06/26/2008 09:28:33
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pg 1135; (1pg)

FLORIDA



CORPORATION ASSIGNMENT of MORTGAGE

Prepared By & After Recording Return to:

**MGC Mortgage Inc**
Document Control
7195 Dallas Parkway
Plano, Texas 75024
MIN: 100039267763381488     MERS Phone: 1-888-679-6377
RFC Loan Number: 1144481

MGC, BC# 613841

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'
P.O. Box 2026, Flint, MI 48501-2026
the undersigned hereby grants, assigns and transfers to
LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Mortgage dated 3/23/2007
executed by RODNEY J REGAN, And Emma E Regan, Husband and wife

TO/FOR:

and recorded in Book 21620 on Page 1182 as Instrument No. 20070179342 on 4/13/07 of official
Records in the County Recorder's Office of Palm Beach County, Florida.

LEGAL: Lot 26, Block 24, Plat 14A, City of Atlantis, Florida, According to the Plat thereof
Recorded in Plat Book 32, Page 200, Public Records of Palm Beach County, Florida
Parcel: 02434431240240260

MORTGAGE AMOUNT:   $1,000,000.00
PROPERTY ADDRESS:   344 GLENBROOK DRIVE  ATLANTIS, FL  33462
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY: _____

NAME: Michael Mead

TITLE: Assistant Vice President

STATE OF                    Minnesota )
COUNTY OF                    Hennepin )

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument.  WITNESS my hand and official seal.

_____
Notary Public in and for said State

DIANE M MISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2010

CFN 20080241650
OR BK 22723 PG 1146
RECORDED 06/26/2008 09:30:18
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pg 1146; (1pg)

**FLORIDA**

*This document prepared by Diane Meistad Residential Funding Company, LLC, One Meridian Crossings, Ste 100 Minneapolis, MN 55423*

### CORPORATION ASSIGNMENT of MORTGAGE

Record and After Recording Return to:
**MGC Mortgage Inc** *Allison Martin*
Document Control
**7195 Dallas Parkway**
**Plano, Texas  75024**                    BC 613040

MIN: 100062604187287968          MERS Phone: 1-888-679-6377
RFC Loan Number: 8802588
Seller Loan Number: 0418728796

**FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'**
                                         *P. O. Box 2026, Flint, MI 48501-2026*

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas  75024

all beneficial interest under that certain Mortgage dated 10/20/2003
executed by GINA  HUGHES  *AND  ROBERT  HUGHES  HER HUSBAND*

TO/FOR:

and recorded in Book 16136 on Page 1207 as Instrument No. 20030683036 on 11-4-03 of official
Records in the County Recorder's Office of PALM BEACH County, Florida.
*LEGAL DESCRIPTION: The West 207 feet of the East 1,070 feet of the North 243 feet of the South 739 feet of Section 26, Township 42 South, Range 40 East; Palm Beach County, Florida, subject to an easement to Indian Trail Water Control District for road and drainage purposes over the South 30 feet.*
*PARCEL ID: 00-40-42-26-00-000-5850*
MORTGAGE AMOUNT:  $150,000.00
PROPERTY ADDRESS:    17181 70TH STREET NORTH  LOXAHATCHEE, FL  33470
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

                              '(MERS) Mortgage Electronic Registration Systems, Inc.'

                              BY: _____

STATE OF                          Minnesota )      NAME: Michael Mead
COUNTY OF                         Hennepin )       TITLE: Assistant Vice President

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument.  WITNESS my hand and official seal.

_____
Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

CFN 20080241663
OR BK 22723 PG 1161
RECORDED 06/26/2008 09:31:34
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pg 1161; (1pg)



**FLORIDA**

Prepared by and   CORPORATION ASSIGNMENT of MORTGAGE
After Recording Return to: *Allison Martin*
**MGC Mortgage Inc.**
Document Control
7195 Dallas Parkway
Plano, Texas 75024

MIN: 100156901000107002     MERs Phone: 1-888-679-6377

RFC Loan Number: 11249101

*MGC. BC# 613803*

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'

*P.O. Box 2026, Flint, MI 48501-2026*

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Mortgage dated 12/27/2006
executed by CARMEN OCONNOR *and Anthony O'Connor, wife and Husband*

TO/FOR:

and recorded in Book *21818* on Page *1945* as Instrument No. *20070279581* on *6/7/07* of official
Records in the County Recorder's Office of *Palm Beach* County, Florida.

LEGAL: *Condominium Unit 65, in Boca Lakes Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 2114, Page 737, of the Public Records of Palm Beach County, Florida*

*Parcel ID: 00-42-47-17-01-000-0650*

MORTGAGE AMOUNT:   $86,000.00

PROPERTY ADDRESS:   20823 WENDALL TERR UNIT 65  BOCA RATON, FL 33433

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY:

STATE OF                      Minnesota )
COUNTY OF                     Hennepin )

NAME: Michael Mead
TITLE: Assistant Vice President

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument.  WITNESS my hand and official seal.

Notary Public in and for said State

DIANE M. MUSTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2010

DOC # 20080397873   B: 9723 P: 8326
07/07/2008 08:04:01 AM  Page 1 of 1
Rec Fee: $10.00  Doc Type: A
Deed Doc Tax: $0.00
Intangible Tax: $0.00
Mortgage Stamp: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
MB - Ret To: MGC MORTGAGE

*This document prepared by*
*Diane Meistad Residential*
*Funding Company, LLC, One Meridian*
*Crossing, Ste 100, Minneapolis, MN 55423*

FLORIDA

CORPORATION ASSIGNMENT of MORTGAGE

~~Prepared By &~~ After Recording Return to:
**MGC Mortgage Inc**
Document Control   *Allison Martin*
7195 Dallas Parkway
Plano, Texas 75024
*Bc: 612507*

RFC Loan Number: 8258805
Seller Loan Number: 323790
**FOR VALUE RECEIVED,** 'Residential Funding Company, LLC fka Residential Funding Corporation'
*8400 Normandale Lake Blvd, Ste 600, Minneapolis, MN 55437*

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Mortgage dated 11/27/2002

executed by CARMEN BURGOS, *A SINGLE PERSON AND NAOMI VELAZQUEZ, A SINGLE PERSON*

TO/FOR:

and recorded in Book _06713_ on Page _1841_ as Instrument No._20020623733_ on _12-21-02_ of official
Records in the County Recorder's Office of _Orange_____ County, Florida.
*LEGAL DESCRIPTION: LOT 3, BLOCK F RIO GRANDE TERRACE, 3RD ADDITION ACCORDING*
*TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK W, PAGE 127 OF THE PUBLIC*
*RECORDS OF ORANGE COUNTY, FLORIDA.*

*PARCEL ID: 10-23-29-7433-06-030*
MORTGAGE AMOUNT:  $74,700.00
PROPERTY ADDRESS:   3905 TROVATI STREET  ORLANDO, FL  32839
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

'Residential Funding Company, LLC fka Residential Funding Corporation'



BY:X_____

STATE OF                                    Minnesota )
COUNTY OF                                   Hennepin )

NAME: Betty Wright

TITLE: Assistant Vice President

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Betty Wright, Assistant
Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation' personally known to me to be
the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument.  WITNESS my hand and official seal.

_____
Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

MGC MORTGAGE INC
PO BOX 251686
PLANO, TX 75025-9933


RECORD AND
RETURN TO

DAVID R. ELLSPERMANN, CLERK OF COURT  MARION COUNTY
DATE: 08/28/2008  01:35:09 PM
FILE #: 2008087077  OR BK 05088 PGS 0931-0932

RECORDING FEES 18.50

This Document was Prepared By and
**After Recording Return To:**
MGC Mortgage Inc
7195 Dallas Parkway
Document Control, Allison Martin
Plano, Texas 75024

FLORIDA

BC #  628022

## ASSIGNMENT OF MORTGAGE

Grantor:                  **Residential Funding Company, LLC**
                          **8400 Normandale Lake Blvd Suite 600**
                          **Minneapolis, MN 55437-1073**

Grantee:                  **LNV Corporation**
                          **7195 Dallas Parkway**
                          **Plano, TX 75024**

Property Address:    **6435 NE 1st Lane, Ocala, FL 34470**

**See Page 2 for Mortgage recording information.**
**Florida**

FLORIDA

BC 628022   CORPORATION ASSIGNMENT of MORTGAGE

**After Recording Return to:**
**MGC Mortgage Inc**
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
RFC Loan Number: 8155281
Seller Loan Number: 1001534725

**FOR VALUE RECEIVED,** 'Residential Funding Company, LLC fka Residential Funding Corporation'
8460 Normandale Lake Blvd, Suite 600
Minneapolis, MN 55437-1073
the undersigned hereby grants, assigns and transfers to
LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Mortgage dated 10/9/2002
executed by ANNETTE DESBIENS, A Single Person

TO/FOR: AABco Mortgage Loans and Investments

and recorded in Book 03326 on Page 0425 as Instrument No. 2003006703 on 1/17/03 of official
Records in the County Recorder's Office of Marion County, Florida.

LEGAL: N/A

MORTGAGE AMOUNT: $48,000.00
PROPERTY ADDRESS: 6435 NE 1ST LANE OCALA, FL 34470
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

'Residential Funding Company, LLC fka Residential Funding Corporation'

BY:
NAME: Jeanne J. Smith
TITLE: Assistant Vice President

STATE OF          Minnesota )
COUNTY OF         Hennepin )

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Jeanne J. Smith,
Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation' personally known to
me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same
in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person
acted, executed the instrument. WITNESS my hand and official seal.

Notary Public in and for said State
This Document Prepared by
Prepared 3/10/2008 by Diane Meistad, Residential
Funding Company, LLC, One Meridian Crossings,
Suite 100, Minneapolis, MN 55423, (952) 979-4000.

DIANE M. MEISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/20

DAVID R. ELLSPERMANN, CLERK OF COURT  MARION COUNTY
DATE: 06/25/2008  11:18:11 AM
FILE #: 2008065208  OR BK 05057 PG 1294

RECORDING FEES 10.00

**FLORIDA**

*This document prepared by Diane Meistad, Residential Funding Company, LLC, One meridian Crossings, Ste 100, Minneapolis, MN 55423*

## CORPORATION ASSIGNMENT of MORTGAGE

~~Prepared By &~~ After Recording Return to:
**MGC Mortgage Inc**
Document Control  *Allison Martin*
7195 Dallas Parkway
Plano, Texas 75024        *BC-612843*

*e*
*RECORD AND RETURN TO*

MIN: 10026900086266443        MERS Phone: 1-888-679-6377
RFC Loan Number: 8626644
Seller Loan Number: 1002838663

**FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'**
*P.O. Box 2026, Flint, MI 48501-2026*
the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas  75024

all beneficial interest under that certain Mortgage dated 8/23/2003
executed by GEORGE E RUSSELL *and EULA M. RUSSELL, HUSBAND AND WIFE*

TO/FOR:

and recorded in Book _03542_ on Page _1709_ as Instrument No. _2003131758_ on _10-6-03_ of official
Records in the County Recorder's Office of _Marion_____ County, Florida.

LEGAL: *Parcel ID: R4593-009-013*

MORTGAGE AMOUNT:  $55,000.00
PROPERTY ADDRESS:    8985 SE 142ND LANE  SUMMERFIELD, FL  34491
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY: _____
NAME: Michael Mead
TITLE: Assistant Vice President

STATE OF                              Minnesota )
COUNTY OF                          Hennepin )

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.'  personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument.  WITNESS my hand and official seal.

_____
Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 01/31/2010

MGC MORTGAGE INC
PO BOX 251686
PLANO, TX 75025-9933

 RECORD AND RETURN TO

DAVID R. ELLSPERMANN, CLERK OF COURT  MARION COUNTY
DATE: 08/28/2008  01:35:09 PM
FILE #: 2008087077   OR BK 05088 PGS 0931-0932

RECORDING FEES 18.50

This Document was Prepared By and
**After Recording Return To**:
MGC Mortgage Inc
7195 Dallas Parkway
Document Control, Allison Martin
Plano, Texas 75024

FLORIDA

BC # 628022

## ASSIGNMENT OF MORTGAGE

**Grantor:**            **Residential Funding Company, LLC**
                        **8400 Normandale Lake Blvd Suite 600**
                        **Minneapolis, MN 55437-1073**

**Grantee:**            **LNV Corporation**
                        **7195 Dallas Parkway**
                        **Plano, TX 75024**

**Property Address:**   **6435 NE 1ˢᵗ Lane, Ocala, FL 34470**

**See Page 2 for Mortgage recording information.**
**Florida**

DAVID R. ELLSPERMANN, CLERK OF COURT  MARION COUNTY
DATE: 08/27/2008  02:11:28 PM
FILE #: 2008086688   OR BK 05087 PGS 1637-1638

**RECORDING FEES 18.50**

This Document was Prepared By and
**After Recording Return To:**
MGC Mortgage Inc
7195 Dallas Parkway
Document Control, Allison Martin
Plano, Texas 75024

RECORD AND
RETURN TO

FLORIDA

BC #  628119

## ASSIGNMENT OF MORTGAGE

| | |
|---|---|
| **Grantor:** | **(MERS) Mortgage Electronic Registration Systems, Inc.**<br>**P.O. Box 2026**<br>**Flint, MI 48501-2026** |
| **Grantee:** | **LNV Corporation**<br>**7195 Dallas Parkway**<br>**Plano, TX 75024** |
| **Property Address:** | **14176 Southeast 61st Avenue, Summerfield, FL 34491** |

**See Page 2 for Mortgage recording information.**

FLORIDA

BC 628119    CORPORATION ASSIGNMENT of MORTGAGE

After Recording Return to:
**MGC Mortgage Inc**
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
MIN: 10001441001156606        MERS Phone: 1-888-679-6377
RFC Loan Number: 8452844
Seller Loan Number: 1000115660

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'
                              P.o. Box 2026
                              Flint, MI 44501-2026
the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Mortgage dated 4/29/2003
executed by SHIRLEY C BUTLER, As Guardian of the Estate of Christine
                    M. Coats, Incapacitated, A Single Person
TO/FOR: Meritage Mortgage Corporation, An Oregon Corporation

and recorded in Book 03412 on Page 1615 as Instrument No. 2003058425 on 5/12/03 of official
Records in the County Recorder's Office of Marion County, Florida.

LEGAL: N|A

MORTGAGE AMOUNT:  $25,000.00
PROPERTY ADDRESS:   14176 SOUTHEAST 61ST AVENUE  SUMMERFIELD, FL  34491
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY: _____
NAME: Michael Mead
TITLE: Assistant Vice President

STATE OF                    Minnesota )
COUNTY OF                   Hennepin )

On 3/10/2007  before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument.  WITNESS my hand and official seal.

Diane M Meistad
Notary Public in and for said State
This Document Prepared by:
Prepared 3/10/2007 by Diane Meistad, Residential
Funding Company, LLC, One Meridian Crossings,
Suite 100, Minneapolis, MN 55423, (952) 979-4000.

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

FLORIDA

CFN 2008R0522837
OR Bk 26449 Ps 2728; (1ps)
RECORDED 06/25/2008 11:49:17
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

CORPORATION ASSIGNMENT of MORTGAGE

Prepared By & After Recording Return to:
MGC Mortgage Inc , Allison Martin
Document Control
7195 Dallas Parkway
Plano, Texas 75024

MIN: 100062604743610604        MERS Phone: 1-888-679-6377

RFC Loan Number: 19585933

MGC BC# 613873

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'
P.O. Box 2026, Flint, MI 48501-2026

the undersigned hereby grants, assigns and transfers to        LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Mortgage dated 6/29/2007
executed by JOCELINE ANGBLOT

TO/FOR:

and recorded in Book 25781 on Page 4649 as Instrument No. 2007R0702534 on 7/7/07 of official
Records in the County Recorder's Office of MIAMI-DADE County, Florida.

Parcel ID: 0621250271000

MORTGAGE AMOUNT: $244,000.00
PROPERTY ADDRESS:    13355 N MIAMI AVE  MIAMI, FL  33168
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY: 

NAME: Michael Mead

TITLE: Assistant Vice President

STATE OF                 Minnesota )
COUNTY OF                Hennepin )

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument. WITNESS my hand and official seal.

Notary Public in and for said State



ARIZONA

HELEN PURCELL
2008-0529159 06/16/08 11:05 AM
1 OF 1
.KSSTCAC

Prepared By & After Recording Return to:
**MGC Mortgage Inc**
Document Control   Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
BC: 612578

MIN: 100014410001033235
MERS Phone: 1-888-679-6377

CORPORATION ASSIGNMENT of DEED OF TRUST

**FOR VALUE RECEIVED**, '(MERS) Mortgage Electronic Registration Systems, Inc.'

1595 Spring Hill Road, Suite 310, Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 12/19/2002
executed by CHARLES R WILCOX  AND KIMBERLY A. WILCOX, HUSBAND AND WIFE,
RANDOLPH        AS COMMUNITY PROPERTY WITH RIGHT OF
                SURVIVORSHIP.
TO/FOR:

and recorded in Book n/a on Page n/a as Instrument No. 2002 1403939 on of official Records in the County Recorder's Office of
Maricopa        County, Arizona.  12-27-02

LEGAL DESCRIPTION: LOT 136 LEGACY PARC PARCEL B, ACCORDING TO
BOOK 551 OF MAPS, PAGE 40, RECORDS OF MARICOPA
COUNTY, ARIZONA.

Mortgage Amount:   $154,550.00
Property Address:   15952 WEST CARIBBEAN LANE SURPRISE, AZ 85379

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY:
STATE OF                    Minnesota)   NAME: Michael Mead
COUNTY OF                   Hennepin)    TITLE: Assistant Vice President

On 3/10/2007 before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of (MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument. WITNESS my hand and official seal.

Notary Public in and for said State
This instrument was drafted by Diane Meistad
Assistant Secretary, Residential Funding Company,
LLC, One Meridian Crossings, Suite 100,
Minneapolis, MN 55423, (952) 979-4000.

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010



```
OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2008-0704639 08/13/08 10:45 AM
                1 OF 1
```

ARIZONA

WHEN RECORDED MAIL TO:

After Recording Return to:
MGC Mortgage Inc
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
BC. 619434

MIN: 100062604713986513
MERS Phone: 1-888-679-6377

CORPORATION ASSIGNMENT of DEED OF TRUST

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'

1595 Spring Hill Road, Suite 310, Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to      LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 10/31/2006
executed by AMANDA JONES A single woman

— 20061457878

and recorded in Book on Page as Instrument No. on of official Records in the County Recorder's Office of
MARICOPA County, Arizona. Recorded on 11-3-06.

Legal Description: Lot 76, Southgate, according to Book 583 of maps, page 44, records of Maricopa County, Arizona.

Mortgage Amount:      $181,920.00

Property Address:      1545 WEST BURGESS LANE   PHOENIX, AZ 85041

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'(MERS) Mortgage Electronic Registration Systems, Inc.'



BY:
NAME: Michael Mead
TITLE: Assistant Vice President

STATE OF                      Minnesota)
COUNTY OF                     Hennepin)

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument. WITNESS my hand and official seal.

Notary Public in and for said State

This instrument was drafted by Diane Meistad
Assistant Secretary, Residential Funding Company,
LLC, One Meridian Crossings, Suite 100,
Minneapolis, MN 55423, (952) 979-4000.

ARIZONA



OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2008-0704630 08/13/08 10:44 AM
1 OF 1

WHEN RECORDED MAIL TO:

After Recording Return to:
MGC Mortgage Inc
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
8C:619386

MIN: 10013554000857202
MERS Phone: 1-888-679-6377



## CORPORATION ASSIGNMENT of DEED OF TRUST

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'

1595 Spring Hill Road, Suite 310, Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to    LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 12/23/2005
executed by LIDA  CESTRO, An Unmarried Woman

and recorded in Book ___ on Page ___ as Instrument No. _20060009585_ on of official Records in the County Recorder's Office of
MARICOPA (AZ) County, Arizona. Recorded on 1/10/2006.

Legal Description: Lot 40 Arizona Homes #3 A Subdivision Recorded In Book 164, of
Maps Page 5 Records of Maricopa County, AZ.

Mortgage Amount:    $150,000.00
Property Address:    4216 N 85TH DRIVE  PHOENIX, AZ 85037

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

STATE OF                    Minnesota)
COUNTY OF                   Hennepin)

BY:
NAME: Michael Mead
TITLE: Assistant Vice President

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.'  personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument.  WITNESS my hand and official seal.

Notary Public in and for said State

This instrument was drafted by Diane Meistad
Assistant Secretary, Residential Funding Company,
LLC, One Meridian Crossings, Suite 100,
Minneapolis, MN 55423, (952) 979-4000.

**ARIZONA**



OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2008-0530230 06/16/08 01:16 PM
1 OF 1

~~When Recorded, After Recording Return to:~~
MGC Mortgage Inc
Document Control    Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
BC: 612779

MIN: 100173200110012965
MERS Phone: 1-888-679-6377

## CORPORATION ASSIGNMENT of DEED OF TRUST

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'

1595 Spring Hill Road, Suite 310, Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 7/18/2003
executed by SALVATORE DIGIOVANNI, A SINGLE MAN
                                                        DI

TO/FOR:

and recorded in Book on Page as Instrument No. 2003062269 on, of official Records in the County Recorder's Office of
Maricopa County, Arizona.                7-24-03

LEGAL DESCRIPTION: LOT 2, BLOCK 10, RANCHO DEL MONTE UNIT TWO,
ACCORDING TO BOOK 50 OF MAPS, PAGE 9, RECORDS
OF MARICOPA COUNTY, ARIZONA.

Mortgage Amount:  $132,000.00

Property Address:   3943 E MONTEROSA STREET UNITS 1 AND 2 PHOENIX, AZ 85018

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY: _____

STATE OF                        Minnesota)    NAME: Michael Mead
COUNTY OF                       Hennepin)     TITLE: Assistant Vice President

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument.  WITNESS my hand and official seal.

Notary Public in and for said State

This instrument was drafted by Diane Meistad
Assistant Secretary, Residential Funding Company,
LLC, One Meridian Crossings, Suite 100,
Minneapolis, MN 55423. (952) 979-4000.

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

**ARIZONA**

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2008-0697008 08/11/08 11:09 AM
1 OF 1

WHEN RECORDED MAIL TO:

After Recording Return to:
MGC Mortgage Inc
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
SC:619471

MIN: 100062604750390959
MERS Phone: 1-888-679-6377

## CORPORATION ASSIGNMENT of DEED OF TRUST

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'

1595 Spring Hill Road, Suite 310, Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 8/21/2007
executed by BOBBETTE COTA, A married woman, As her sole and separate property.

and recorded in Book ____ on Page ____ as Instrument No. 20070975930 on of official Records in the County Recorder's Office of
MARICOPA County, Arizona. Recorded on 8-30-07

Legal Description: Lot 1, of Tanita Farms Unit Two, according to Book 178, of Maps, Page 47,
records of Maricopa County, Arizona.

Mortgage Amount:    $183,200.00

Property Address:    4458 WEST MOUNTAIN VIEW   GLENDALE, AZ 85302

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'(MERS) Mortgage Electronic Registration Systems, Inc.'



STATE OF            Minnesota)
COUNTY OF           Hennepin)

BY: _____
NAME: Michael Mead
TITLE: Assistant Vice President

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument. WITNESS my hand and official seal.

Notary Public in and for said State

This instrument was drafted by Diane Meistad
Assistant Secretary, Residential Funding Company,
LLC, One Meridian Crossings, Suite 100,
Minneapolis, MN 55423, (952) 979-4000.

DIANE METELLO
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1/31/20XX



ARIZONA

```
OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2008-0745662 08/27/08 01:08 PM
1 OF 1
```

WHEN RECORDED MAIL TO:

After Recording Return to:
**MGC Mortgage Inc**
Document Control
7195 Dallas Parkway
Plano, Texas 75024
BC: 624425

MIN: 100194972106060365
MERS Phone: 1-888-679-6377



CORPORATION ASSIGNMENT of DEED OF TRUST          3-10-08

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'

1595 Spring Hill Road, Suite 310, Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to   LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 9/14/2006
executed by CARMEN O'ROURKE, An Unmarried Woman

TO/FOR: SFG Mortgage, a Arizona Corporation

and recorded in Book- on Page- as Instrument No, on of official Records in the County Recorder's Office of
Maricopa County, Arizona.   2006-1253814, recorded on 9-21-06

See Attached Exhibit "A"

Mortgage Amount:   $110,000.00
Property Address:   17222 NORTH PARADISE VILLAGE PARKWAY PHOENIX, AZ 85032

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY:
STATE OF                          Minnesota)     NAME: Michael Mead
COUNTY OF                         Hennepin)      TITLE: Assistant Vice President

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of (MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument. WITNESS my hand and official seal.

Notary Public in and for said State



This instrument was drafted by Diane Meistad
Assistant Secretary, Residential Funding Company,
LLC, One Meridian Crossings, Suite 100,
Minneapolis, MN 55423, (952) 979-4000.

**COMPARED**

IOWA

Pottawattamie County, IA **2008-009581**
Recorder John Sciortino
Book-Page: 2008-009581
File Time: 07/03/2008 @ 09:38:28 AM
Rec-$10.00 Aud-$0.00 RMA-$1.00 ECM-$1.00
Current Transfer Tax Paid: $0.00

R Fee _10.00_

A Fee _____

T Tax _____

---

## ASSIGNMENT OF MORTGAGE

**Prepared by and After
Recording Return To:**
MGC Mortgage Inc
7195 Dallas Parkway
Document Control, Allison Martin
Plano, TX 75024
BC: 612603
(469) 229-8600

RETURN ENVELOPE

**Assignor:**      **Residential Funding Company, LLC
One Meridian Crossings, Suite 100, Minneapolis, MN 55423-3940**

**Assignee:**      **LNV Corporation
7195 Dallas Parkway, Plano, TX 75024**

**Property Address:**      **1208 Ash Street, Council Bluffs, Iowa 51501**

**Subsequent Recordings:**

And assigned to Paragon Home Lending, LLC, 19435 West Capitol Drive, Suite 201, Brookfield, WI 53045, on January 3, 2003, Book 103, Page 41957, Instrument No 14073, here in.

And assigned to JPMorgan Chase Bank as Trustee, c/o Residential Funding Corporation, 2255 North Ontario, Suite 400, Burbank, CA 91504-3190, on August 28, 2003, Book 104, Page 11491, Instrument No 11516, here in.

And assigned to Residential Funding Company, LLC, 8400 Normandale Lake Blvd, Suite 600, Minneapolis, MN 55437-1073, on _____. Book _____, Page _____, Instrument No _____, here in.

**See page 2 for Mortgage/Deed of Trust recording information.**

IOWA

┌ ┐ ____
   ┐ ____
│ X ____

## COMPARED

After Recording Return to:
**MGC Mortgage Inc**
Document Control
7195 Dallas Parkway
Plano, Texas 75024

BC: 612603

CORPORATION ASSIGNMENT of MORTGAGE

FOR VALUE RECEIVED, 'Residential Funding Company, LLC fka Residential Funding Corporation'

One Meridian Crossings, Suite 100, Minneapolis, MN  55423-3940

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas  75024

all beneficial interest under that certain Mortgage dated 12/9/2002
executed by DONNA L ROSE *and Patrick J Rose, Wife and Husband as Joint Tenants*

TO/FOR:

and recorded in Book *103* on Page *40807* as Instrument No. *12921* on *12/17/02*
of official Records in the County Recorder's Office of *Pottawattamie* County, Iowa.

Mortgage Amount:  **$62,000.00**
PROPERTY ADDRESS:  1208 ASH STREET  COUNCIL BLUFFS, IA  51501
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Mortgage.
'Residential Funding Company, LLC fka Residential Funding Corporation'



BY:
NAME: Betty Wright
TITLE: Assistant Vice President

STATE OF                          Minnesota)
COUNTY OF                         Hennepin)

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Betty
Wright, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

(Page 1  of  1)

<div align="right">

**MICHIGAN**

</div>

LIBER 40545 PG 552



156566
LIBER 40545 PAGE 552
$10.00 MISC RECORDING
$4.00 REMONUMENTATION
08/22/2008 01:31:54 P.M. RECEIPT# 73485

PAID    RECORDED - OAKLAND COUNTY
RUTH JOHNSON, CLERK/REGISTER OF DEEDS



RECEIVED
AUG 20 2008
Ruth Johnson Register of Deeds
Oakland County, MI

---

Dated: 3/10/2008          CORPORATION ASSIGNMENT of MORTGAGE

After Recording Return to:
MGC Mortgage Inc
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
RFC Loan Number: 10727180
Seller Loan Number: 2006050100428     BC : 619335
MIN: 10017520003079665          MERS Phone: 1-888-679-6377
FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'
P.O. BOX 2026, Flint, MI 48501- 2026
the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Mortgage dated 9/25/2006
executed by MICHAEL SADLER and Tarnetta Sadler, husband and wife

100021

and recorded in Book 38261 on Page 422 as Instrument No. 255428 on 10/17/06
of official Records in the County Recorder's Office of Oakland County, Michigan.
Legal: Land in the City of Southfield, County of Oakland, State of Michigan:
Lot 116, "Pinewood Manor Subdivision", as recorded in Liber 106, Page 21 of Plats,
MORTGAGE AMOUNT: $145,000.00    Oakland County Records.
PROPERTY ADDRESS:  17499 WEST THIRTEEN MILE ROAD  SOUTHFIELD, MI  48076

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Mortgage.
PIN# 24-12-103-002        '(MERS) Mortgage Electronic Registration Systems, Inc.'
        103

                    BY:
                    NAME: Michael Mead
STATE OF            Minnesota )   TITLE: Assistant Vice President
COUNTY OF           Hennepin )

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Michael
Mead, Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known
to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he
executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon
behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

Diane M Meistad
Notary Public in and for said State

Prepared 3/10/2008 by Diane Meistad, Residential
Funding Company, LLC, One Meridian Crossings,
Suite 100, Minneapolis, MN 55423, (952) 979-4000.

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

O.K - LG

10/22/08 9:10:40 SS
BK 2,959 PG 263
DESOTO COUNTY, MS
W.E. DAVIS, CH CLERK

MISSISSIPPI

After Recording Return to:
**MGC Mortgage Inc**
Document Control
7195 Dallas Parkway
Plano, Texas 75024   BC
619 679

CORPORATION ASSIGNMENT of DEED OF TRUST

BC: 619079
RFC Loan Number: 10851938
Seller Loan Number: 0000313224
MIN: 100323700003132241         MERS Phone: 1-888-679-6377
**FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc,'**
1595 Spring Hill Rd, Ste 310 Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 1/8/2007

executed by THOMAS PRESLEY, a single man

TRUSTEE: Lenders Title & Escrow

and recorded in Book 2671 on Page 333 as Instrument No. N/A on 3-5-07
of official Records in the County Recorder's Office of DESOTO County, Mississippi.

MORTGAGE AMOUNT:   $74,400.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

**'(MERS) Mortgage Electronic Registration Systems, Inc.'**

BY: _____
NAME: Michael Mead
TITLE: Assistant Vice President

STATE OF                    Minnesota )
COUNTY OF                   Hennepin )

Personally appeared before me, the undersigned authority in and for the said county and state, on this day
3/10/2008, within my jurisdiction, the within named  Michael Mead,  who acknowledged that he/she is
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' a corporation, and that for
and on behalf of the said corporation, and as its act and deed he/she executed the above and foregoing
instrument, after first having been duly authorized by said corporation so to do.

_____
Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2010

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

NEVADA

DOC # 440573
04/03/2009        03 18 PM
Official Record
Requested By
MGC MORTGAGE INC
Lyon County - NV
Mary C Milligan - Recorder
Page 1 of 3    Fee $41 00
Recorded By CDL    RPTT

0440573

After Recording, Return to:
MGC MORTGAGE, INC.
Prepared By:

Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024

BC: 624440

## CORPORATION ASSIGNMENT OF DEED OF TRUST

### ****THIS DOCUMENT IS BEING RE-RECORDED CORRECTING CHAIN OF TITLE****

**Assignor:** Residential Funding Company, LLC.
f/k/a Residential Funding Corporation
2255 North Ontario, Suite 400, Burbank, California 91504-3190

**Assignee:** LNV CORPORATION
7195 Dallas Parkway
Plano, Texas 75024

**Property Address:** 506 LEEGARD AVENUE, SILVER SPRINGS, NV 89429

**Legal Description:** Lot 55, Block E, as shown on the Official Plat of the
CHURCHILL RANCHO ESTATES SUBDIVISION. Recorded in the County
Recorder of Lyon, State of Nevada, on November 18, 1983, as Document No. 81877,
Official Records.

NEVADA

440573   04/03/2009
002 of 3

DOC # 437170
01/26/2009   02:00 PM
Official Record
Requested By
MGC MORTGAGE

Lyon County - NV
Mary C Milligan - Recorder
Page   1   of   2   Fee   $15.00
Recorded By   MCM   RPT:T

0437170

CORPORATION ASSIGNMENT of DEED OF TRUST
Parcel : 019-466-15
RFC Loan Number  11228909
Seller Loan Number  78644630

WHEN RECORDED MAIL TO

After Recording Return to
MGC Mortgage Inc
Document Control
7195 Dallas Parkway
Plano, Texas 75024
BC: 624440

(Area above reserved for County Recorder)

FOR VALUE RECEIVED,  'Residential Funding Company, LLC fka Residential Funding Corporation'

the undersigned hereby grants, assigns and transfers to    LNV Corporation
7195 Dallas Parkway
Plano, Texas  75024

all beneficial interest under that certain Deed of Trust dated 5/16/2005
executed by RICARDO E. RIOS, A Married Man as his Sole and Separate Property .

TO/FOR  Argent Mortgage Company, LLC

and recorded in Book _____ on Page _____ as Instrument No 351432 _____ on 5-20-05
of official Records in the County Recorder's Office of  Lyon _____ County, Nevada

Property Address    505 LEEGARD AVENUE  SILVER SPRINGS, NV  89429
MORTGAGE AMOUNT  $144,500 00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust

'Residential Funding Company, LLC fka Residential Funding Corporation'

BY _____

NAME  Michael Mead

TITLE  Assistant Vice President

440573    04/03/2009    437170    01/26/2009
003 of 3              002 of 2

**NEVADA**

STATE OF                         Minnesota )
COUNTY OF                        Hennepin )

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument   WITNESS my hand and official seal

_____
Notary Public in and for said State

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000

Please mail tax statements to RICARDO RIOS 506
LEEGARD AVENUE   SILVER SPRINGS, NV
89429





NEW YORK

## NASSAU COUNTY CLERK'S OFFICE
### ENDORSEMENT COVER PAGE

Recorded Date: 10-01-2008
Recorded Time:   9:14:11 a

Liber Book: M  33272
Pages From:       483
        To:       486

     Control
     Number:   76
     Ref #:
Doc Type: M23  ASSIGN MORTGAGE

Record and Return To:
MGC MORTGAGE INC
DOCUMENT CONTROL
7195 DALLAS PARKWAY
PLANO, TX  75024

Refers to: Book: M 30238 Page: 93

| Location: | Section | Block | Lot | Unit |
|---|---|---|---|---|
| HEMPSTEAD (2820) | 0036 | 00159-00 | 00065 | |
| HEMPSTEAD (2820) | 0036 | 00159-00 | 00066 | |
| HEMPSTEAD (2820) | 0036 | 00159-00 | 00067 | |

|  | |
|---|---|
| Taxes Total | .00 |
| Recording Totals | 47.00 |
| Total Payment | 47.00 |

ALM001

### THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
MAUREEN O'CONNELL
COUNTY CLERK



200810010007b




## IN STATE ACKNOWLEDGEMENT

STATE OF                                  New York)
COUNTY OF

On 3/10/2008  before me, the undersigned, personally appeared Betty Wright, Assistant Vice
President of 'Residential Funding Company, LLC fka Residential Funding Corporation'  personally
known to me or proved to me on the basis of satisfactory evidence to be the individual whose name
is subscribed to the within instrument and acknowledged to me that s/he executed the same in
his/her authorized capacity, and that by his/her signature on the instrument the person upon behalf of
which the individual acted, executed the instrument.

_____
Notary Public in and for said State

## OUT OF STATE ACKNOWLEDGEMENT

STATE OF                                  Minnesota)
COUNTY OF                                Hennepin)

On 3/10/2008  before me, the undersigned, personally appeared Betty Wright, Assistant Vice
President of 'Residential Funding Company, LLC fka Residential Funding Corporation'  personally
known to me or proved to me on the basis of satisfactory evidence to be the individual whose name
is subscribed to the within instrument and acknowledged to me that s/he executed the same in
his/her authorized capacity, and that by his/her signature on the instrument the person upon behalf of
which the individual acted, executed the instrument and that such individual made such appearance
before the undersigned in the city of_____, state of

_____
Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

NEW YORK

RECEIVED IN
THIS CONDITION

# EXHIBIT A

BC: 637255

### Schedule A Description

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being at Roosevelt, Town of Hempstead, County of Nassau and State of New York, being known and designated as Lots numbered 65, 66 and 67 on a certain map entitled, "Third Amended Map of Lakeview Park", situated in Roosevelt, L.I., prepared July, 1936 by Baldwin & Cornelius Co., Civil Engineers and Surveyors, Freeport, L.I." and filed in the Office of the Clerk of the County of Nassau on September 5, 1936 under File Number 902, Case Number 3699, which said lots when taken together are more particularly bounded and described as follows:

BEGINNING at a point on the southerly side of West Pennywood Avenue formerly known as West Cotter Street, distant 200 feet westerly from the corner formed by the intersection of the southerly side of West Pennywood Avenue with the westerly side of Pennsylvania Avenue;

RUNNING THENCE southerly at right angles to the southerly side of West Pennywood Avenue a distance of 100 feet;

RUNNING THENCE westerly parallel with the southerly side of West Pennywood Avenue a distance of 60 feet;

RUNNING THENCE northerly again at right angles to the southerly side of West Pennywood Avenue a distance of 100 feet to the southerly side of West Pennywood Avenue;

RUNNING THENCE easterly along the southerly side of West Pennywood Avenue a distance of 60 feet to the point or place of BEGINNING.

NORTH CAROLINA



FILED     Joyce H. Pearson
Register of Deeds, Orange Co.NC
Recording Fee $20.00
NC Real Estate TX: $ 00

20080820000206960 ASGM
Bk:RB4591 Pg:598
08/20/2008 11:32:20 AM 1/3

9866-53-7097

Under __After Recording Return to:__
**MGC Mortgage Inc**
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
BC: 613503

<center>CORPORATION ASSIGNMENT of DEED OF TRUST</center>

MIN: 100105504013931863        MERS Phone: 1-888-679-6377

**FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'**

<center>**1595 Spring Hill Road, Suite 310, Vienna, VA 22182**</center>

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 4/20/2007
executed by DENISE THOMPSON GILMORE AND DANA GILMORE, WIFE AND HUSBAND
LASELLE

TO/FOR: Homecomings Financial, LLC F/K/A Homecomings Financial Network Inc.
2007061200018457o

and recorded in Book RB4303 on Page 377 as Instrument No. V on 6-12-07
of official Records in the County Recorder's Office of ORANGE County, North Carolina.
See Exhibit "A" for Legal Description and PIN

**PROPERTY ADDRESS:**  2218 HIGHWAY 86 NORTH, HILSBOROUGH, NC  27278

**Mortgage Amount:**  $124,525.00

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

<center>**'(MERS) Mortgage Electronic Registration Systems, Inc.'**</center>

BY: _____

NAME: Michael Mead

TITLE: Assistant Vice President

Prepared By: Diane Meistad
Residential Funding Company, LLC
One Meridian Crossings, Ste. 100
Minneapolis, MN 55423

NORTH CAROLINA

2008052000020695D
R84591 599   2/3

BC: 613503

STATE OF          Minnesota)
COUNTY OF          Hennepin)

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead, Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.'  personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

Notary Public in and for said State



DIANE M. MEISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2009



NORTH CAROLINA

2008082000020696O
RB4591 600  3/3

BC. 613503                    EXHIBIT "A"

ALL THAT PARCEL OF LAND IN COUNTY OF ORANGE, STATE OF NORTH CAROLINA AS
MORE FULLY DESCRIBED IN BOOK 2058 PAGE 423 AND BEING MORE PARTICULARLY
DESCRIBED AS FOLLOWS:

THAT CERTAIN TRACT OR PARCEL OF LAND LOCATED IN HILLSBOROUGH TOWNSHIP,
ORANGE COUNTY, NORTH CAROLINA, AND BEING MORE PARTICULARLY DESCRIBED AS
FOLLOWS:

BEGINNING AT A STAKE ON THE WEST SIDE OF STATE HIGHWAY NO. 86. ELBERT
HORNER'S CORNER; RUNNING THENCE WESTWARD WITH HIS LINE TO A FENCE POST;
THENCE NORTHWARD AND PARALLEL WITH HIGHWAY NO. 86 TO A PINE TREE STUMP
IN THE TORAIN'S CORNER; THENCE WITH HER LINE EAST TO AN IRON STAKE ON
THE WEST SIDE OF SAID HIGHWAY; THENCE SOUTHWARD WITH SAID HIGHWAY TO
THE BEGINNING, CONTAINING 2 AND A HALF ACRES, MORE OR LESS.

REFERENCE IS HEREBY MADE TO DEED RECORDED IN DEED BOOK 123, AT PAGE 474
OF THE ORANGE COUNTY REGISTRY.

THE ABOVE DESCRIBED PROPERTY IS THE SAME PROPERTY CONVEYED BY J.J.
HENDERSON, TRUSTEE TO H.A. HUDSON, BY TRUSTEE'S DEED DATED APRIL 5,
1961, WHICH DEED IS RECORDED IN DEED BOOK 181, AT PAGE 65 OF THE ORANGE
COUNTY REGISTRY; AND IS THE SAME PROPERTY CONVEYED BY H.A. HUDSON
(SINGLE) TO PAUL G. THOMPSON AND WIFE, GERTRUDE WADE THOMPSON, BY DEED
DATED APRIL 19, 1962, WHICH DEED IS RECORDED IN DEED BOOK 186, AT PAGE
595 OF THE ORANGE COUNTY REGISTRY, AND AS CONVEYED BY GERTRUDE WADE
THOMPSON (WIDOW OF PAUL G. THOMPSON) TO DENISE LASELLE THOMPSON BY DEED
DATED OCTOBER 9, 1998 AND RECORDED NOVEMBER 16, 1998 IN BOOK 1826, PAGE
421, ORANGE COUNTY REGISTRY, WHICH DEED WAS SUBJECT TO LIFE ESTATE OF
SAID GERTRUDE WADE THOMPSON, WHO IS NOW DECEASED, HAVING DIED APRIL 21,
1999 IN ORANGE COUNTY, NORTH CAROLINA, AS SHOWN BY CERTIFICATE OF DEATH
APPEARING IN BOOK 68, PAGE 1727, ORANGE COUNTY REGISTRY.

THIS CONVEYANCE IS BEING MADE SO AS TO VEST TITLE TO THE ABOVE-SAID
PROPERTY IN THE GRANTEES AS TENANTS-BY-THE-ENTIRETY, AND IS SUBJECT TO
RESTRICTIONS, EASEMENTS, RIGHTS OF WAY AND ENCUMBRANCES OF RECORD.

BEING THE SAME PROPERTY CONVEYED TO DENISE LASELLE THOMPSON GILMORE AND
HUSBAND, DANA GILMORE BY DEED FROM DENISE LASELLE THOMPSON GILMORE,
FORMERLY KNOWN AS DENISE LASELLE THOMPSON RECORDED 03/29/2000 IN DEED
BOOK 2058 PAGE 423, IN THE REGISTER OF DEEDS OFFICE OF ORANGE COUNTY,
NORTH CAROLINA.

APN: 9866-53-7097

PENNSYLVANIA

This Instrument was prepared by and
after recording return to:
MGC Mortgage Inc
7195 Dallas Parkway
Document Control, Allison Martin
Plano, TX 75024
469-467-5000

BC # 612748



RETURN TO

## ASSIGNMENT OF MORTGAGE

**Grantor:**      **Residential Funding Company, LLC**
                  **fka Residential Funding Corporation**
                  **One Meridian Crossing, Suite 100, Minneapolis, MN 55423-3940**

**Grantee:**      **LNV Corporation**
                  **7195 Dallas Parkway, Plano, Texas  75024**

**Property Address:  106 Wynnewood Drive, Coatesville, PA 19320**

Subsequent Recordings:

**PIN:**          **29-7-145.14**

**See Page 2 for Mortgage recording information.**

**See attached Exhibit "A" for Legal Description**

Assigned to JPMorgan Chase Bank as Trustee, c/o Residential Funding Corporation 2255 North Ontario, Suite 400, Burbank, CA 91504-3190 on March 26, 2004, Book 6102, Page 187, Instrument No., 10393616, here in.

Assigned to Residential Funding Company, LLC 8400 Normandale Lake Blvd Suite 600, Minneapolis, MN  55437-1073  on 8-18-8          , Book  7500    Page   338    , Instrument No. 10868638          , here in.

This Document Recorded
08/18/2008
09:00AM
Doc Code, ASM

Doc Id: 10868639
Receipt #: 416379
Rec Fee: 33.50
Chester County, Recorder of Deeds Office



10868639
B-7500 P-342

MGC MTG 1ES                                      08/18/2008 09:00A

PENNSYLVANIA

Prepared By & After Recording Return to:
**MGC Mortgage Inc**
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
469· 447· 5000

CORPORATION ASSIGNMENT of MORTGAGE

BC 412748

FOR VALUE RECEIVED, 'Residential Funding Company, LLC fka Residential Funding Corporation'

One Meridian Crossings, Suite 100, Minneapolis, MN  55423-3940

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
whose address is:                    Plano, Texas  75024

all beneficial interest under that certain Mortgage dated 6/20/2003
executed by ROBERT W ROBERTSON and Karen A· Robertson, Husband
and wife
TO/FOR: People's Choice Home Loans, Inc a Wyoming Corporation

and recorded in Book 5770 on Page 1887 as Instrument No. 10266345  on 7/7/03
of official Records in the County Recorder's Office of  Chester  County, Pennsylvania.

PARCEL I.D.# 29-7-445.14
MORTGAGE AMOUNT: $229,500.00
PROPERTY ADDRESS:    106 WYNNEWOOD DRIVE  COATESVILLE, PA  19320

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Mortgage.

10868639
Page 2 of 4
B-7500 P-342

MFC STG INC          08/18/2009 09:00A

**PENNSYLVANIA**

'Residential Funding Company, LLC fka Residential Funding Corporation'

BY: _____

NAME: Betty Wright

TITLE: Assistant Vice President

STATE OF                    Minnesota)
COUNTY OF                  Hennepin)

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Betty Wright, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation' personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

_____

Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

I do certify that the precise address of The Within Named (Grantor /Grantee Assignor / Assignee and mortgagee) is correct

Attested by: _____

Prepared By & After Recording Return to:

**MGC Mortgage Inc**
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024

Bc 612748

10868639
Page 3 of 4
06/18/2008 09:00A
B-7500 P-342

MGC MTG INC

PENNSYLVANIA

Exhibit "A"
Legal Description

BC 612748

ALL THAT CERTAIN lot or piece of ground, SITUATE in West Brandywine Township, Chester County, Pa., described according to a subdivision plan made by Lester R. Andres, P.E. for Wynne-Wood Ponda.

BEGINNING at a point on the Southerly line of Wynne-Wood Drive (50 feet wide) said point being the total distance of 432.64 feet from the Westerly end of a 25 feet radius curve (37.57 feet long) connecting said Wynne-wood Drive with Baker Road (50 feet wide).

THENCE South 4°57'18" West, 199.71 feet to a point, a corner;

THENCE North 85°2'42" West, 150.25 feet to a point, a corner;

THENCE North 4°57'18" East, 200.03 feet to a point, a corner;

THENCE South 85°2'42" East, 150.25 feet to the first mentioned point and place of beginning.

BEING Lot #4 on said plan.

Tax ID No.:
29-7-145.14

10868639
Page 4 of 4
B-7500 P-342

12                                    E                    ┌─────────────────┐
                                                          │     UTAH        │
                                                          └─────────────────┘

Prepared By: Diane Meistad                    ENT 88692:2008 PG 1 OF 1
Residential Funding Company, LLC              RANDALL A. COVINGTON
One Meridian Crossings, Ste. 100              UTAH COUNTY RECORDER
Minneapolis, MN 55423                         2008 Aug 08 10:20 am FEE 12.00 BY CS
(952) 979-4000                                RECORDED FOR MGC MORTGAGE INC

After Recording Return to:
MGC Mortgage Inc
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
BC: 613849

───────────────────────────────────────────────────────────────

CORPORATION ASSIGNMENT of DEED OF TRUST

MIN: 100062604737764334        MERS Phone: 1-888-679-6377

RFC Loan Number: 19145877
Seller Loan Number: 0473776433

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'
P.O. Box 2026, Flint, MI 48501-2026

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 4/24/2007
executed by FREDERICK R CARLIN JR AND MARY ELLEN CARLIN, HUSBAND AND WIFE

TO/FOR: Homecomings Financial, LLC (F/K/A) Homecomings Financial Network, Inc.)

and recorded in Book N/A      on Page N/A      as Instrument No. 63313:2007  on 4-30-07
of official Records in the County Recorder's Office of UTAH County, Utah.

LEGAL DESCRIPTION: LOT 138, GRAY FARMS SUBDIVISION PHASE 1,
AMENDED, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE
AND OF RECORD IN THE UTAH COUNTY RECORDER'S OFFICE.

MORTGAGE AMOUNT:  $370,034.00

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY: 

STATE OF                      Minnesota )    NAME: Michael Mead
COUNTY OF                     Hennepin )     TITLE: Assistant Vice President

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Michael
Mead, Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known
to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he
executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon
behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

Diane M Meistad
Notary Public in and for said State

┌──────────────────────┐
│  DIANE M. MEISTAD     │
│  NOTARY PUBLIC - MINNESOTA │
│  MY COMMISSION EXPIRES 01/31/2010 │
└──────────────────────┘

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.



TRF    2008153384

2 PGS

**TEXAS**

CORPORATION ASSIGNMENT of DEED OF TRUST

RFC Loan Number: 10585737
Seller Loan Number: 82869850

**FOR VALUE RECEIVED,  'Residential Funding Company, LLC fka Residential Funding Corporation'**

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas  75024

all beneficial interest under that certain Deed of Trust dated 9/~~26~~ 21 /2005
executed by WILLIAM GRAHAM  aka William E. Graham and Frances K. Graham

TO/FOR:  Argent Mortgage Company, LLC

and recorded in Book  n/a  on Page  n/a  as Instrument No. 2005179979 on  9/28/05
of official Records in the County Recorder's Office of  Travis  County, Texas.

✗ See attached Exhibit "A" for Legal.

MORTGAGE AMOUNT: $180,000.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'Residential Funding Company, LLC fka Residential Funding Corporation'

BY: _____
NAME: Betty Wright

STATE OF                          Minnesota          TITLE: Assistant Vice President
COUNTY OF                        Hennepin

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Betty
Wright, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

Diane M Meistad
Notary Public in and for said State

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423, (952)
979-4000.

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

~~Prepared By &~~ After Recording Mail to:
**MGC Mortgage Inc**
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas  75024
BC U 28153

TEXAS

Exhibit "A"
LEGAL DESCRIPTION

Lot 3, Block "I", CASTLEWOOD FOREST, SECTION I, a subdivision in Travis County, Texas according to the map or plat recorded in Volume 42, Page 27, of the Plat Records of Travis County, Texas.

BC 628153

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

2008 Sep 11 11:06 AM    2008153384
FERGUSONLL $20.00
DANA DEBEAUVOIR COUNTY CLERK
TRAVIS COUNTY TEXAS

Washington

MGC MORTGAGE   200807070081
Assign Of Deed Trust Rec Fee: $ 14.00
07/07/2008 10:10 AM                    Page: 1 of 1
Walter Washington, Kitsap Co Auditor

_(above reserved for recording)_

WHEN RECORDED MAIL TO:

After Recording Return to:
**MGC Mortgage Inc**  Allison Martin
Document Control
7195 Dallas Parkway
Plano, Texas  75024
BC 612415

### CORPORATION ASSIGNMENT of DEED OF TRUST

**FOR VALUE RECEIVED,  'Residential Funding Company, LLC fka Residential Funding Corporation'**

the undersigned hereby grants, assigns and transfers to



LNV Corporation
7195 Dallas Parkway
Plano, Texas  75024

all beneficial interest under that certain Deed of Trust dated 1/15/2002
executed by TRENT CROSS  AN UNMARRIED MAN

TO/FOR:

and recorded in Book N\A  on Page  N\A  as Instrument No. 200201220337 on  1/22/02
of official Records in the County Recorder's Office of Kitsap County, Washington.

Parcel ID: 4387-003-046-0005 / 4387-003-001-0008
Property Address: 18595 Division Avenue Northeast, Suquamish WA 98392
MORTGAGE AMOUNT:  $97,600.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'Residential Funding Company, LLC fka Residential Funding Corporation'

BY: _Jeanne J. Smith_

NAME: Jeanne J. Smith

TITLE: Assistant Vice President

STATE OF                        Minnesota )
COUNTY OF                       Hennepin )

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Jeanne J.
Smith, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

_Diane Mmeistad_

Notary Public in and for said State

DIANE M MEISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2010

Prepared by Diane Meistad, Residential Funding
Company, LLC, One Meridian Crossings, Suite 100,
Minneapolis, MN 55423, (952) 979-4000.

# EXHIBIT 2

**OMNI Preliminary Report**

**Suspect Jason J. Vecchio endorsements**

**Determined to be spot-on matches one to another**



# OMNI
# Document Examinations
www.docexamination.com

**Robin D. Williams, MFS, MS, D-BFDE**
**Board Certified**
rwilliams@docexamination.com

**Bonnie L. Schwid, B.S., D-BFDE**
**Board Certified**
blschwid@docexamination.com

December 4, 2014

Attorney Paul Bach
Bach Law Offices
PO Box 1285
Northbrook, Illinois   60065

### PRELIMINARY REPORT

RE: Questioned Signature on Allonge to Promissory Note

Dear Attorney Bach:

Pursuant to your request, I examined the following documents:
**Document containing the disputed signature of Jason J. Vecchio:**
Q-1     Chris Swift and Marcia Swift, Allonge, Batavia, Illinois, dated 01/26/07 (machine copy).

**Documents submitted as bearing the genuine signature(s) of Jason J. Vecchio**
(all are machine copies):
A-1     Tuli M. Wohl, Allonge, Phoenix, Arizona, dated 11/14/06.
A-2     Rhonda L. Hardwick, Allonge, Loogootee, Indiana, dated 09/30/03.
A-3     Catherine Gebhardt, Allonge, Sevierville, Tennessee, dated 11/07/02.

The purpose of the examination was to determine whether the signature in question on Item Q-1 was written in ink or if the questioned signature on Q-1 and the signatures submitted as genuine on Items A-1, A-2, A-3 were stamped signatures or photocopied signatures.

## Procedure
The examination consisted of a visual and microscopic study of the writing style, the discriminating writing characteristics, natural variations, spatial arrangement, letter formations, letter connections and other significant handwriting features.
Side-by-side comparisons were made between the questioned signature and the signatures that were used for comparison as well as overlaying the signatures on top of one another on a light box.

**Mailing Address:**
1253 Scheuring Road
Suite A
DePere, WI 54115

1001 W. Glen Oaks Ln.
Suite 219
Mequon, WI 53092

205 W. Wacker Dr.
Suite 922
Chicago, IL 60606

RE: Attorney Paul Bach
Page 2
December 4, 2014

## Opinion

The characteristics within the questioned signature on the Item Q-1, an Allonge to a Promissory Note for Chris Swift and Marcia Swift and the evidence within the comparison documents, A-1, A-2 and A-3, Allonges for Tuli M. Wohl, Rhonda L. Hardwick and Catherine Gebhardt depicts that the signatures are duplicates of one another. In order to come to a definitive opinion regarding whether one signature was written in ink or if all 4 signatures were created using a stamp or by means of photocopying, we require that the original questioned document, Q-1, be made available for examination in order to determine whether the signature in question on Q-1 was written in ink, created by a stamp or if the signature is a photocopy.

## Discussion

This examination was conducted from machine copies of the documents in question and the documents that were used for comparison. I assume that they are accurate reproductions of the original documents.

Please allow four weeks in the event that testimony will be required.


Respectfully submitted,
Omni Document Examinations


Robin D. Williams, MFS, MS, D-BFDE
*Diplomate-Board of Forensic Document Examiners*

ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE

POOL:          0          LOAN ID:   11380185

NOTE DATE:      1/26/2007      LOAN AMOUNT:       $449,500.00

BORROWER NAME:  MARCIA SWIFT & CHRIS SWIFT

PROPERTY ADDRESS:   601 SENNETT ST, BATAVIA, IL 60510

PAY TO THE ORDER OF

LNV Corporation

WITHOUT RECOURSE

Residential Funding Company, LLC

By: _____

Name: Jason J. Vecchio

Title: Post Funding Manager

Residential Funding Company, LLC

ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE

POOL:      0       LOAN ID:   10898238

NOTE DATE:   11/14/2006      LOAN AMOUNT:      $475,000.00

BORROWER NAME:   TULI M WOHL

PROPERTY ADDRESS:   1321 E LUKE AVE, PHOENIX, AZ  85014

PAY TO THE ORDER OF

**LNV Corporation**

WITHOUT RECOURSE

Residential Funding Company, LLC

By: _____

Name: Jason J. Vecchio

Title: Post Funding Manager

Residential Funding Company, LLC

03/24/2014  03:31    8127093149              GREENWICH ANTIQUES              PAGE  01/01

---

### ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS
ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE

POOL:        0          LOAN ID:    8754006

NOTE DATE:    9/30/2003      LOAN AMOUNT:        $87,550.00

BORROWER NAME:  RHONDA L HARDWICK

PROPERTY ADDRESS:   201 CHURCH ST, LOOGOOTEE, IN  47553

---

PAY TO THE ORDER OF

LNV Corporation

WITHOUT RECOURSE

Residential Funding Company, LLC

By:

Name: Jason J. Vecchio

Title: Post Funding Manager

Residential Funding Company, LLC

ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS
ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE

POOL:           0          LOAN ID:      8263393

NOTE DATE:      11/7/2002      LOAN AMOUNT:       $243,100.00

BORROWER NAME:  CATHERINE GEBHARDT

PROPERTY ADDRESS:   3753 THOMAS CROSS ROAD, SEVIERVILLE, TN  37876

PAY TO THE ORDER OF

**LNV Corporation**

WITHOUT RECOURSE

Residential Funding Company, LLC

By:

Name: Jason J. Vecchio

Title: Post Funding Manager

Residential Funding Company, LLC

1: Q-2 Allonge Signature of Jason J. Vecchio Compared to the Signature(s) of Jason J. Vecchio on the Allonges of 3 Separate Parties

Comparison Allonges from 3 other Parties

WITHOUT RECOURSE
Residential Funding Company, LLC

By:

Name: Jason J. Vecchio
Title: Post Funding Manager

C-1
Gebhardt Allonge

WITHOUT RECOURSE
Residential Funding Company, LLC

By:

Name: Jason J. Vecchio
Title: Post Funding Manager

C-2
Hardwick Allonge

WITHOUT RECOURSE
Residential Funding Company, LLC

By:

Name: Jason J. Vecchio
Title: Post Funding Manager

C-3
Wohl Allonge

Questioned Document -
Allonge for Chris Swift and Marcia Swift

WITHOUT RECOURSE
Residential Funding Company, LLC

By:

Name: Jason J. Vecchio
Title: Post Funding Manager

Q-2
Swift Allonge

2: Q-2 Allonge Signature of Jason J. Vecchio Compared to the Signature(s) of Jason J. Vecchio on the Allonges of 3 Separate Parties - COLORIZED

Q-2 Swift Allonge = GREEN
C-1 Gebhardt Allonge = RED
C-2 Hardwick Allonge = BLUE
C-3 Wohl Allonge = ORANGE







Q-2 Swift Allonge = GREEN

C-1 Gebhardt Allonge = RED

C-2 Hardwick Allonge = BLUE

C-3 Wohl Allonge = ORANGE

3: Q-2 Allonge Overlaid by the Allonges of 3 Separate Parties - with Slight Separations for Illustrative Purposes

Q-2 Swift Allonge = GREEN

C-1 Gebhardt Allonge = RED

C-2 Hardwick Allonge = BLUE

C-3 Wohl Allonge = ORANGE



4: Q-2 Allonge Overlaid by the Allonges of 3 Separate Parties - ALIGNED



Q-2 Swift Allonge = GREEN

C-1 Gebhardt Allonge = RED

C-2 Hardwick Allonge = BLUE

C-3 Wohl Allonge = ORANGE

## CURRICULUM VITAE

**Robin D. Williams B.S.A.J., M.F.S., M.S., D-BFDE**
**Board Certified Forensic Document Examiner**
**Omni Document Examinations**

1253 Scheuring Road, Suite A, De Pere, WI  54115. (920) 339-9500
1001 W. Glen Oaks Lane, Suite 219, Mequon, WI  53092. (262) 241-9100
205 W. Wacker Drive, Suite 922, Chicago, IL  60606. (312) 346-9300

## EDUCATION

*Formal Education*

- Police Science (two years), Fox Valley Technical College, Appleton, WI. 1972-74.

- Bachelor of Science degree in Administration of Justice.  The American University, Washington, D.C.1980.

- Master of Forensic Science degree, George Washington University, Washington, D.C., 1981.

- Graduate Studies in Education, University of Wisconsin-Stout, Menomonie, WI, 1985-87.

- Master of Science Degree, University of Wisconsin-Whitewater, 1996.

- Ph.D. Candidate in Safety Engineering, Kennedy-Western University, Boise, Idaho.


*Certification and Testing*

Certified by testing, by the Board of Forensic Document Examiners, (BFDE), 2008.
The BFDE is accredited by the Forensic Specialties Accreditation Board (FSAB).

Recertified by the Board of Forensic Document Examiners 2013.


*Training and Continuing Education*

- Mentored in the field of Document Examination under the direction of Document Examiners Clarence Bohn, (Retired FBI Crime Laboratory and Professor at George Washington University, Washington, D.C.)  and Viola Stevens, (Retired Wisconsin State Crime Laboratory.

- Special Studies in Forensic Photography, Armed Forces Institute of Pathology, Walter Reed Army Medical Center, Washington, D.C. (Msgt Brady and Dr. Thompson).

- College of Microscopy, Fundamentals of Microscopy Workshop for Forensic Document Examiners, McCrone College of Microscopy, Westmont, Il., October 24, 2006.

1

- Attended Association of Forensic Document Examiners 2006 continuing education symposium, October 25-28, 2006, McCrone College & Laboratory, Chicago (Westmont), Illinois.

- Rochester Institute of Technology in conjunction with the United States Secret Service Laboratory, Rochester, NY, Symposium and conference for Forensic Document Examiners, June 12-15, 2007. Topics included traditional, digital and contemporary printing processes as well as forensic identification of printing processes.

- Leadership Seminar Marian College (attended a Seminar by the Pointman Leadership Institute entitled "Principle Based Leadership, The Importance of Ethics", June 6,7, 8, 2001 held at Marian College, Fond du Lac, Wisconsin).

- Attended Association of Forensic Document Examiners 2007 continuing education symposium, September 26-29, 2007, Tucson, Arizona.

- Attended Association of Forensic Document Examiners 2008 continuing education symposium, October 17-20, 2008, Albuquerque, New Mexico.

- Attended Association of Forensic Document Examiners 2009 continuing education symposium, November 5-8, 2009, Milwaukee, Wisconsin.

- Attended Association of Forensic Document Examiners 2010 continuing education symposium, October 14-17, 2010, Phoenix, Arizona.

- Attended Association of Forensic Document Examiners 2011 continuing education symposium, November 3-8, 2011, Louisville, Kentucky.

- Attended Association of Forensic Document Examiners 2012 continuing education symposium, October 18-21, 2012, Phoenix, Arizona.

- Attended Association of Forensic Document Examiners 2013 continuing education symposium, October 10-13, 2013, Chicago (Westmont), Illinois.

- Attended "Printing Process Identification for Forensic Document Examiners" October 14, 2013, Hooke College of Applied Sciences, McCrone Institute, Westmont, Illinois.

- Attended AAFS Annual Meetings 1989, La Vegas, NV; 1990, Cincinnati, OH; 2008, Washington, D.C., and attended Workshop # 21, "The Impact of Confirmational Bias and Context Effect on Report Writing in the Forensic Science Laboratory"; Workshop # 5, " The Applications of Color Analysis and Light Theory in the Forensic Examination of Documents"; 2009 Denver, Colorado, and attended Workshop #7 " Security Documents Before and After the Crime: REAL ID, Physical and Electronic Security Features, Developments in Commercial Printing Technology, and an Introduction to Counterfeit Link Analysis"; Workshop # 18 "Standards in the Forensic Sciences: Their History, Development, and Impact on Laboratory Practice; 2010 Seattle, Washington, and attended Workshop #7, "Signature Examination: Translating Basic Science to Practice"; 2011 Chicago, Illinois, and attended Workshop #6 "Fracture Match of Papers, Tapes, and Miscellaneous Materials for Document Examiners"; Workshop #13 Indentation

2

Sequencing Workshop"; 2012 Atlanta, Georgia, and attended Workshop #20 "Flawed Forensics: Recognizing and Challenging Misleading Forensic Evidence and Disingenuous Expert Testimony". 2013 Washington, D.C., and attended Workshop #4, "Signature Examination of Healthy and Impaired Writers", 2014 Seattle, Washington, and attended Workshop #10 Bias in Forensics – "Examining the Sources and Impacts of Bias on Perceptual and Cognitive Judgments Made by Forensic Experts, Strategies for Excluding or Impeaching Expert Testimony Tainted by Bias, and Proposed Solutions for Minimizing or Inhibiting Biasing Influences"; Workshop #22, "Questioned Document Examination and Enhancement of Evidence Using Various Light and Filter Techniques".

- Attended ASTM E30-02 annual subcommittee meetings on Forensic Document Examination: 2008, 2009, 2010, 2011, 2012

- Attended ASTM E30 main committee meetings on Forensic Science: 2013, 2014

- Ongoing conferences and review of numerous books, journals, and publications in the above areas.

### *Publications*

- Contributing writer/editor Book Review/Commentary, "Scientific Examination of Questioned Documents", Second Edition, by Kelly, J.S., Lindblom, B.S. (Editors) 2006, CRC Press, Boca Raton, Fl., Published in the Journal of Forensic Document Examination Volume 21, 2011.
- Article published in the "TLMI Illuminator" publication (Tag and label Manufacturers Institute).

### *Presentations*

- Presentation of a case of Memorabilia Fraud involving Green Bay Packers Quarterback Brett Favre, at the Annual Symposium of the Association of Forensic Document Examiners, Tucson, Arizona, 2007.

- Presentation of a Workshop on Procedures for Obtaining Exemplars, at the Annual Symposium of the Association of Forensic Document Examiners, Milwaukee, Wisconsin, 2009

- Presented a Workshop Part I, on request writings related to an admitted forger involving a case between the Defendant and The University of Wisconsin, Madison, WI, at the Annual Symposium of the Association of Forensic Document Examiners, Louisville, Kentucky, 2011.

3

- Presented a Workshop Part II, on request writings related to an admitted forger involving a case between the Defendant and The University of Wisconsin, Madison WI, at the Annual Symposium of the Association of Forensic Document Examiners, Phoenix, Arizona, 2012

*Professional Experience*

- Over thirty years of professional experience as a forensic document examiner.

- Teaching and Research History, Undergraduate Level at Northeast Wisconsin Technical College, Blackhawk Technical College, Marian College and Concordia University.

- Qualified to teach the following courses:

| | |
|---|---|
| Criminalistics | Law of Arrest, Search and Seizure |
| Constitutional Law | Criminal Law |
| Courts and Jurisdiction | Administrative Law |
| History and Philosophy of Law Enforcement | Criminal Procedure |
| | Police and Technical Photography |
| Interviews, Interrogations and Confessions | Rules of Evidence |
| | Police Administration |
| Criminal Investigation | |

- Certified Law Enforcement Instructor by Wisconsin State Department of Justice/Training and Standards Bureau, 1984-2007.

| | |
|---|---|
| Constitutional Law | Interviewing & Interrogations |
| Community Resources | Investigations |
| Criminal Code | Juvenile Code |
| Criminal Justice System | Physical Evidence |
| Criminal Procedure | Professional Orientation |
| Ethics | Testifying in Court |
| Evidence Collection | Administrative Law and Procedure |

- Full Time Faculty Member Northeast Wisconsin Technical College, Police Science Program.

- Adjunct Faculty Member Blackhawk Technical College, Law Enforcement Officer's in-service program.

4

- Part Time Faculty Member, Marian University, Administration of Justice Program, Fond Du Lac, Wisconsin.
- Adjunct Professor, Concordia University, Criminal Justice Program, Appleton and Green Bay, WI.
- Lecturer in Legal Investigations and Demonstrative Evidence, Carthage College.
- Developed Chemical Reagents for Ink Testing of Photocopies.
- Court-Qualified as an expert in the fields of document examination and criminalistics.

## *Community Service*

- Police and Fire Commissioner for the Village of North Fond Du Lac, Wisconsin, 1997 to present.
- Offices held as a Police and Fire Commissioner: Secretary 1998-1999, Vice President 1999 to 2013 presently President 2013. Also served as a panel member - Employment Relations for Employment Evaluation of Police Officers and Fire Fighters.
- Engaged in leadership roles in community and church activities.
- Past President, Vice President and Board of Directors Member of Bay Area Youth Development Services Inc. (Non-Profit), 1990 - 1995.
- Appointed to Marian University School of Criminal Justice Dean's Advisory Board 2008-present.

## *Memberships*

- Association of Forensic Document Examiners (AFDE)
- American Society of Testing and Materials (ASTM) Committee E30
- The Board of Forensic Document Examiners (BFDE), Currently Treasurer of the Board

5



ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS
ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE

POOL:          0          LOAN ID:     7889719

NOTE DATE:     6/12/2002        LOAN AMOUNT:          $330,000.00

BORROWER NAME:  ROBYNNE A FAULEY

PROPERTY ADDRESS:    12125 SE SOUTHEAST LAUGHING WA, SANDY, OR  97055

PAY TO THE ORDER OF

INV Corporation

WITHOUT RECOURSE

Residential Funding Company, LLC

By

Name: Jason J. Vecchio

Title: Post Funding Manager

Residential Funding Company, LLC

Below is a close-up photo taken of the Jason Vecchio signed allonge Plaintiff examined at the Portland office of RCO Legal on December 2, 2014.



ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE.

POOL          0          LOAN ID          10335983

NOTE DATE:    2/10/2004     LOAN AMOUNT:      $176,000.00

BORROWER NAME:   DENISE  SUBRAMANIAM
PROPERTY ADDRESS:   13865 SW WALKER ROAD, BEAVERTON, OR  97005

PAY TO THE ORDER OF

**LNV Corporation**

WITHOUT RECOURSE

Residential Funding Company, LLC

By: _____

Name: Jason J. Vecchio
Title: Post Funding Manager
Residential Funding Company, LLC

Exhibit 1
Page 7 of 7

# EXHIBIT 3

**Fauley Recorded Instruments**

Exhibit 7

After Recording Return To:

**PEELE MANAGEMENT CORPORATION**
ASSIGNMENT JOB #90822
P.O BOX 30014
RENO, NV. 89520-3014
(775) 827-9600

WM Loan No. ▮▮▮▮

THIS DOCUMENT WAS PREPARED BY:

WASHINGTON MUTUAL BANK, FA
P.O. BOX 44090
JACKSONVILLE, FL  32231-9930
ATTN:  CUSTODIAL LIAISON BB-CL3

Clackamas County Official Records     2003-041141
Sherry Hall, County Clerk

$31.00

0045734320030041141002028   04/03/2003 01:21:47 PM

M TDA        Cnt=1  Stn=1  ELIZABETH
$10.00 $11.00 $10.00

---

**ASSIGNMENT OF MORTGAGE/DEED OF TRUST**

For good and valuable consideration, the sufficiency of which is hereby acknowledged, the undersigned,
**WASHINGTON MUTUAL BANK, FA**

36-005   4610

whose address is 7301 Baymeadows Way, Jacksonville, Florida  32256-6833.        (GRANTOR)
By these presents does convey, grant, bargain, sell, assign, transfer and set over to:

Deutsche Bank Trust Company Americas as Trustee
3 Park Plaza, Sixteenth Floor, Irvine, CA 92614-8539        (GRANTEE)
the described Mortgage/Deed of Trust, together with the certain note(s) described therein with all interest, all liens and any rights
due or to become due thereon.

Said Mortgage/Deed of Trust is recorded in the County of  Clackamas State of  Oregon

Official Records on:
Original Mortgagor:        **ROBYNNE  A FAULEY**

Original Loan Amount:      **$330,000.00**

Property Address:      **12125  SOUTHEAST LAUGHING  WATER ROAD, SANDY, OR 97055**

Legal Municipality:        SEE ATTACHED LEGAL DESCRIPTION
Document #:  2002-057800        BOOK:                PAGE:
Recorded  6-20-02
Date:     July 29, 2002        WASHINGTON MUTUAL BANK, FA

---

O. Simmons          Witness          M. Free          Assistant Vice President

D. Santana          Witness          Lori A. Brown          Assistant Secretary

STATE OF FLORIDA
COUNTY OF DUVAL

29TH day of  July , 2002

The foregoing instrument was acknowledged before me this
by **M. Free** and **Lori A. Brown, Assistant Vice President** and **Assistant Secretary** of Washington Mutual Bank, FA,
A Federal Savings Bank, on behalf of the corporation. He/She is personally known to me and did take an oath.

Regina W. Anderson
MY COMMISSION #DD048285 EXPIRES
October 12, 2005
Bonded Thru Troy Fain Insurance, Inc.

Regina W. Anderson        Notary Public
State of Florida At Large
My Commission Expires:        October 12, 2005

Exhibit C
Page 1 of 11



Exhibit C
Page 2 of 11



Exhibit "A"

Parcel 1, Partition Plat nO. 1999-041, in the County of
Clackamas and State of Oregon



Exhibit C
Page 3 of 11

Case 9:17-cv-80496-KAM   Document 35   Entered on FLSD Docket 02/27/2018   Page 106 of 152

Case 3:15-cv-01422-HZ   Document 1-3   Filed 07/29/15   Page 4 of 11
Case: 16-35593, 11/03/2016, ID: 10185884, DktEntry: 12-1, Page 108 of 112

7889719

Clackamas County Official Records
Sherry Hall, County Clerk
**2007-038181**

$26.00

01098354200700381810010012   05/03/2007 10:09:23 AM

M-TDA          Cnt=1  Stn=10  LESLIE
$5.00 $11.00 $10.00

Recording requested by:

When recorded mail to

Litton Loan Servicing LP
4828 Loop Central Drive
Houston, TX 77081

FATCO. NO. 1040082-01

TS # OR-07-79188-JB          Order # 3290940          Loan #: ▮▮▮▮▮▮

Space above this line for recorders use

### Assignment of Deed of Trust

For value received, the undersigned corporation hereby grants, assigns, and transfers to WASHINGTON MUTUAL BANK, FA all beneficial interest under that certain Deed of Trust dated **6/12/2002** executed by **ROBYNNE A FAULEY**, as Trustor(s) to **STEWART TITLE GUARANTY COMPANY**, as Trustee and recorded as Instrument No. **2002-057800**, on **6/20/2002**, in Book xxx, Page xxx of Official Records, in the office of the County Recorder of CLACKAMAS County, OR together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Dated:   APR 1 1 2007

Residential Funding Company, LLC

By _____   Denise Bailey
     **Assistant Secretary**

State of _Texas_          )
County of _Harris_        ) ss
                          )

**Brenda F. McKinzy**

On APR 1 1 2007 before me, _____ the
undersigned Notary Public, personally appeared _____Denise Bailey_____ personally known to me (or
proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Signature _Brenda F. McKinzy_   (Seal)

BRENDA F. MCKINZY
Notary Public, State of Texas
My Commission Expires
December 05, 2010

Exhibit C
Page 4 of 11

Clackamas County Official Rec
Sherry Hall, County Clerk

2008-074676

$41.00

0125953720080074676030037

10/31/2008 02:17:25 PM

M-TDA      Cnt=1 Stn=10 ELIZABETH
$15.00 $16.00 $10.00

BC 619 513

This Document Prepared By and
After Recording Please Return To:
MGC Mortgage, INC.
Attn: Allison Martin, Manager
Document Control
7195 Dallas Parkway
Plano, Texas 75024

## CORRECTIVE ASSIGNMENT OF DEED OF TRUST
(This Assignment is being recorded to corrected chain of assignments.)

**Grantor:** Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company) as Trustee
1761 East St. Andrew Place, Santa Ana, Ca 92705

**Grantee:** Residential Funding Company, LLC
One Meridian Crossings, Suite 100, Minneapolis, MN 55423

**Property Address:** 12125 Southeast Laughing Water Road, Sandy, OR 97055

**Legal Description:** Parcel 1, Partition Plat No. 1999-041, in the County of Clackamas and State of Oregon.

BC:619513                                    1

Exhibit C
Page 5 of 11

Case 9:17-cv-80496-KAM   Document 35   Entered on FLSD Docket 02/27/2018   Page 108 of 152

Case 3:15-cv-01422-HZ    Document 1-3    Filed 07/29/15    Page 6 of 11
Case: 16-35593, 11/03/2016, ID: 10185884, DktEntry: 12-1, Page 111 of 112

## ASSIGNMENT OF DEED OF TRUST

THIS ASSIGNMENT OF DEED OF TRUST (this "Assignment") is made by DEUTSCHE BANK TRUST COMPANY AMERICAS (formerly known as Bankers Trust Company) as Trustee, whose address is 1761 East St. Andrew Place, Santa Ana, CA 92705,  ("Assignor"), to and in favor of RESIDENTIAL FUNDING COMPANY LLC, whose address is One Meridian Crossings, Suite 100, Minneapolis, Minnesota 55423 ("Assignee").

THIS ASSIGNMENT WITNESSES THAT, in consideration of Ten Dollars ($10.00) and other good and valuable consideration paid by Assignee, Assignor hereby assigns, transfers, sets over and conveys to Assignee and its successors and assigns, without recourse and without representation or warranty, whether express, implied or created by operation of law, except as expressly set forth in the Purchase Agreement, the following:

1.  that certain Deed of Trust from Robynne A. Fauley, dated June 12, 2002, and recorded June 20, 2002, as Instrument No. 2002-057800, in the Clerk's Office of the County of Clackamas, State of Oregon, (the "Deed of Trust"), which Deed of Trust secures that certain Promissory Note dated June 12, 2002, in the original principal amount of $330,000.00, executed by Robynne A. Fauley and payable to the order of Washington Mutual Bank, FA., as modified or amended (the "Note");

2.  Assigned to Deutsche Bank Trust Company Americas as Trustee by Assignment dated July 29, 2002, recorded on April 3, 2003, as Instrument No. 2003-041141, in the Clerk's Office of the County of Clackamas, State of Oregon.

3.  Assigned to Washington Mutual by Assignment dated April 11, 2007, recorded on May 3, 2007, as Instrument No. 2007-038181, in the Clerk's Office of the County of Clackamas, State of Oregon.

4.  as such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Deed of Trust and/or the Note and/or the loan evidenced by the Note, including without limitation the title insurance policies and hazard insurance policies relating thereto that are in effect.

BC:619513

2

Exhibit C
Page 6 of 11

Case 9:17-cv-80496-KAM   Document 35   Entered on FLSD Docket 02/27/2018   Page 109 of 152

Case 3:15-cv-01422-HZ   Document 1-3   Filed 07/29/15   Page 7 of 11
Case: 16-35593, 11/03/2016, ID: 10185884, DktEntry: 12-1, Page 112 of 112

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered by its Authorized Representative as of the 27th day of October, 2008.

Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company) as Trustee, Residential Funding Company, LLC formerly known as Residential Funding Corporation Attorney-in Fact

WITNESS: Pamela L. Spencer

By: _____
Name: Michael Mead
Title:   Limited Signing Officer

WITNESS: B. Zahn

POA recorded on 2/7/2003, as Instr. No. 2003-016512.

### ACKNOWLEDGMENT

STATE OF MINNESOTA          §
                            §
COUNTY OF HENNEPIN          §

Before me, the undersigned, a Notary Public, on this day personally appeared Michael Mead, who is personally well known to me (or sufficiently proven) to be the Limited Signing Officer of Residential Funding Company, LLC formerly known as Residential Funding Corporation and the person who executed the foregoing instrument by virtue of the authority vested in him/her, and he/she acknowledged to me that he/she executed the same for the purposes and consideration therein expressed and in the capacities therein stated.

Given under my hand and seal this 27th day of October, 2008.

_____
Notary Public, State of Minnesota
My commission expires: 01-31-2008

A F F I X  NOTARY SEAL

BC:619513

3

Exhibit C
Page 7 of 11

Clackamas County Official Records
Sherry Hall, County Clerk

2008-074677

$36.00

012595392008007467700020027   10/31/2008 02:17:25 PM

M-TDA          Cnt=1 Stn=10 ELIZABETH
$10.00 $16.00 $10.00

This Document Prepared By and
After Recording Please Return To:
MGC MORTGAGE, INC.
Attn: Allison Martin, Manager
Document Control
7195 Dallas Parkway
Plano, Texas 75024

## ASSIGNMENT OF DEED OF TRUST

**Grantor:**   RESIDENTIAL FUNDING COMPANY, LLC
One Meridian Crossings, Suite 100, Minneapolis, Minnesota 55423

**Grantee:**   LNV CORPORATION
7195 Dallas Parkway, Plano, Texas 75024

**Property Address:**   12125 Southeast Laughing Water Road, Sandy, OR 97055

Legal Description: Parcel 1, Partition Plat No. 1999-041, in the County of Clackamas and State of Oregon.

BC 619513



CORPORATION ASSIGNMENT of DEED OF TRUST

RFC Loan Number: 7889719
Seller Loan Number: 4967689

FOR VALUE RECEIVED, 'Residential Funding Company, LLC fka Residential Funding Corporation'

the undersigned hereby grants, assigns and transfers to

all beneficial interest under that certain Deed of Trust dated 6/12/2002

executed by ROBYNNE A FAULEY

TO/FOR:

and recorded in Book _N/a_ on Page _N/a_ as Instrument No. _2002-057800_ on _6/20/2002_
of official Records in the County Recorder's Office of _Clackamas_ County, Oregon.

Property Address:     12125 SE SOUTHEAST LAUGHING WA  SANDY, OR  97055
MORTGAGE AMOUNT:  $330,000.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'Residential Funding Company, LLC fka Residential Funding Corporation'

| | |
|---|---|
| STATE OF | Minnesota ) | BY: _____ |
| COUNTY OF | Hennepin ) | NAME: Jeanne J. Smith |
| | | TITLE: Assistant Vice President |

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Jeanne J.
Smith, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

_____
Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2012

(Area to right reserved for Recording)

WHEN RECORDED MAIL TO:

Prepared By and when recorded
Please return to: MGC Mortgage Inc.
Document Control Dept.
7195 Dallas Parkway
Plano, TX 75024

BC 414513



Clackamas County Official Records
Sherry Hall, County Clerk                    2008-074677

$36.00

012595382     20746770     27     10/31/08 02:17:25 PM

M-TDA          Cnt=1  Stn=10  ELIZABETH
$10.00 $16.00 $10.00

Clackamas County Official Records
Sherry Hall, County Clerk                    2012-023399

$52.00

0157444420120023399002 0029     04/17/2012 12:01:27 PM

M-TDA          Cnt=1  Stn=5  CONNIEBRO
$10.00 $16.00 $16.00 $10.00

This Document Prepared By and
After Recording Please Return To:
MGC MORTGAGE, INC.
Attn: Allison Martin, Manager
Document Control
7195 Dallas Parkway
Plano, Texas 75024

## ASSIGNMENT OF DEED OF TRUST

**Grantor:**  **RESIDENTIAL FUNDING COMPANY, LLC**
**One Meridian Crossings, Suite 100, Minneapolis, Minnesota 55423**

**Grantee:**  **LNV CORPORATION**
**7195 Dallas Parkway, Plano, Texas 75024**

**Property Address:**   12125 Southeast Laughing Water Road, Sandy, OR 97055

**Legal Description: Parcel 1, Partition Plat No. 1999-041, in the County of Clackamas and State of Oregon.**

Re-recorded at the request of LNV Corporation
to add Grantee name & address on Original
Assignment.
Previously Recorded: 10/31/08, as Inst. No. 2008-074677

BC 619513

Exhibit 4
Page 1 of 2

CORPORATION ASSIGNMENT of DEED OF TRUST

RFC Loan Number: ███████
Seller Loan Number: ███████
FOR VALUE RECEIVED, 'Residential Funding Company, LLC fka Residential Funding Corporation'

the undersigned hereby grants, assigns and transfers to

*LNV Corporation*
*7195 Dallas Pkwy*
*Plano, TX 75024.*

all beneficial interest under that certain Deed of Trust dated 6/12/2002
executed by ROBYNNE A FAULEY

TO FOR:

and recorded in Book *n/a*   on Page *n/a*   as Instrument No. *2002-057800*   on *6/20/2002*
of official Records in the County Recorder's Office of *Clackamas*          County, Oregon

Property Address:   12125 SE SOUTHEAST LAUGHING WA   SANDY, OR  97055
MORTGAGE AMOUNT:   $330,000.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

**'Residential Funding Company, LLC fka Residential Funding Corporation'**

BY: _Jeanne J. Smith_
NAME: Jeanne J. Smith
TITLE: Assistant Vice President

STATE OF                 Minnesota )
COUNTY OF              Hennepin )

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Jeanne J.
Smith, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

_Diane Meistad_
Notary Public in and for said State

(Area to right reserved for Recording)

WHEN RECORDED MAIL TO:

**Prepared By and when recorded**
**Please return to:MGC Mortgage Inc.**
**Document Control Dept.**
**7195 Dallas Parkway**
**Plano, TX 75024**
GC 611513

Exhibit 4
Page 2 of 2

# EXHIBIT 4

**LNV's Purported Fauley "Note"**

Exhibit 8

LOAN #: 4967689

# NOTE

JUNE 12, 2002                    PORTLAND,                         OREGON
[Date]                             [City]                           [State]

12125 SOUTHEAST LAUGHING WATER ROAD, SANDY, OR 97055
[Property Address]

**1.  BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S.    **$330,000.00**    (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is **WASHINGTON MUTUAL BANK, FA.**

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled
to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate
of    **7.125%.**
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of
this Note.

**3.  PAYMENTS**
    **(A) Time and Place of Payments**
    I will pay principal and interest by making a payment every month.
    I will make my monthly payment on the    **1ST**    day of each month beginning on **AUGUST 1, 2002.**
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that
I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before
Principal. If, on **JULY 1, 2032,**    I still owe amounts under this Note, I will pay those amounts in full on that
date, which is called the "Maturity Date."
    I will make my monthly payments at
**P.O. BOX 7198**
**PASADENA, CA 91109-7198**

or at a different place if required by the Note Holder.
    **(B) Amount of Monthly Payments**
    My monthly payment will be in the amount of U.S.    **$2,223.27.**

**4.  BORROWER'S RIGHT TO PREPAY**
    I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a
"Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment
as a Prepayment if I have not made all the monthly payments due under this Note.
    I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to
the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the
Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the
Note Holder agrees in writing to those changes.

**5.  LOAN CHARGES**
    If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan
charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be
reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which
exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe
under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**
    **(A) Late Charge for Overdue Payments**
    If the Note Holder has not received the full amount of any monthly payment by the end of    **15**    calendar days
after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    **5.000%**    of my overdue
payment of principal and interest. I will pay this late charge promptly but only once on each late payment.
    **(B) Default**
    If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
    **(C) Notice of Default**
    If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain
date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest
that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other
means.
    **(D) No Waiver By Note Holder**
    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the
Note Holder will still have the right to do so if I am in default at a later time.
    **(E) Payment of Note Holder's Costs and Expenses**
    If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid
back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include,
for example, reasonable attorneys' fees.

Initials: _____

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3200 1/01
© 1999-2001 Online Documents, Inc.                         Page 1 of 2                         F3200NOT  0105

LOAN #: 4967685

**GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

*Robynne A Fauley*                                        (Seal)
ROBYNNE A FAULEY

PAY TO THE ORDER OF
RESIDENTIAL FUNDING CORPORATION
WITHOUT RECOURSE
WASHINGTON MUTUAL BANK, FA

BRENDA F. BRENDLE
VICE PRESIDENT

PAY TO THE ORDER OF
Deutsche Bank Trust Company Americas as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

BY
Judy Faber, Vice President

[Sign Original Only]

MULTISTATE FIXED RATE NOTE–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
© 1999-2001 Online Documents, Inc.                               **Page 2 of 2**                                          F3200NOT



BC: 619513

## NOTE ALLONGE

This Allonge is to be attached to and made a part of that certain Promissory Note made by Robynne A. Fauley, in the original principal amount of $330,000.00, dated June 12, 2002, and payable to Washington Mutual Bank, FA., as amended or modified (the "Note").

Pay to the order of Residential Funding Company, LLC, ("Assignee"), without recourse and without representation or warranty whether express, implied or created by operation of law.

DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee Company FKA Bankers Trust Company of California, N.A. as Trustee Residential Funding Company, LLC formerly known as Residential Funding Corporation Attorney-in Fact

By: _____

Michael Mead, Limited Signing Officer



ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS
ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE

POOL:            0         LOAN ID:    7869719

NOTE DATE:     6/12/2002      LOAN AMOUNT:     $330,000.00

BORROWER NAME:  ROBYNNE A FAULEY

PROPERTY ADDRESS:   12125 SE SOUTHEAST LAUGHING WA, SANDY, OR  97055

PAY TO THE ORDER OF

LNV Corporation

WITHOUT RECOURSE

Residential Funding Company, LLC

By:

Name: Jason J. Vecchio

Title: Post Funding Manager

Residential Funding Company, LLC

# EXHIBIT 5

**Certified Copy of LNV's Articles of Incorporation**

**LNV did not exist on <u>March 10, 2008</u>**

Robynne A. Fauley
12125 SE Laughing Water
Sandy, Oregon 97055
Tel: (503) 381-6937
Email: robynneafauley@gmail.com
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ROBYNNE A. FAULEY,<br>            PLAINTIFF<br><br>v.<br><br>MICHAEL W. MOSMAN et al<br><br>            DEFENDANTS | CASE NUMBER:<br>**3:17-cv-01656**<br><br><br><br>**JURY TRIAL DEMANDED** |
| FILED CONCURRENTLY WITH:<br>1) EXHIBIT A: Certified Copy of LNV's<br>Nevada Articles of Incorporation | MOTION FOR JUDICIAL NOTICE OF<br>CERTIFIED COPY OF LNV'S NEVADA<br>ARTICLES OF INCORPORATION |

PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF LNV'S ARTICLES OF INCORPORATION
CERTIFIED BY THE SECRETARY OF STATE FOR NEVADA

Plaintiff, Robynne A. Fauley, self-represented, pursuant to Local Rule 7.1 and pursuant to Federal Rule of Evidence 201 and in connection with, and in support of, and filed concurrently with Plaintiff's Response [Doc. 23] in Opposition to Defendants' Motion to Dismiss [Doc. 16]," hereby respectfully moves this Court to take judicial notice of the following Exhibit:

**Exhibit "A"** – Certified Copy of Plaintiff-Appellee's Articles of Incorporation from the Nevada Secretary of State, dated August 15, 2013, a true and correct copy of which is attached hereto as Exhibit A.

Judicial notice of the foregoing is appropriate because their contents and authenticity cannot reasonably be disputed. Under Federal Rule of Evidence, Rule 201(b), judicial notice is proper for facts

that are capable of accurate and ready determination by resorting to sources whose accuracy cannot be reasonably questioned. Matters that are appropriate for judicial notice include matters of public record (See, *Mack v. South Bay Beer Distributors, Inc.*, (9th Cir. 1986) 798 F.2d 1279, 1282). When a party has requested judicial notice and supplied the court with the necessary information, judicial notice is mandatory. (Federal Rule of Evidence, Rule 201(d)).

Plaintiff therefore requests that the Court take judicial notice of the exhibit described herein; notice of those aforementioned documents that are of public record; those documents whose contents and authenticity cannot reasonably be disputed; those documents and records of a court of record of the United States or of any state of the United States, or of any state agency.

Robynne A. Fauley
Self Represented

Dated: November 27, 2017

CERTIFICATE OF SERVICE

The above signed certifies that a true and correct copy of the foregoing document was served upon all counsel of record named below via the Court's CM/ECF system, email, and/or regular mail, and/or certified mail with return receipt requested:

Nena Cook, OSB No. 912390
E-mail: nc@aterwynne.com
Stacey E. Mark, OSB No. 872949
E-mail: sem@aterwynne.com
ATER WYNNE LLP
1331 N.W. Lovejoy Street, Suite 900
Portland, OR 97209-3280
Tel: (503) 226-1191; Fax: (503) 226-0079

Attorneys for Defendants:
Erick Haynie, Gabrielle Richards, Jeffrey Peterson, and Perkins Coie LLP

Previously filed in Case: 16-35593, 11/03/2016, ID: 10184285, DktEntry: 11; and in case 3:14-cv-01836-MO Doc. 102-8, 9/28/15

# EXHIBIT A

Certified Copy of
LNV's Articles of Incorporation

Case 9:17-cv-80496-KAM   Document 35   Entered on FLSD Docket 02/27/2018   Page 123 of 152
Case 3:14-cv-01836-MO   Document 102-8   Filed 09/28/15   Page 1 of 9
Case: 16-35593, 11/03/2016, ID: 10184286, DktEntry: 11, Page 7 of 15

## EXHIBIT H

**STATE OF NEVADA**



**ROSS MILLER**
*Secretary of State*

*SCOTT W. ANDERSON*
*Deputy Secretary*
*for Commercial Recordings*

**OFFICE OF THE
SECRETARY OF STATE**

### Certified Copy

August 15, 2013

| | |
|---|---|
| **Job Number:** | C20130812-0270 |
| **Reference Number:** | 00003998402-25 |
| **Expedite:** | |
| **Through Date:** | |

The undersigned filing officer hereby certifies that the attached copies are true and exact copies of all requested statements and related subsequent documentation filed with the Secretary of State's Office, Commercial Recordings Division listed on the attached report.

| **Document Number(s)** | **Description** | **Number of Pages** |
|---|---|---|
| 20080180715-22 | Articles of Incorporation | 8 Pages/1 Copies |

Respectfully,



**ROSS MILLER**
Secretary of State

Certified By: Joann Larson
Certificate Number: C20130812-0270
You may verify this certificate
online at http://www.nvsos.gov/

EXHIBIT
14

**Commercial Recording Division**
202 N. Carson Street
Carson City, Nevada 89701-4069
Telephone (775) 684-5708
Fax (775) 684-7138

Case 9:17-cv-80496-KAM   Document 35   Entered on FLSD Docket 02/27/2018   Page 124 of 152
Case 3:14-cv-01836-MO   Document 102-8   Filed 09/28/15   Page 2 of 9
Case: 16-35593, 11/03/2016, ID: 10184285, DktEntry: 11, Page 8 of 15

FILED

2014 JAN 34 P 5: 56

U.S. OFFICE
EASTERN



**ROSS MILLER**
Secretary of State
200 North Carson Street
Carson City, Nevada 89701-4299
(775) 684 5708
Website: secretaryofstate.biz

Filed in the office of

Ross Miller
Secretary of State
State of Nevada

| | |
|---|---|
| Document Number | 20080180715-22 |
| Filing Date and Time | 03/17/2008 9:15 AM |
| Entity Number | E0169702008-8 |

## Articles of Incorporation
### (PURSUANT TO NRS 78)

USE BLACK INK ONLY - DO NOT HIGHLIGHT                ABOVE SPACE IS FOR OFFICE USE ONLY

| | |
|---|---|
| 1. **Name of Corporation:** | LNV Corporation |
| 2. **Resident Agent Name and Street Address:** *(must be a Nevada address where process may be served)* | The Corporation Trust Company of Nevada |
| | Name |
| | 6100 Neil Road, Suite 500    Reno    Nevada    89511 |
| | (MANDATORY) Physical Street Address    City    Zip Code |
| | (OPTIONAL) Mailing Address    City    State Zip Code |
| 3. **Shares:** *(number of shares corporation is authorized to issue)* | Number of shares with par value:  10,000  Par value per share: $ 0.01  Number of shares without par value: |
| 4. **Names & Addresses of the Board of Directors/Trustees:** *(each Director/Trustee must be a natural person at least 18 years of age; attach additional page if more than 3 directors/trustees)* | 1.  Jacob Cherner |
| | Name |
| | 7195 Dallas Parkway    Plano    TX  75024 |
| | Street Address    City    State  Zip Code |
| | 2. |
| | Name |
| | Street Address    City    State  Zip Code |
| | 3. |
| | Name |
| | Street Address    City    State  Zip Code |
| 5. **Purpose:** *(optional - see instructions)* | The purpose of this Corporation shall be: Any lawful act, activity, or business for which corporations may be formed under Nevada law. |
| 6. **Name, Address and Signature of Incorporator:** *(attach additional page if more than 1 incorporator)* | M. Elaine Meyers  [signature]  Name    Signature  1445 Ross Avenue, Suite 3700    Dallas    TX  75202  Address    City    State Zip Code |
| 7. **Certificate of Acceptance of Appointment of Resident Agent:** | I hereby accept appointment as Resident Agent for the above named corporation.  X [signature]  Michael E. Jones  3-17-08  Authorized Signature of R. A. or On Behalf of R. A. Company  (Assistant Secretary)  Date |

This form must be accompanied by appropriate fees.

Nevada Secretary of State Form 78 Articles 2007
Revised on 11/31/07

Exhibit H page 2

Case 9:17-cv-80496-KAM   Document 35   Entered on FLSD Docket 02/27/2018   Page 125 of 152
Case 3:14-cv-01836-MO   Document 102-8   Filed 09/28/15   Page 3 of 9
Case: 16-35593, 11/03/2016, ID: 10184285, DktEntry: 11, Page 9 of 15

FILED

2014 JAN 34 P 5: 57

U.S. DISTRICT COURT
EASTERN DIST TENN

## ARTICLES OF INCORPORATION
### OF
### LNV CORPORATION

**FIRST:**  The name of the corporation is LNV Corporation (the "Corporation").

**SECOND:**  The resident agent of the Corporation within the State of Nevada is The Corporation Trust Company of Nevada, located at 6100 Neil Road, Suite 500, Reno, Washoe County, Nevada 89511.

**THIRD:**  The Corporation may engage in any lawful act, activity and/or business for which corporations may be organized under the General Corporation Law of the State of Nevada.

**FOURTH:**  The aggregate number of shares which the Corporation is authorized to issue is 10,000 shares of Common Stock with a par value of one cent ($0.01) per share.

The preferences, qualifications, limitations, restrictions and the special or relative rights in respect of the shares of this class are as follows:

A.  Subject to the provisions of law, dividends may be paid on the Common Stock of the Corporation at such time and in such amounts as the Board of Directors may deem advisable.  Each share of the Common Stock shall be entitled to one vote on each matter submitted to a vote at a meeting of stockholders.

B.  (i) Subject to the provisions of law and the foregoing provisions of these Articles of Incorporation, the Corporation may issue shares of its Common Stock from time to time for such consideration (not less than the par value or stated value thereof) *as may be fixed by the Board of Directors, which is expressly authorized to fix the same in its absolute and*

-1-

70256.000212 HW_US 25487014v1

FILED

uncontrolled discretion subject to the foregoing conditions. Shares of the Common Stock so

issued for which the consideration has been paid or delivered to the Corporation shall be deemed

fully paid stock and shall not be liable to any further call or assessment thereon and the holders

of such shares shall not be liable for any further payments in respect of such shares.

 (ii) Cumulative voting by any stockholder is hereby expressly denied.

 **FIFTH:**  The members of the governing board shall be styled directors and the number

thereof shall be fixed as provided by the Bylaws of the Corporation but shall not in any event be

less than one (1); provided that the number so fixed as provided by the Bylaws may be increased

or decreased from time to time as provided by the Bylaws.

 The name and office address of the initial member of the Board of Directors, which shall

consist of one (1) member, are as follows:

| Name | Office Address |
|------|----------------|
| Jacob Cherner | 7195 Dallas Parkway<br>Plano, Texas 75024 |

 **SIXTH:**  The name and address of the sole incorporator signing the Articles of

Incorporation are as follows:

| Name | Address |
|------|---------|
| M. Elaine Meyers | 1445 Ross Avenue<br>Suite 3700<br>Dallas, Texas 75202 |

 **SEVENTH:**  The Corporation shall have perpetual existence.

 **EIGHTH:**  A.  The Board of Directors is expressly authorized to make, alter or amend

the Bylaws of the Corporation.

-2-

70256.000212 HW_US 25487014v1

Case 9:17-cv-80496-KAM   Document 35   Entered on FLSD Docket 02/27/2018   Page 127 of 152
Case 3:14-cv-01836-MO   Document 102-8   Filed 09/28/15   Page 5 of 9
Case: 16-35593, 11/03/2016, ID: 10184285, DktEntry: 11, Page 11 of 15

FILED

B.     Authority is hereby expressly granted to and vested in the Board of Directors to issue notes, bonds, debentures, warrants and other obligations of the Corporation convertible into stock of such class or bearing such warrants or other evidence of optional rights to purchase and/or subscribe to stock of such class and issued and convertible upon such terms and conditions and in such manner as may be fixed and stated by the resolution or resolutions from time to time adopted providing for the issuance thereof.

C.     The Board of Directors shall be authorized to exercise all such powers and do all such things and acts as may be exercised or done by the Corporation, subject to the provisions of the laws of the State of Nevada, of these Articles of Incorporation and of the Bylaws of the Corporation.

NINTH:   No contract or other transaction between the Corporation and any other corporation and no other act of the Corporation shall, in the absence of fraud, be invalidated or in any way affected by the fact that any of the stockholders, directors or officers of the Corporation are pecuniarily or otherwise interested in such contract, transaction, or other act, or are stockholders, directors or officers of such Corporation.  Any stockholder, director or officer of the Corporation, individually, or any firm or association of which any such stockholder, director or officer may be a member, may be a party to, or be pecuniarily or otherwise interested in, any contract or transaction of the Corporation, provided that the fact that he individually or such firm or association is so interested shall be disclosed or shall have been known to the Board of Directors or a majority of such members thereof as shall be present at any meeting of the Board of Directors at which action upon any such contract or transaction shall be taken; and any director of the Corporation who is a stockholder, director or officer of such other corporation or who is so interested may be counted in determining the existence of a quorum at any meeting of the Board of Directors which shall authorize any such contract or transaction and may vote

-3-

70256.000212 HW_US 25487014v1

Case 9:17-cv-80496-KAM   Document 35   Entered on FLSD Docket 02/27/2018   Page 128 of 152
Case 3:14-cv-01836-MO   Document 102-8   Filed 09/28/15   Page 6 of 9
Case: 16-35593, 11/03/2016, ID: 10184285, DktEntry: 11, Page 12 of 15

FILED

threat to authorize such contract or transaction, every stockholder, director or officer of the Corporation being hereby relieved from any disability which might otherwise prevent him from carrying out transactions with or contracting with the Corporation for the benefit of himself or any firm or corporation, association, trust or organization in which or with which he may be in any way interested or connected.

TENTH:  A. The Corporation may indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, except an action by or in the right of the Corporation, by reason of the fact that he is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or is or was serving at the request of the Corporation as a director, officer, trustee, employee or agent of another corporation, partnership, joint venture, trust, or other enterprise, against expenses, including attorney fees, judgments, fines and amounts paid in settlement, actually and reasonably incurred by him in connection with such action, suit or proceeding if such person acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interest of the Corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe  his conduct was unlawful.  The termination of any action, suit or proceeding by judgment, order, settlement, or conviction, or on a plea of nolo contendere or its equivalent does not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the Corporation, and that with respect to any criminal action or proceeding, he had reasonable cause to believe that his conduct was unlawful.

B.    The Corporation may indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the

-4-

70256.000212 HW_US 25487014v1

FILED

2014 JAN 34 P 5: 57

U.S. DISTRICT COURT

right of the Corporation to procure a judgment in its favor by reason of the fact that he is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, trustee, agent or employee of another corporation, partnership, joint venture, trust or other enterprise against expenses, including amounts paid in settlement and attorneys' fees actually and reasonably incurred by him in connection with the defense or settlement of the action or suit if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Corporation.  Indemnification may not be made for any claim, issue or matter as to which such person has been adjudged by a court of competent jurisdiction, after exhaustion of all appeals therefrom, to be liable to the Corporation or for amounts paid in settlement to the Corporation, unless and only to the extent that the court in which the action or suit was brought or other court of competent jurisdiction determines upon application that in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the court deems proper.

    C.    To the extent that a director, officer, employee or agent of the Corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections A and B, or in defense of any claim, issue or matter therein, he shall be indemnified against expenses, including attorneys' fees, actually and reasonably incurred by him in connection with the defense.

    D.    Expenses incurred in defending a civil or criminal action, suit or proceeding may be paid by the Corporation in advance of the final disposition of such action, suit or proceeding as authorized by the Board of Directors.

    E.    The indemnification provided by this section shall not be deemed exclusive of any other right to which those seeking indemnification may be entitled under any bylaw, agreement, vote of stockholders or disinterested directors, or otherwise, both as to action

-5-

70256.000212 HW_US 25487014v1

Case 9:17-cv-80496-KAM   Document 35   Entered on FLSD Docket 02/27/2018   Page 130 of 152
Case 3:14-cv-01836-MO   Document 102-8   Filed 09/28/15   Page 8 of 9
Case: 16-35593, 11/03/2016, ID: 10184285, DktEntry: 11, Page 14 of 15

FILED

2014 JAN 34 P 1:57

U S DISTRICT

in his official capacity and as to his action in other capacities while holding such office and shall

continue as to a person who has ceased to be a director, officer, trustee, employee or agent and

shall inure to the benefit of the heirs, executors and administrators of such a person.

       F.    The Corporation shall have power to purchase and maintain insurance on

behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is

or was serving at the request of the Corporation as a director, officer, trustee, employee or agent

of another corporation, partnership, joint venture, trust or other enterprise against any liability

asserted against him or incurred by him in any such capacity or arising out of his status as such,

whether or not the Corporation would have the power to indemnify him against such liability

under the provisions of this section.

      ELEVENTH:  No director or officer of the Corporation shall have personal liability to

the Corporation or its stockholders for damages for breach of fiduciary duty as director or officer

unless the liability arises out of: (a) acts or omissions which involve intentional misconduct,

fraud or knowing violation of law; or (b) the payment of distributions in violation of NRS

78.300.

      TWELFTH:  No stockholder of this Corporation shall, by reason of his holding shares

of any class of stock, have any preemptive or preferential right to purchase or subscribe to any

shares of any class of stock of this Corporation, now or hereafter to be authorized, or any notes,

debentures, bonds or other securities convertible into or carrying options or warrants to purchase

shares of any class of stock, now or hereafter to be authorized, whether or not the issuance of any

such shares, or such notes, debentures, bonds or other securities would adversely affect the

dividend or voting rights of such stockholder, other than such rights, if any, as the Board of

Directors, in its discretion from time to time, may grant, and at such price as the Board of

Directors, in its discretion, may fix; and the Board of Directors may cause to be issued shares of

-6-

70256.000212 HW_US 25487014v1

FILED

any class of stock of this Corporation, or any notes, debentures, bonds or other securities
convertible into or carrying options or warrants to purchase shares of any class of stock without
offering any such shares or other securities, either in whole or in part, to the existing
stockholders of any class of stock.

**THIRTEENTH:** The Corporation reserves the right to amend, alter, change or repeal
any provision contained in the Articles of Incorporation, in the manner now or hereafter
prescribed by statute, and all rights conferred upon stockholders herein are created subject to this
reservation.

I, THE UNDERSIGNED, being the sole incorporator hereinbefore named, for the
purpose of forming a corporation pursuant to the General Corporation Law of the State of
Nevada, do make and file these Articles of Incorporation, hereby declaring and certifying that the
facts herein stated are true, and accordingly have hereunto set my hand this __17th__ day of
March, 2008.

M. Elaine Meyers

The Corporation Trust Company of Nevada hereby accepts appointment as Resident Agent for
the above named corporation.

THE CORPORATION TRUST COMPANY OF NEVADA

By: _____
Resident Agent

Michael E. Jones
Assistant Secretary

-7-

70256.000212 HW_US 25487014v1

# EXHIBIT 6

**LNV's Purported Subramaniam "Note"**

Loan Number 10097572

## ADJUSTABLE RATE NOTE
**(LIBOR Six-Month Index (As Published In The Wall Street Journal)-Rate Caps)**
**Including Prepayment Penalty**

### NOTICE TO BORROWER
**Do not sign this loan agreement before you read it.  This loan agreement provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement (Ore Rev Stat §82.160; Or Admin R §441-870-0040.)**

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

| 02/10/2004 | IRVINE | CALIFORNIA |
|---|---|---|
| [Date] | [City] | [State] |

**13865 SW WALKER ROAD, Beaverton, OREGON 97005**
[Property Address]

**1.   BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ 176,000.00  (this amount is called "Principal"), plus interest, to the order of Lender.  Lender is PEOPLE'S CHOICE HOME LOAN, INC. a WYOMING CORPORATION.

I will make all payments under this Note in the form of cash, check or money order.
I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.   INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.990% . The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3.   PAYMENTS**
**(A) Time and Place of Payments**
I will pay principal and interest by making a payment every month.
I will make my monthly payments on the 1st day of each month beginning on April 1, 2004. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on March 1, 2034, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O.Box 512809, Los Angeles, CA 90051-5128 or at a different place if required by the Note Holder.
**(B) Amount of My Initial Monthly Payments**
Each of my initial monthly payments will be in the amount of U.S. $ 1,169.76 . This amount may change.

**(C) Monthly  Payment Changes**
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4.   INTEREST RATE AND MONTHLY PAYMENT CHANGES**
**(A) Change Date(s)**
The interest rate I will pay may change on the 1st day of March, 2006  and every  6th month(s) thereafter. Each date on which my interest rate could change is called a "Change Date."

Initials: _____

Exhibit 1
Page 1 of 7

with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as the Wall Street Journal. The most recent Index figure available as of the   date 45 days before each ....ate is called the "Current Index."

....he Index is no longer available, the Note Holder will choose a new index that is based upon comparable ....ation. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding five and one-quarter percentage points ( 5.250% ) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than  9.990% or less than 6.990 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one  percentage point(s) ( 1.000% ) from the rate of interest I have been paying for the preceding 6  months.

My interest rate will never be greater than 12.990%.   My interest rate will never be less than 6.990%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only before it is due is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments then due under this Note.

The Note Holder will use my Prepayment to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to any accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial prepayment may be offset by an increase in the interest rate.

If within Twenty-four (24) months from the date of execution of the Security Instrument, I make full Prepayment or partial Prepayment, and the total of such Prepayment(s) in any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan, I will pay a Prepayment charge in an amount equal to 6 months' advance interest on the amount by which the total of my Prepayment(s) within that 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan.

Exhibit 1
Page 2 of 7

GES

...hich applies to this loan and which sets maximum loan charges, is finally interpreted so that the ...er loan charges collected or to be collected in connection with this loan exceed the permitted limits, ...y such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted ...b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note ...ay choose to make this refund by reducing the Principal I owe under this Note or by making a direct ...t to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

**8. GIVING OF NOTICES**

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Exhibit 1
Page 3 of 7

SECURED NOTE

is a uniform instrument with limited variations in some jurisdictions. In addition to the protections ... Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), ... me date as this Note, protects the Note Holder from possible losses that might result if I do not keep ... es that I make in this Note. That Security Instrument describes how and under what conditions I may ... ed to make immediate payment in full of all amounts I owe under this Note. Some of those conditions ... follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a ... tural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.**

_____ (Seal)           _____ (Seal)
DENISE SUBRAMANIAM       -Borrower                                   -Borrower

_____ (Seal)           _____ (Seal)
                         -Borrower                                   -Borrower

_____ (Seal)           _____ (Seal)
                         -Borrower                                   -Borrower

_____ (Seal)           _____ (Seal)
                         -Borrower                                   -Borrower

[Sign Original Only]

☒ LaSalle Bank National Association, as Trustee
for certificateholders of Bear Stearns Asset
Backed Securities I LLC Asset Backed
Certificates Series 2004-HE4\

"PAY TO THE ORDER OF

"Without recourse"
PEOPLE'' CHOICE HOME LOAN, INC.
A Wyoming Corporation

By

Title:

Dana Lantry
Asst. Vice President

Exhibit 1
Page 5 of 7

# Allonge

Account Number:        10097572

Borrower(s):           Denise Subramaniam


Address:               13865 SW Walker Road
                       Beaverton, OR 97005


Note Amount:           $ 176,000.00

Closing Date:          02/10/2004


"Pay to the Order of:

RESIDENTIAL FUNDING COMPANY, LLC


Without recourse"


PEOPLE'S CHOICE HOME LOAN INC.

A Wyoming Corporation

By: _____

Dana Lantry
Vice President

Exhibit 1
Page 6 of 7

ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE

POOL:        0          LOAN ID:    10335983

NOTE DATE:        2/10/2004        LOAN AMOUNT:        $176,000.00

BORROWER NAME:   DENISE  SUBRAMANIAM

PROPERTY ADDRESS:   13865 SW WALKER ROAD, BEAVERTON, OR  97005

PAY TO THE ORDER OF

**LNV Corporation**

WITHOUT RECOURSE

Residential Funding Company, LLC

By:

Name: Jason J. Vecchio

Title: Post Funding Manager

Residential Funding Company, LLC

Exhibit 1
Page 7 of 7

# EXHIBIT 7

**Subramaniam Recorded Instruments**



Washington County, Oregon
06/28/2006 03:24:13 PM   **2006-077542**
D-MA        Cnt=1  Stn=22  I REED
$10.00 $6.00 $11.00 - Total = $27.00

00974310200600775420020021

I, Richard Hobernicht, Director of Assessment and
Taxation and Ex-Officio County Clerk for Washington
County, Oregon, do hereby certify that the within
instrument of writing was received and recorded in the
book of records of said county.

Richard W. Hobernicht, Director of Assessment and
Taxation, Ex-Officio County Clerk

**RECORD AND RETURN TO**
GMAC-RFC
One Meridian Crossing, Suite #100
Minneapolis, MN 55423
RECORD CENTER AND DOCUMENT
ROUTING 03-03-40
Litton # 18099663

# ASSIGNMENT OF DEED OF TRUST  10335983

For Value Received, PEOPLE'S CHOICE HOME LOAN, INC., a WYOMING CORPORATION

, holder of a Deed of Trust (herein "Assignor") whose address is
7515 IRVINE CENTER DR., IRVINE, CA  92618

, does hereby grant, sell, assign, transfer and convey, unto Homecomings Financial Network, Inc.

, a corporation organized and existing under the laws of (herein "Assignee"),
whose address is ONE MERIDIAN CROSSING, Suite 100, MINNEAPOLIS, MN  56423 ,
a certain Deed of Trust, dated 02/10/2004 , made and executed by
DENISE SUBRAMANIAM

to Paul S. Cosgrove, Lindsay Harte, Law Off ,

Trustee, upon the
following described property situated in WASHINGTON , State
of Oregon:
SEE XLEGAXX DESCRIPTION ATTACHEDX HERETOX ANDX MADEX A PARTX HEREOFX ASX EXHIBITX XX
(A.P.N. #: R29757)
LEGAL DESCRIPTION:
LOT 4, BLOCK 2, DEVONSHIRE, IN THE COUNTY OF WASHINGTON AND STATE OF OREGON.

such Deed of Trust having been given to secure payment of ONE HUNDRED SEVENTY-SIX THOUSAND
AND 00/100                                ($ 176,000.00        )
(Include the Original Principal Amount)
which Deed of Trust is of record in Book, Volume, or Liber No. , at page (or
as No. 2004-019437 ) of the          Records of WASHINGTON
County, State of Oregon, together with the note(s) and obligations therein described, the money due and to
become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.
**Oregon Assignment of Deed of Trust**
**with Acknowledgment**

VMP-995W(OR) (9711).04        11/97
Page 1 of 2
VMP MORTGAGE FORMS - (800)521-7291

# 10097572

TO HAVE AND TO HOLD, the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on 12-29-05

Witness  John Cardenas

Witness  CARMEL MULLINS

Attest

Seal:

PEOPLE'S CHOICE HOME LOAN, INC., a WYOMING CORPORATION

(Assignor)

By: _____
                    (Signature)

Dana Lantry
Asst. Vice President

This Instrument Prepared By: First American Title Insurance Company   , address:200 SW Market. #150, Portland, OR 97201                      , tel. no.:(503)790-7890

State of CALIFORNIA
County of ORANGE

This instrument was acknowledged before me on 12-29-2005

by DANA LANTRY, Asst. VICE PRESIDENT

as          PEOPLE's CHOICE HOME LOAN INC.                    of

Sergio Lomeli

VMP®-995W(OR) (9711).04

#10097572

Page 2 of 2

SERGIO LOMELI
Commission # 1372949
Notary Public - California
Orange County
My Comm. Expires Sep 1, 2006

RECORDING REQUESTED BY:

AND WHE RECORDED MAIL TO:

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON  CA  92022-9004

Washington County, Oregon   **2006-077543**
06/28/2006 03:24:13 PM
D-MST        Cnt=1  Stn=22  I REED
$10.00 $6.00 $11.00 - Total = $27.00

00974311200600775430020028

I, Richard Hobernicht, Director of Assessment and
Taxation and Ex-Officio County Clerk for Washington
County, Oregon, do hereby certify that the within
instrument of writing was received and recorded in the
book of records of said county.
Richard W. Hobernicht, Director of Assessment and
Taxation, Ex-Officio County Clerk

_____Space Above This Line For Recorder's use_____

Loan No.: XXXX9663
T.S. No.: 1077668-09

# SUBSTITUTION OF TRUSTEE

WHEREAS, DENISE SUBRAMANIAM        was the original Grantor, PAUL S. COSGROVE, LINDSAY
HARTE, LAW OFF was the original Trustee and PEOPLE'S CHOICE HOME LOAN, INC.        was the
original Beneficiary under that certain Deed of Trust dated February 10, 2004 and recorded on March 01, 2004
as Instrument No. 2004-019937, in Book XX, Page XX of the Official Records of WASHINGTON County,
Oregon and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in the place and
stead of present Trustee thereunder,

NOW, THEREFORE, HOMECOMINGS FINANCIAL NETWORK, INC.        hereby substitutes CAL-
WESTERN RECONVEYANCE CORPORATION, A licensed Oregon Escrow agent and a California
Corporation whose corporate address is 525 EAST MAIN STREET, P.O. BOX 22004, EL CAJON  CA
92022-9004 as a Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the
singular number includes the plural.

# SUBSTITUTION OF TRUSTEE

Loan No.: XXXX9663
T.S No.: 1077668-09

Litton Loan Servicing LP
Attorney in Fact

DATED: *March 18, 2006*

HOMECOMINGS FINANCIAL NETWORK, INC.

DEBRA LYMAN
VICE PRESIDENT

State of *Texas*
County of *Harris*

On *March 20, 2006* before me,
LAURA HERRERA,
a Notary Public in and for said state, personally appeared
DEBRA LYMAN, VICE PRESIDENT,
personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal.                    (This area for Official notary seal)

Signature _____

Laura Herrera
Notary Public State of Texas
My Commission Expires
06-14-2008

Washington County, Oregon **2006-077544**
06/28/2006 03:24:13 PM
D-MDES       Cnt=1 Stn=22 I REED
$20.00 $6.00 $11.00 - Total = $37.00

```
0097431320060077544004 0048
```

I, Richard Hobernicht, Director of Assessment and
Taxation and Ex-Officio County Clerk for Washington
County, Oregon, do hereby certify that the within
instrument of writing was received and recorded in the
book of records of said county.

**Richard W. Hobernicht, Director of Assessment and
Taxation, Ex-Officio County Clerk**

AFTER RECORDING RETURN TO:

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON  CA  92022-9004
(619)590-9200

_____(Recorder's Use)_____

# NOTICE OF DEFAULT AND ELECTION TO SELL

Loan No.: XXXX9663
T.S. No.: 1077668-09

Reference is made to that certain trust deed made by
DENISE SUBRAMANIAM
as grantor,
to PAUL S. COSGROVE, LINDSAY HARTE, LAW OFF
as trustee,
in favor of PEOPLE'S CHOICE HOME LOAN, INC.
as beneficiary, dated February 10, 2004, recorded March 01, 2004, in the official records of WASHINGTON
County, Oregon, in book/reel/volume No. XX at page XX, fee/file/instrument/microfilm/reception No. 2004-
019937 (indicate which), covering the following described real property situated in said County and State, to-
wit:
LOT 4, BLOCK 2, DEVONSHIRE, IN THE COUNTY OF WASHINGTON AND STATE OF OREGON.

CAL-WESTERN RECONVEYANCE CORPORATION
as Trustee, hereby certifies that no assignments of the trust deed by the trustee or by the beneficiary and no
appointments of a successor-trustee have been made except as recorded in the mortgage records of the county
or counties in which the above described real property is situated;  further, that no action, suit or proceeding
has been instituted to recover the debt, or any part thereof, now remaining secured by the said trust deed, or, if
such action or proceeding has been instituted, such action or proceeding has been dismissed except an action
to appoint a receiver pursuant to ORS 86.010, or the foreclosure of another trust deed, mortgage, security
agreement or other consensual or nonconsensual security interest or lien securing repayment of this debt.

    There is a default by the grantor or other person owing an obligation, or by their successor-in-interest, the
performance of which is secured by said trust deed with respect to provisions therein which authorize sale in
the event of default of such provision;  the default for which foreclosure is made is grantor's:

NODOR.DOC                              Rev. 4/07/06                                    Page 1 of 3

# NOTICE OF DEFAULT AND ELECTION TO SELL

Loan No.: XXXX9663
T.S. No.: 1077668-09

Failure to pay the monthly payment due January 1, 2006 of principal and interest and subsequent installments due thereafter; plus late charges; together with all subsequent sums advanced by beneficiary pursuant to the terms and conditions of said deed of trust.

Monthly Payment: $1,169.76  Monthly Late Charge: $58.49
By reason of said default, the beneficiary has declared all obligations secured by said trust deed immediately due and payable said sums being the following, to-wit:
    The principal sum of $172,780.69 together with interest thereon at the rate of the rate of 6.990% per annum, from December 01, 2005 until paid; plus all accrued late charges thereon; and all trustee's fees, foreclosure costs and any sums advanced by the beneficiary pursuant to the terms and conditions of said deed of trust.

    Notice is hereby given that the beneficiary and trustee, by reason of said default, have elected and do hereby elect to foreclose said trust deed by advertisement and sale pursuant to Oregon Revised Statutes Sections 86.705 to 86.795, and to cause to be sold at public auction to the highest bidder for cash funds the interest in the said described property which the grantor had, or had the power to convey, at the time of the execution by him of the trust deed, together with any interest the grantor or his successors in interest acquired after execution of the trust deed to satisfy the obligations secured by said trust deed and the expenses of the sale, including the compensations of the trustee as provided by law, and the reasonable fees of trustee's attorneys.

    Said sale will be held at the hour of 1:00pm, Standard of Time as established by Section 187.110 of Oregon Revised Statutes on November 02, 2006 at the following place:
AT THE GRIFFITH DRIVE ENTRANCE TO BEAVERTON CITY HALL
4755 SW GRIFFITH DRIVE
in the City of BEAVERTON County of WASHINGTON, State of Oregon, which is the hour, date and place fixed by the trustee for said sale.

    Other than as shown of record neither the said beneficiary nor the said trustee has any actual notice of any person having or claiming to have any lien upon or interest in the real property hereinabove described subsequent to the interest of the trustee in the trust deed, or of any successor in interest to the grantor or of any lessee or other persons in possession of or occupying the property:

    Notice is further given that any person named in Section 86.753 of Oregon Revised Statutes has the right to have the foreclosure proceeding dismissed and the trust deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of said principal as would not then be due had no default occurred), together with costs, trustee's and attorney's fee by curing any other default complained of in the Notice of Default by tendering the performance required under the obligation or trust deed, at any time prior to five days before the date last set for sale.

# NOTICE OF DEFAULT AND ELECTION TO SELL

Loan No.: XXXX9663
T.S. No.: 1077668-09

In construing this notice, the masculine gender includes the feminine and the neuter, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other persons owing an obligation, the performance of which is secured by said trust deed, the words "trustee" and "beneficiary" include their respective successors in interest, if any.

CAL-WESTERN RECONVEYANCE CORPORATION

By/Signature: _____

**Lorrie Womack, A.V.P.**

June 26, 2006

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO}SS

On 06/26/2006 before me, **Tammy Wilde** a Notary Public in and for said state, personally appeared **Lorrie Womack, A.V.P.** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____



TAMMY WILDE
Commission # 1453123
Notary Public - California
San Diego County
My Comm. Expires Nov 24, 2007

NODOR.DOC                    Rev. 4/07/06                    Page 3 of 3

TS # 1082285-09

EXHIBIT "A"

PARCEL I:

PART OF THE STEPHEN M. WALKER DONATION LAND CLAIM NO. 52 IN SECTION 13, TOWNSHIP 2 SOUTH, RANGE 1 EAST, WILLAMETTE MERIDIAN, IN THE COUNTY OF CLACKAMAS AND STATE OF OREGON, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE CENTER OF SE VINEYARD ROAD WHICH IS SOUTH 27° 49' EAST 431.00 FEET AND NORTH 66°30' EAST ALONG THE CENTER OF SE VINEYARD ROAD 386.98 FEET FROM THE ONE-QUARTER SECTION CORNER BETWEEN SECTIONS 12 AND 13, TOWNSHIP 2 SOUTH, RANGE 1 EAST OF THE WILLAMETTE MERIDIAN; THENCE SOUTH 28°18' EAST 20.07 FEET TO THE MOST WESTERLY CORNER OF THE TRACT CONVEYED TO LESLIE L. GARRISON, ET UX BY DEED RECORDED OCTOBER 16, 1951 IN BOOK 449, PAGE 627, CLACKAMAS COUNTY DEED RECORDS, BEING THE TRUE POINT OF BEGINNING; THENCE SOUTH 28°18' EAST 135 FEET TO AN IRON PIPE; THENCE SOUTH 66°30' WEST 80 FEET TO AN IRON PIPE; THENCE NORTH 30°19'31" WEST 135.51 FEET TO AN IRON PIPE IN THE SOUTHERLY LINE OF SE VINEYARD TOAD; THENCE NORTH 66°30' EAST ALONG SAID SOUTHERLY LINE 85 FEET TO AN IRON PIPE AT THE TRUE POINT OF BEGINNING.

PARCEL II:

PART OF THE STEPHEN M. WALKER DONATION LAND CLAIM NO. 52 IN SECTION 13, TOWNSHIP 2 SOUTH, RANGE 1 EAST, OF THE WILLAMETTE MERIDIAN, IN THE COUNTY OF CLACKAMAS AND STATE OF OREGON, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE CENTER OF SE VINEYARD ROAD WHICH IS SOUTH 27°49' EAST 431.00 FEET AND NORTH 66°30' EAST ALONG THE CENTER OF SE VINEYARD ROAD, 386.98 FEET FROM THE ONE-QUARTER SECTION CORNER BETWEEN SECTIONS 12 AND 13, TOWNSHIP 2 SOUTH, RANGE 1 EAST, OF THE WILLAMETTE MERIDIAN; THENCE SOUTH 28°18' EAST 20.07 FEET TO THE MOST WESTERLY CORNER OF THE TRACT CONVEYED TO LESLIE L. GARRISON, ET UX BY DEED RECORDED OCTOBER 16, 1951 IN BOOK 449, PAGE 627, DEED RECORDS, BEING THE TRUE POINT OF BEGINNING; THENCE SOUTH 28°18' EAST 135 FEET TO AN IRON PIPE AT THE SOUTHWEST CORNER OF THE ABOVE DESCRIBED LESLIE L. GARRISON TRACT; THENCE NORTH 66°30' EAST 9.03 FEET TO A POINT; THENCE NORTH 28°18' WEST 135.00 FEET TO AN IRON PIPE IN THE SOUTHERLY LINE OF SE VINEYARD ROAD; THENCE SOUTH 66°30' WEST 9.03 FEET TO THE TRUE POINT OF BEGINNING.

**Return Address:**
MGC Mortgage Inc
Document Control
7195 Dallas Parkway
Plano, TX 75024
BC 619600

Washington County, Oregon
08/27/2008 02:55:23 PM
D-MA        Cnt=1  Stn=9  C TOMPKINS
$10.00 $5.00 $11.00 - Total = $26.00

**2008-073971**



0128506020080073971002002b

I, Richard Hobernicht, Director of Assessment and
Taxation and Ex-Officio County Clerk for Washington
County, Oregon, do hereby certify that the within
instrument of writing was received and recorded in the
book of records of said county.

Richard Hobernicht, Director of Assessment and
Taxation, Ex-Officio County Clerk

Please print or type information **OREGON STATE RECORDER'S Cover Sheet**

**1. DOCUMENT TITLE(s)** (or transactions contained therein): (all areas applicable to your document **must** be filled in)

ASSIGNMENT OF DEED OF TRUST

**2. DIRECT PARTY/GRANTOR**, required by ORS 205.125(1)(b) and ORS 205.160

Homecomings Financial Network

**3. INDIRECT PARTY / GRANTEE(s)**  required by ORS 205.125(1)(a) and ORS 205.160

Residential Funding Company, LLC
8400 Normandale Lake Blvd., Suite 600
Minneapolis, MN 55437-1073

**4. TRUE and ACTUAL CONSIDERATION** (if any), ORS 93.030)

Ten and No/100 Dollars ($10.00)

**5. ALL TAX STATEMENTS SHALL BE SENT TO THE FOLLOWING ADDRESS:**

MGC Mortgage, Inc.
7195 Dallas Parkway
Plano, TX 75024

**6. FULL OR PARTIAL SATISFACTION ORDER or WARRANT FILED IN THE COUNTY CLERKS LIEN RECORDS, ORS 205.121(1)(E)**

**7. THE AMOUNT OF THE CIVIL PENALTY** or **THE AMOUNT, INCLUDING PENALTIES, INTEREST AND OTHER CHARGES FOR WHICH THE WARRANT, ORDER OR JUDGMENT WAS ISSUED. ORS 205.125(1)© and ORS 18.325**

## CORPORATION ASSIGNMENT of DEED OF TRUST

RFC Loan Number: 10335983
Seller Loan Number: 10097572
**FOR VALUE RECEIVED,** Homecomings Financial Network, Inc.

the undersigned hereby grants, assigns and transfers to

Residential ... Company, LLC
8400 N... Suite 800
Minneapolis, MN 55437-1073

all beneficial interest under that certain Deed of Trust dated 02/10/2004
executed by DENISE SUBRAMANIAM

TO/FOR: People's Choice Home Loan, Inc. a Wyoming Corporation

and recorded in Book _N/A_ on Page _N/A_ as Instrument No. 2004 - 019937 on 3/1/04
of official Records in the County Recorder's Office of _Washington_ County, Oregon.

Property Address:   13865 SW WALKER ROAD  BEAVERTON, OR  97005
MORTGAGE AMOUNT:  $176,000.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

Homecomings Financial Network, Inc.

BY: _Masse Adjetey_
NAME: Masse Adjetey
TITLE: Vice President

STATE OF                                    Minnesota )
COUNTY OF                                   Hennepin )

On 04/03/2006  before me, the undersigned, a Notary Public in and for said State personally appeared Masse
Adjetey, Vice President of Homecomings Financial Network, Inc. personally known to me to be the person
whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in
his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the
person acted, executed the instrument.  WITNESS my hand and official seal.

This instrument was drafted by Mary Olson,
Residential Funding Corporation, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

Notary Public in and for said State

MARY K. OLSON
NOTARY PUBLIC- MINNESOTA
MY COMMISSION EXPIRES 1-31-2010

After Recording Return to:
**MGC Mortgage Inc**
Document Control
7195 Dallas Parkway
Plano, Texas  75024
BC 619600

Washington County, Oregon   **2008-073972**
08/27/2008 02:55:23 PM
D-MA           Cnt=1 Stn=9  C TOMPKINS
$10.00 $5.00 $11.00 - Total = $26.00

**Return Address:**

MGC Mortgage Inc
Document Control
7195 Dallas Parkway
Plano, TX 75024
BC 619600

I, Richard Hobernicht, Director of Assessment and
Taxation and Ex-Officio County Clerk for Washington
County, Oregon, do hereby certify that the within
instrument of writing was received and recorded in the
book of records of said county.

Richard Hobernicht, Director of Assessment and
Taxation, Ex-Officio County Clerk

Please print or type information **OREGON STATE RECORDER'S Cover Sheet**

---

**1. DOCUMENT TITLE(s)** (or transactions contained therein): (all areas applicable to your document **must** be filled in)

   ASSIGNMENT OF DEED OF TRUST

---

**2. DIRECT PARTY/GRANTOR**, required by ORS 205.125(1)(b) and ORS 205.160

   Residential Funding Company, LLC
   8400 Normandale Lake Blvd., Suite 600
   Minneapolis, MN 55437-1073

---

**3. INDIRECT PARTY / GRANTEE(s)**  required by ORS 205.125(1)(a) and ORS 205.160

   LNV Corporation
   7195 Dallas Parkway
   Plano, TX 75024

---

**4. TRUE and ACTUAL CONSIDERATION** (if any), ORS 93.030)

   Ten and No/100 Dollars ($10.00)

---

**5. ALL TAX STATEMENTS SHALL BE SENT TO THE FOLLOWING ADDRESS:**

   MGC Mortgage, Inc.
   7195 Dallas Parkway
   Plano, TX 75024

---

**6. FULL OR PARTIAL SATISFACTION ORDER or WARRANT FILED IN THE COUNTY CLERKS LIEN RECORDS**, ORS 205.121(1)(E)

---

**7. THE AMOUNT OF THE CIVIL PENALTY or THE AMOUNT, INCLUDING PENALTIES, INTEREST AND OTHER CHARGES FOR WHICH THE WARRANT, ORDER OR JUDGMENT WAS ISSUED.** ORS 205.125(1)© and ORS 18.325

CORPORATION ASSIGNMENT of DEED OF TRUST

RFC Loan Number: 10335983
Seller Loan Number: 10097572



**FOR VALUE RECEIVED,** 'Residential Funding Company, LLC fka Residential Funding Corporation'

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 2/10/2004

executed by DENISE SUBRAMANIAM

TO/FOR: People's Choice Home Loan, Inc a Wyoming Corporation.

and recorded in Book _N/A_ on Page _N/A_ as Instrument No. _2004-019937_ on _3/1/04_
of official Records in the County Recorder's Office of _Washington_ County, Oregon.

Property Address:    13865 SW WALKER ROAD   BEAVERTON, OR  97005
MORTGAGE AMOUNT:  $176,000.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'Residential Funding Company, LLC fka Residential Funding Corporation'

BY:

| STATE OF | Minnesota ) | NAME: Betty Wright |
|---|---|---|
| COUNTY OF | Hennepin ) | TITLE: Assistant Vice President |

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Betty
Wright, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

After Recording Return to:
**MGC Mortgage Inc**
Document Control
7195 Dallas Parkway
Plano, Texas  75024
BC 619600