**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO. 9:17-CV-80496-MARRA-MATTHEWMAN**

OFFICE OF THE ATTORNEY GENERAL, THE STATE OF FLORIDA, Department of Legal Affairs,

and

OFFICE OF FINANCIAL REGULATION, THE STATE OF FLORIDA, Division of Consumer Finance,

        Plaintiffs,

  v.

OCWEN FINANCIAL CORPORATION; OCWEN MORTGAGE SERVICING, INC.; and OCWEN LOAN SERVICING, LLC,

        Defendants.

**OCWEN'S OPPOSITION TO PUTATIVE PLAINTIFF-INTERVENORS' MOTION TO INTERVENE, MOTION TO CERTIFY CLASS AND FOR APPOINTMENT OF CLASS COUNSEL, AND MOTION TO ADD MGC MORTGAGE INC. AND LNV CORPPORATION [*SIC*] AS DEFENDANTS**

      Defendants Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC ("Ocwen") hereby oppose the purported "Motion to Intervene, Motion to Certify Class and For Appointment of Class Counsel, and Motion to Add MGC Mortgage Inc. and LNV Corpporation [*sic*] as Defendants" (the "Motion") filed by *pro se* putative intervenors Robynne A. Fauley ("Fauley") and Denise Subramaniam ("Subramaniam") (together, "Movants").[1]

---

[1] Although Movants purport to bring this Motion on behalf of four other individuals, "Catherine Gebhardt, Marcia A. Swift, Rhonda Harwick, [and] Tuli Molina-Wohl," the Motion is signed by Fauley and Subramaniam only. (Mot. 1, 31). Rule 11 requires that the Motion be signed by at least one attorney of record or "a party personally if the party is unrepresented." Fauley and

## INTRODUCTION

Although Movants' largely incomprehensible and muddled Motion is not clear, what is clear is that the Motion should be denied. Movants are serial *pro se* litigants who are attempting to shoehorn their (previously unsuccessful) claims—which concern properties located in *Oregon* and entities *other than Ocwen*—into this action. Movants seek to drag those unrelated entities into this lawsuit, which concerns only *Ocwen* and only its servicing activity in *Florida.* It is axiomatic that intervention is proper only where the applicant for intervention can show some shared interest in or commonality with the pending action. *See* Fed. R. Civ. P. 24 (a), (b). Florida governmental agencies brought this action against Ocwen, challenging Ocwen's alleged conduct in servicing residential mortgage loans in the state of Florida only. Simply put, the Motion lacks *any* connection to this action, the state of Florida, Plaintiffs' allegations, or any alleged wrongdoing (or any conduct at all) *by Ocwen*—the only defendant in this action. Movants attach no pleading to the Motion; cite no substantive provision of law supposedly violated by Ocwen; and seek no specific relief from Ocwen.

Instead, all of Movants' allegations relate to purported procedural "barriers" that prevented them avoiding foreclosure on their Oregon properties by non-party LNV Corporation ("LNV") and litigating various grievances against other individuals and entities wholly divorced from this litigation, including MGC Mortgage Inc. ("MGC"), Litton Loan Servicing LP ("Litton"), Residential Funding Company LLC ("RFC"), EMC Mortgage Inc. ("EMC"), and Daniel Andrew Beal ("Beal") (the purported owner of one or more of these entities). (Mot 3, 4-7, 8-15.) Movants acknowledge that they have been in litigation with these entities "for many years" (*id.* at 4), but fail to mention that courts have roundly rejected Movants' claims. Dissatisfied with repeated, unfavorable rulings by various courts, Movants now seek to make those claims again here. (*See id.* at 8-16.)

For these and other reasons discussed below, the Motion must be denied.

---

Subramaniam, as *pro se* litigants, cannot bring this Motion on behalf of anyone but themselves. And even Fauley's and Subramaniam's own signatures are improper under Rule 11, as they have neglected to include their "address, e-mail address, and telephone number." "'Although courts are to give liberal construction to the pleadings of *pro se* litigants,' those litigants are 'nevertheless required to conform to procedural rules.'" *Azze v. Dade Med. Coll. Inc.*, No. 15-24175, 2017 WL 880426, at *3 (S.D. Fla. Mar. 6, 2017) (alterations omitted) (quoting *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)).

## BACKGROUND

**I.     Procedural Background.**

This action was filed against Ocwen almost a year ago on April 20, 2017 by the Office of the Attorney General, State of Florida and the Office of Financial Regulation, State of Florida (together, "Plaintiffs"). (Dkt. 1.) Plaintiffs filed an amended complaint on June 14, 2017. (Dkt. 20) ("Complaint" or "FAC.") The gravamen of Plaintiffs' Complaint is that Ocwen has allegedly serviced residential mortgage loans based on inaccurate and incomplete borrower loan information in Ocwen's servicing system. (*Id.* at pp. 13-15.) Based on these purported deficiencies, Plaintiffs assert seven claims pursuant to various state and federal statutes. (*Id.* at pp. 34-52.)

On June 28, 2017, Ocwen moved to dismiss the Complaint on two principal grounds, in addition to numerous other pleading deficiencies in the Complaint. (Dkt. 24.) First, the Florida Deceptive and Unfair Trade Practices Act is not applicable to the instant action. Second, principles of *res judicata* and waiver prevent Plaintiffs from suing Ocwen based on alleged conduct that was the subject of a 2014 Consent Judgment entered by the United States District Court for the District of Columbia. Briefing on the motion to dismiss was completed on August 11, 2017 (Dkt. 29), and the motion remains pending. On August 10, 2017, the Court entered a Scheduling Order setting October 2, 2018 as the close of fact discovery. (Dkt. 27.)

The parties have been engaged in fact investigation and discovery for more than ten months, and both Ocwen and Plaintiffs have served and responded to discovery and are more than halfway through the fact discovery period. To date, Plaintiffs have served and Ocwen has responded to twenty-six requests for production (one of which has one hundred subparts), and Ocwen has served and Plaintiffs have responded to thirty-six requests for production. In addition, the parties are actively involved in discovery motion practice with Ocwen bringing a motion to compel Plaintiffs to provide adequate discovery responses and produce documents.

**II.    The Motion to Intervene.**

On February 26, 2018, the *pro se* non-party Movants filed the instant Motion to intervene as "class representatives" in this action "in [*sic*] behalf of" an undefined class that "consists of dozens to potentially thousands of homeowners illegally foreclosed upon by *LNV Corporation*." (Mot. 1) (emphasis added). <u>First</u>, Movants appear to claim that this purported "class of homeowners" should be permitted to intervene as of right because the class' interests "cannot be

3

fully represented or protected" by Plaintiffs, although the largely incoherent Motion does not identify any "interests" that are the subject of this litigation. (*Id.*)  While Movants make the unsupported assertion that this purported class would include "homeowners with properties in Palm Beach County Florida," it is indisputable that Movants' properties were located in Oregon. (*Id.* at 8-15; *id.* Ex. 1 at 2-4.)  And allegations regarding the supposed relationship between LNV and Ocwen are virtually non-existent: Movants claim only that LNV is owned by "multi-billionaire Daniel Andrew Beal whose purported mortgage servicer, [MGC], is a successor to [Litton], a subsidiary of [Ocwen]." (Mot. 1.)   Movants further assert that the servicing of their loans by various other non-parties to this litigation—including MGC, Litton, RFC, and EMC—contributed to their purportedly wrongful foreclosure by LNV.  (*Id.* at  4-15.)  The Motion makes no allegation of wrongdoing by *Ocwen*—the sole defendant in this case.

      Second, Movants claim that class counsel should be appointed for reasons entirely irrelevant to the action here, specifically that members of the class have "routinely been deprived of representation by counsel" (1) "through a decade long systematic defunding of government programs that provide free or affordable legal assistance to modest means Americans" and (2) "by ever increasing litigation costs caused by corporate and big-money interest domination over every aspect of the legal industry from law school curriculums to employment opportunities for law school graduates to legislation to industry oversight to judicial appointments which has created a judicial environment that discriminates against individual class members." (*Id.* at 3-4.)

      Third, Movants claim that MGC and LNV should be added as defendants because "MGC and/or LNV" have allegedly caused improper foreclosure proceedings to be initiated against "class" members. (*Id.* at 7-8.)

**III.    Movants' Prior Litigations Against LNV and MGC.**

      Movants acknowledge that they have litigated the very issues raised in the Motion against LNV, MGC, and purportedly related entities for years. (*Id.* at 4.)  Movants are, in fact, serial *pro se* litigants whose attempts to hail these same entities into court have been uniformly unsuccessful.  The present Motion is yet another frivolous attempt to do the same.

      All of Movants' allegations stem from claims that each of them has already made in other litigation: either in each Movant's individual foreclosure action, in separate actions brought against LNV, MGC, Beal, and any number of other defendants, or both.  Movants have litigated this issue in federal court in Oregon, where their properties were located.  Those courts have

4

already roundly rejected Movants claims (made here) that their foreclosures were improper due to invalid assignments and the purportedly contested application of payments by Movants' various servicers. (*See id.* at 7-15.)

Even before LNV foreclosed on Subramaniam's home, she filed a *pro se* action against no fewer than 78 individuals and entities, including Beal, MGC, LNV, Litton, Ocwen, and EMC, asserting numerous claims related to the transfer of her loan. No. 12-1681 (D. Or. 2013) (Dkt. 1, 20.) The court dismissed all claims against all 78 defendants with prejudice for failure to state a claim after providing Subramaniam an opportunity to amend her Complaint to try and state a viable cause of action. (*Id.* Dkt. 138.) Subramaniam next filed suit in 2014 against Beal only, claiming that she and other "Beal victims" had suffered wrongful foreclosures because servicer MGC or its predecessors purportedly "fail[ed] to apply [their] payments with intent to initiate a foreclosure." No. 14-1482 (D. Or. 2014) (Dkt. 1.) The court dismissed the sole claim for "misprision of felony" with prejudice *sua sponte* and revoked Subramaniam's *in forma pauperis* status. (*Id.* Dkt. 6.)

When LNV finally brought a foreclosure action later that year, Subramaniam raised the same arguments in opposition to LNV's motion for summary judgment. No. 14-1836 (D. Or. 2015) (Dkt. 68.) The court granted that motion, finding that "LNV is entitled to judicial foreclosure," and the Ninth Circuit affirmed. (*Id.* Dkt. 111; No. 15-35963 (9th Cir. Oct. 6, 2017) (Dkt. 78.)) Even while her appeal was pending, Subramaniam filed *yet another* action against Beal "aka LNV Corporation aka MGC Mortgage Inc.," and others. No. 15-2002 (D. Or. 2015) (Dkt. 16.) Less than two weeks after that case was filed, the court entered a "pre-filing review order" mandating that all filings made by Subramaniam "shall be reviewed by this Court and ordered filed only if such filings are deemed not frivolous or repetitive." (*Id.* Dkt. 8.) The court then dismissed all claims as either already decided in Subramaniam's prior litigations or for failure to state a claim, and, for the second time, revoked Subramaniam's *in forma pauperis* status. (*Id.* Dkt. 17.)

Similarly, before LNV brought a foreclosure action against Fauley, she too brought suit against LNV and other defendants, alleging fraud and unfair trade practices based on the purportedly invalid assignment of her mortgage. No. 13-0581 (D. Or. 2014) (Dkt. 1.) The court dismissed those claims with prejudice. (*Id.* Dkt. 73.) And when LNV did file a foreclosure action against Fauley in 2015, in opposition to LNV's motion for summary judgment, Fauley

5

made the familiar arguments that "LNV Corporation, and its loan servicer, MGC Mortgage, Inc. . . . ha[d] no claim of ownership to the Note and Deed of Trust" or standing to foreclose, and that there was a "long-standing dispute has existed over misappropriation of payments and other grievances" against MGC. (*Id.* Dkt. 35.)  After the court rejected these arguments and granted summary judgment in favor of LNV, Fauley unsuccessfully moved for reconsideration. (*Id.* Dkt. 52, 60, 68.)  As was the case for Subramaniam, the Ninth Circuit affirmed.  No. 16-35593 (9th Cir. Oct. 6, 2017) (Dkt. 58.).

## ARGUMENT

### I. The Motion to Intervene Should Be Denied Under Rule 24.

"Federal Rule of Civil Procedure 24 allows intervention as a matter of right and on a permissive basis." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, No. 16-62610, 2017 WL 4882511, at *2 (S.D. Fla. Oct. 30, 2017); *see* Fed. R. Civ. P. 24(a), (b).  Movants here seek to intervene in this nearly eleven-month-old action on both grounds.[2]  (Mot. 1-2.)  "'Although courts are to give liberal construction to the pleadings of *pro se* litigants,' those litigants are 'nevertheless required to conform to procedural rules.'" *Azze v. Dade Med. Coll. Inc.*, No. 15-24175, 2017 WL 880426, at *3 (S.D. Fla. Mar. 6, 2017) (alterations omitted) (quoting *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)).  Even affording the *pro se* Movants the benefits of a "liberal construction," they cannot satisfy their burden of demonstrating that they are entitled to intervene under either provision of Rule 24.  *See Hofmann v. EMI Resorts, Inc.*, 689 F. Supp. 2d 1361, 1379 (S.D. Fla. 2010) (denying *pro se* motion to intervene as untimely under Rule 24).  This is true for six independent reasons: (1) the Motion is untimely; (2) Movants have no legally protectable interest in the subject of this litigation; (3) this regulatory action will not impede Movants' ability to bring a separate lawsuit; (4) Movants fail to demonstrate how Plaintiffs fail to protect their purported interest in this action; (5) the Motion identifies no questions of law or fact in common with this action; and (6) permitting intervention at this late stage will prejudice Ocwen and Plaintiffs.[3]

---

[2] Movants do not contend that they have a statutory "unconditional right to intervene" under Rule 24(a)(1), and although they cite Rule 24(b)(2), that provision—governing intervention by a government officer or agency—is, on its face, inapplicable.  (*See* Mot. 2.)

[3] Ocwen notes that the Motion is also procedurally deficient under Rule 24(c) because it is not accompanied by an actual pleading—i.e., a proposed intervenor complaint.  *See* Fed. R. Civ. P. 24(c).  Although the Eleventh Circuit has cautioned that "a separate pleading is not required

**A. Movants Cannot Intervene Because Their Motion is Untimely.**

As a threshold matter, the Motion to intervene in this nearly year-old action must be denied because it is untimely. In assessing the timeliness of the Motion under either Rule 24(a) or (b), this Court must consider "(1) the period of time during which the putative intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the degree of prejudice to the existing parties as a result of the would-be intervenor's failure to move to intervene as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his position is denied; and (4) the presence of unusual circumstances militating either for or against a determination that the application is timely." *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir. 1984).[4] "If the motion to intervene is untimely, the Court *must* deny intervention" under Rule 24. *Roberts v. Gordy*, No. 13-24700, 2015 WL 11201183, at *2 (S.D. Fla. Apr. 14, 2015) (emphasis added).

The first factor, "the period of time during which the putative intervenor knew or reasonably should have known of his interest in the case," weighs against intervention where, as here, "the intervenor is aware of its interest in the lawsuit *for months* prior to the motion to intervene." *Fla. Key Deer v. Fugate*, No. 90-10037, 2011 WL 6935288, at *2 (S.D. Fla. Dec. 30, 2011) (emphasis added); *see also Century Sur. Co. v. Broward Collision, Inc.*, No. 13-62096, 2014 WL 11761627, at *2 (S.D. Fla. Sept. 17, 2014) (motion to intervene untimely where action was pending for "nearly a year"); *United States v. Sec'y, Fla. Dep't of Corr.*, No. 12-22958, 2013 WL 4786829, at *2 (S.D. Fla. Sept. 6, 2013) (motion to intervene untimely where it was filed "more than nine months after the complaint was filed" and there was press coverage of the filing of the complaint). Here, the Motion comes more than ten months after this case was filed; more than six months after Ocwen's potentially fully dispositive motion to dismiss was fully

---

where the motion to intervene and accompanying papers clearly spell out the movant's claim for . . . relief," here, the Motion fails to set forth any claim, let alone do so "clearly." *See Tosto v. Zelaya*, No. 06-21213, 2012 WL 12850139, at *4 (S.D. Fla. Aug. 16, 2012). Accordingly, the Motion should be denied at the outset for failure to comply with Rule 24(c). *See Beach Cmty. Bancshares, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 13-0164, 2014 WL 12324279, at *2 (N.D. Fla. Feb. 24, 2014) ("Absent a pleading, the Proposed Intervenors have not presented 'a claim or defense' to be evaluated."); *World Holdings, LLC v. Fed. Republic of Germany*, No. 08-20198, 2010 WL 11442593, at *3 n.2 (S.D. Fla. Nov. 23, 2010).

[4] "Courts consider the same four factors in determining the timeliness of a motion to intervene brought under Rule 24(b) as those applied to timeliness under Rule 24(a)." *Assa Compania De Seguros v. Codotrans, Inc.*, No. 13-23563, 2014 WL 11906599, at *5 (S.D. Fla. June 25, 2014).

briefed (Dkt. 24, 26, 29); and more than halfway through the fact discovery period ordered by this Court (Dkt. 27 at 2).  Movants offer no explanation for their delay in filing the Motion, when the latest they should have been aware of any purported interest was over ten months ago when Plaintiffs' Complaint was publicly filed and covered in the press.[5]

The second and third factors—"prejudice" both as to the parties if intervention is granted and as to the Movants if intervention is denied—also require that the Motion be denied.  "The inquiry is whether prejudice to one side would outweigh the prejudice to the other."  *S.E.C. v., Creative Capital Consortium*, No. 08-81565, 2015 WL 4077451, at *3 (S.D. Fla. July 6, 2015).  Prejudice to the existing parties is high where, for example, the case has progressed into discovery, potentially dispositive motions have been briefed, or discovery deadlines are approaching.  *See Roberts*, 2015 WL 11201183, at *2 (denying as untimely motion to intervene because, among other things, "mountains of discovery" had been served and existing parties would be required to "prepare for and take discovery" of the intervenor); *Hofmann*, 689 F. Supp. 2d at 1380 (noting *pro se* Rule 24 motion's prejudice to parties who have "actively litigated this case for the last eight months").

Here, Movants have delayed filing their Motion until more than halfway through the fact discovery period, and, as detailed above, the parties have already engaged in discovery (and case strategy) tailored to Plaintiffs' seven fact-intensive claims and Ocwen's defenses to those claims.  (*Supra* pp. 2.)  Permitting Movants to intervene at this late stage would not only require Ocwen to take and respond to discovery concerning Movants and their purported claims (and, of course, litigate their merits), but that burden would be compounded by the Movants' desire to certify some as-yet-undefined putative class (or classes) and to add new defendants wholly unrelated to the claims in this case.

By contrast, Movants have failed to advance so much as a *suggestion* that they would be precluded from filing their own claims in a separate lawsuit—indeed, they already have.  *See Hofmann*, 689 F. Supp. 2d at 1380 (finding motion untimely where intervenor provided "little, if any, support for th[e] contention" that she "would be prejudiced by having to litigate any of her

---

[5] *See, e.g.*, Kevin McCoy, Roger Yu, *Lawsuits allege mortgage servicer Ocwen's mistakes cost some borrowers their homes*, USA Today (Apr. 21, 2017), https://www.usatoday.com/story/money/2017/04/20/regulator-accuses-ocwen-failing-millions-home-owners/100701104/.

8

claims independent of this action"). Under these circumstances, the second and third factors weigh heavily in favor of a finding of untimeliness.[6]

### B. Movants Cannot Intervene as of Right Under Rule 24(a) Because They Fail to Satisfy Any of the Other Three Necessary Factors.

In addition to being untimely, Movants also fail to meet their burden of satisfying *any* of the four requirements for intervention as of right under Rule 24(a). "A party seeking intervention of right is required to demonstrate that: '(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.'" *Worlds v. Dep't of Health & Rehab.Servs.*, 929 F.2d 591, 593 (11th Cir. 1991). "The burden is on the proposed intervenors to show that all four of the requirements of Rule 24 are met." *Blake v. Batmasian*, No. 15-81222, 2016 WL 7447253, at *6 (S.D. Fla. Sept. 15, 2016) (Marra, J.). "[A] failure to prove any one of the elements requires a court to deny the motion." *Am. Fed'n of State, Cty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 278 F.R.D. 664, 668 (S.D. Fla. 2011).

#### 1. Movants Lack Any Interest Relating to the Subject of the Action.

The Motion fails to demonstrate that Movants have any interest relating to this lawsuit. Movants must demonstrate that they have "a direct, substantial, legally protectable interest" in the subject of the lawsuit. *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). Instead, as detailed above, the Motion focuses entirely on alleged conduct by LNV and MGC in connection with Movants' foreclosures in Oregon, and fails to connect any of the allegations in Plaintiffs' Complaint to *Ocwen*, to Ocwen's servicing activities in *Florida*, or to any harm Movants purportedly suffered. Indeed, Movants do not even *mention* Ocwen, except to claim a vague and attenuated relationship between their servicer (MGC) and Ocwen. (*See, e.g.*, Mot. 1-2.) This deficiency is fatal to their Motion. *See Smith v. Powder Mountain, LLC*, No. 08-80820, 2010 WL 5483327, at *2-3 (S.D. Fla. Dec. 8, 2010), *report and recommendation adopted by* 2011 WL 9845 (insufficient for movants to rely on "speculation"

---

[6] With respect to the fourth factor, the Motion identifies no "unusual circumstances" that would counsel in favor of permitting intervention at this late stage.

9

and "guesswork" as to whether they have a legally protectable interest in the subject of the pending action).

### 2. Plaintiffs' Regulatory Action Against Ocwen Will Have No Effect on Movants' Ability to Pursue Claims Against LNV and MGC.

The Court should also deny the Motion to intervene as of right because, as discussed above, the disposition of this regulatory action between Plaintiffs and Ocwen will not preclude Movants from protecting their interests in a separate lawsuit. "In order to intervene pursuant to Rule 24(a), a movant must show that absent intervention, the disposition of the action will impair or impede the movant's ability to protect his interests." *Assa Compania*, 2014 WL 11906599, at *4 (citations omitted). Intervention is not appropriate where, as here, a private citizen seeks to intervene in an action brought by a governmental regulatory agency that would "not bind [the intervenor] in any way" because "the policy of stare decisis will not prejudice [the intervenor]." *See, e.g.*, *Creative Capital*, 2015 WL 4077451, at *3; *accord E.E.O.C. v. E. Airlines, Inc.*, 736 F.2d 635, 639 (11th Cir. 1984) (affirming denial of motion to intervene in discrimination action where individual plaintiff could "proceed with her own action independently of the EEOC suit"). Movants can, and indeed have, pursued separate actions against LNV and MGC.

### 3. Intervenors Do Not Even Attempt to Argue that Plaintiffs Inadequately Represents Their Interests as Borrowers.

Even if Movants *had* identified some interest in this litigation (which they do not), they wholly fail to satisfy their burden of showing how Plaintiffs would fail to adequately represent those interests. Courts in this Circuit "presume adequate representation when an existing party seeks the same objectives as the would-be interveners." *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007). The burden is on the applicant for intervention to "com[e] forward with some evidence to the contrary." *Id.*; *accord Blake*, 2016 WL 7447253, at *9.

Eleventh Circuit courts routinely deny motions to intervene by individual plaintiffs in actions brought by governmental agencies that represent the intervenors' general objectives. *See, e.g.*, *E.E.O.C. v. Darden Rest., Inc.*, No. 15-20561, 2015 WL 13559888, at *2 (S.D. Fla. Nov. 3, 2015) (denying motion to intervene because intervenors did "not assert any reason why the EEOC cannot adequately represent their interests in this case"); *Sec'y, Fla. Dep't of Corr.*, 2013 WL 4786829, at *1 (denying motion to intervene because "while the Government does not seek exactly the same relief as Movants, the Government seeks broader relief than Movants and that broad relief encompasses the relief sought by Movants").

10

Although Movants' "objectives" are not clear, Plaintiffs seek a permanent injunction and "relief . . . to redress injury to consumers." (Compl. at pp. 46-47.) The Motion makes no suggestion that Plaintiffs do not adequately represent Movants' interests as consumers. At most, the Motion alludes to relief obtained by the Texas Attorney General in a separate action to which Ocwen was not a party—*U.S. v. Bank of America Corp., et al*, No. 12-0316 (D.D.C.)—asserting that the settlement fund in that action did not go "into a program to help homeowners victimized by the [allegedly] illegal activities [of] defendants named in that lawsuit." (Mot. 31.) This unsupported assertion says nothing about the relief sought by Plaintiffs in this action.

### C. The Court Should Not Permit Permissive Intervention Under Rule 24(b).

Movants' request for permissive intervention pursuant to Rule 24(b) should also be denied. "A party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Blake*, 2016 WL 7447253, at *9 (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). Furthermore, "[t]he district court has the discretion to deny intervention even if both of those requirements are met." *Id.*; Fed. R. Civ. P. 24(b)(3). In addition to their Motion being untimely (as discussed in Section I.A), Movants also fail to demonstrate how any claims against *LNV and MGC* share questions of law or fact in common with the Plaintiffs' present action against *Ocwen*, and intervention at this stage would prejudice the existing parties.

Movants' "fail[ure] to allege what their claims are, much less establish how they are based on questions of fact or law similar to those raised in th[e] case" mandates denial of their Motion. *See In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, No. 12-2324, 2014 WL 12496734, at *2 (S.D. Fla. July 10, 2014). In the first instance, Movants neglect to even articulate what any of their claims are. The only passage of the Motion that discusses Rule 24(b) asserts that "this action involves Federal consumer financial law, 12 U.S.C. § 5565(a), 12 U.S.C. § 2605; the Florida Attorney General's authority under 12 U.S.C. §§ 5536, 5552 and 2614, the Florida Office of Financial Regulation's authority under 12 U.S.C. § 5536 and 5552 . . . and Articles 3 and 9 Uniform Commercial Code [*sic*] as well as Constitutional questions about whether members of Plaintiff-Intervenors [*sic*] class have been deprived of due process of law, equal protection of law and jury trial." (Mot. 2.) This explanation does not state any actionable claim, and—like the rest of the Motion—is devoid of *any* allegations against

11

Ocwen or explanation of how their grievances against *other* entities relate to (much less share questions of law or fact with) this lawsuit.  (*See supra* Section I.B.1.)

Moreover, this Court can—and should—exercise its discretion to deny the Motion pursuant to Rule 24(b)(3) because, as discussed above (*supra* Sections I.A, I.B.2), intervention would prejudice the existing parties and unduly delay the litigation and intervenors would not be prejudiced by the denial of intervention.  *See Adana Investing, Inc. v. Forrest Capital Partners, Inc.*, No. 15-24038, 2016 WL 7438832, at *3 (S.D. Fla. July 12, 2016) (denying motion to intervene under Rule 24(b) because "the material factual differences between Movant's claims from those of [plaintiff]" would cause delay in the litigation and "Movant's interests would be served just as well by filing a separate law suit").

## II. Movants' Attempts to Certify a Class and Add Defendants Are Procedurally Improper.

The Motion is purportedly captioned as one to "certify a class and or appointment of class counsel" and to "add [MGC] and [LNV] as defendants."  To the extent Movants seek to certify a class pursuant to Rule 23 or to add defendants pursuant to Rule 19, the Motion must be denied because Movants' ability to bring such substantive motions is "predicated on [their] ability to intervene successfully in [this] case."  *E. Airlines*, 736 F.2d at 637; *accord AFSCME Council 79*, 278 F.R.D. at 668 ("[O]nly a party can [move] under Rule 19."); *see also Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir. 1995) ("[O]nly a party may make a Rule 19 motion . . . .").  Because Movants lack standing to move to certify a class and to add defendants, this Court "lack[s] jurisdiction over [their] motion[s]," other than the motion to intervene. *E.E.O.C. v. E. Airlines, Inc.*, 736 F.2d 635, 637 (11th Cir. 1984).[7]

## CONCLUSION

For the foregoing reasons, Ocwen respectfully requests that this Court deny the Motion in its entirety.

---

[7] Even if a motion to certify a class were properly before this court, any such motion must be denied for the independent reason that "[i]t is well established that a *pro se* plaintiff cannot be an adequate class representative." *Fairfax v. Wood*, No. 16-0526, 2016 WL 6542873, at *1 (N.D. Fla. Sept. 27, 2016); *accord Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (holding that 28 U.S.C. 1654, the general provision permitting parties to proceed *pro se*, "provide[s] a personal right that does not extend to the representation of the interests of others").

12

Dated: March 12, 2018

/s/ *Catalina E. Azuero*
Thomas M. Hefferon (*pro hac vice*)
Sabrina M. Rose-Smith (*pro hac vice*)
Catalina E. Azuero (Florida Bar No. 821411)
**GOODWIN PROCTER LLP**
901 New York Ave., NW
Washington, DC 20001
Tel.: 202.346.4000
thefferon@goodwinlaw.com
srosesmith@goodwinlaw.com
cazuero@goodwinlaw.com

Bridget Ann Berry
**GREENBERG TRAURIG, P.A.**
777 South Flagler Drive, FL 33401
Tel.: 561.650.7900
BerryB@gtlaw.com

Matthew P. Previn (*pro hac vice*)
**BUCKLEY SANDLER, LLP**
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Tel.: 212.600.2310

*Attorneys for Defendants Ocwen Financial Corp., Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on March 12, 2018 via ECF on all counsel for the Plaintiffs and via first class mail for the Intervenor-Plaintiffs, as listed below:

*Proposed Intervenor-Plaintiffs:*

**Robynne Fauley**
12125 SE Laughing Water
Sandy, OR 97055

**Denise Subramaniam**
13865 SW Walker Road
Beaverton, OR 97005

*Attorneys for Plaintiffs*:

**Sasha Funk Granai**
**Jennifer Hayes Pinder**
Office of the Attorney General
3507 East Frontage Road
Suite 325
Tampa, FL 33607
sasha.granai@myfloridalegal.com | 813-287-7950
jennifer.pinder@myfloridalegal.com | 813-287-7950

**Scott Ray Fransen**
1313 N. Tampa St.
Suite 615
Tampa, FL 33602
scott.fransen@flofr.com | 813-218-5364

/s/ *Catalina E. Azuero*
Catalina E. Azuero