IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

OFFICE OF THE ATTORNEY GENERAL,
THE STATE OF FLORIDA,
Department of Legal Affairs,

and

OFFICE OF FINANCIAL REGULATION,
THE STATE OF FLORIDA,
Division of Consumer Finance,

      Plaintiffs,

      v.                      CASE No. 9:17-cv-80496-KAM

OCWEN FINANCIAL CORPORATION, a
Florida corporation, OCWEN MORTGAGE
SERVICING, INC., a U.S. Virgin Islands
corporation, and OCWEN LOAN
SERVICING, LLC, a Delaware limited
liability company,

      Defendants.
_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO MOVANTS' MOTION TO INTERVENE AND FOR OTHER RELIEF

      Plaintiffs, the Office of the Attorney General, The State of Florida, and Office of Financial Regulation, The State of Florida (collectively, "Florida") responds in opposition to Movants' Motion to Intervene, and for other relief (ECF No. 35), in which the proposed intervenors have failed to show a basis for intervention under Rule 24, Federal Rules of Civil Procedure, as of right or for permissive intervention. Because there is no basis to allow intervention, the Motion should be denied.

1

## BACKGROUND

On April 20, 2017, Florida filed a Complaint (ECF No. 1) in the above styled action in this Court alleging that Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc. and Ocwen Loan Servicing, LLC (collectively, "Ocwen") violated the Consumer Financial Protection Act of 2010 ("CFPA"), various federal laws and regulations relating to the servicing of residential mortgage loans, and Chapters 501 and 494 of the Florida Statutes.  The Complaint was Amended on June 14, 2017 (ECF No. 20), which is substantially similar to the original Complaint.  The Amended Complaint is the current pleading under which the parties are proceeding.  On June 28, 2017, Ocwen filed a Motion to Dismiss (ECF No. 24).  On August 10, 2017, the Court entered a Scheduling Order (ECF No. 27) and Discovery Procedure Order (ECF No. 29).  The parties selected a mediator and gave notice of the selected mediator on October 11, 2017 (ECF No. 31). The parties are currently engaged in discovery matters.

On February 26, 2017, six individuals, including Robynne A. Fauley, Catherine Gebhart, Marcia A Swift, Rhonda Hardwich, Tuli Molina-Wohl, and Denise Subramanian (collectively, the "Movants"), as *pro se* litigants, moved to intervene on behalf of themselves and others similarly situated (the "Motion").  Many of the Movants have been in litigation against the proposed additional defendants for years. Mot. at 4. The Motion states that the proposed class "consists of dozens to potentially thousands of homeowners illegally foreclosed upon by LNV Corporation . . . whose mortgage servicer, MGC Mortgage In. ("MGC"), is a successor to Litton Loan Servicing LP, a subsidiary of Defendant Ocwen Loan Servicing, LLC."  Mot. at 1.  The Movants further ask the Court to certify a class, appoint class counsel, and to add additional defendants to this matter.

## **ARGUMENT**

**I.     The Movants Do Not Meet the Standard for Mandatory Intervention.**

Rule 24(a) allows for intervention of right, on a timely motion by someone who:

> (1) is given an unconditional right to intervene by a federal statute or; (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. Rule 24(a).

The Movants failed to cite to an unconditional right to intervene by federal statute. To intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure, the proposed intervenor must establish that: (1) the motion to intervene is timely; (2) the proposed intervenor has an interest relating to the property or transaction which is the subject of the action; (3) the proposed intervenor is so situated that disposition of the action, as a practical matter, may impede or impair the his ability to protect that interest; and (4) that the proposed intervenor is represented inadequately by the existing parties to the suit. *Purcell v. Bank Atlantic Fin. Corp.,* 85 F.3d 1508, 1512 (11th Cir. 1996).

The party seeking to intervene bears the burden of showing that the requirements for intervention have been met. *See Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir.1989)*; see also, Sierra Club, Inc. v. Leavitt*, 488 F.3d 904,910 (11th Cir. 2007) (denying intervention for failing to meet one of the four requirements); *Bush v. Viterna,* 740 F.2d 350, 354 (5th Cir. 1984) (finding "if a would-be intervenor fails to meet any one of these requirements, then it cannot intervene as a matter of right"). Furthermore, intervenors must demonstrate that they will be practically disadvantaged by exclusion from the proceeding. *See Huff v. Comm'r of IRS*, 743 F.3d 790, 800 (11th Cir. 2014).

The Movants failed to meet the burden under Rule 24(a)(2). First, the Movants' Motion is untimely, as it was filed almost one year after the filing of the Complaint. The current parties would be prejudiced from the inclusion of the Movants and the conversion of a government action by Florida into a private cause of action (this is especially so given that certain of the claims in the Amended Complaint have a different burden of proof for Florida as opposed to for a private litigant). Additionally, the Motion was filed months after discovery was commenced in this litigation.

The Movants have asserted no claim in or interest to the property or transaction that is the subject of the Amended Complaint. This suit was brought by government agencies to enforce the CFPA, federal law associated with the servicing of residential mortgage loans, and Florida law pursuant to Chapters 501 and 494, Florida Statutes, against Ocwen. It must be noted that three of the claims in the Amended Complaint (Counts I-III) are brought under the CFPA, and the CFPA does not permit a private right of action. *See Yeh Ho v. Wells Fargo Bank, N.A.*, No. 15-81522-CIV, 2016 WL 4595977, * 7 (S.D. Fla. Aug. 29, 2016) (Marra, J.) (finding no private right of action in the CFPA and dismissing claims); *Cornwall v. Third Fed. Sav. & Loan*, 8:15-CV-2616-T-EAK-AAS, 2016 WL 4034782 at *2 (M.D. Fla. Jul. 25, 2016) (same). Additionally, the burden of proof under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), requires a private litigant to prove actual damages, which the Florida Attorney General is not required to prove. One remedy requested by Florida includes the equitable remedy of restitution for harms caused by Ocwen, to which private litigants do not have a right, and Florida seeks no relief from the parties against whom Movants assert their claims, LNV Corporation and MGC Mortgage Inc. Under the facts implied from Motion, Movants will not be disadvantaged by exclusion from this case because Movants' generalized allegations are unrelated to claims and allegations brought by Florida. Finally, if the Movants are excluded from the instant action, Florida is presumed to

4

adequately represent the interests of consumers through this enforcement action. *See*, e.g., *FTC v. Johnson*, 800 F.3d 448, 452 (8th Cir. 2015) (affirming the district court's denial of the consumer's motion to intervene and noting that if a named party is a government entity that represents interests common to the public, there is a presumption of adequate representation); *FTC v. Amer. Telnet, Inc.*, 188 F.R.D. 688, 691 (S.D. Fla. 1999) (King, J.) (denying consumer's motion to intervene; holding that FTC adequately represented consumer's interest).

Therefore, the Movants do not meet their burden for intervention as a matter of right, and denying the Motion will not impair or impede the Movants' ability to protect their interest to the claims they assert in their Motion.

**II.    The Movants Do Not Meet the Standard for Permissive Intervention.**

Alternatively, Rule 24(b)(1)(A) allows for permissive intervention where a federal statute gives a party a conditional right to intervene, and Rule 24(b)(1)(B) permits intervention if the party has a claim or defense that shares with the main action a common question of law or fact.

Movants have not identified or described any federal statute giving them a conditional right to intervene. Neither has Florida found such a right in any federal statute. Therefore, intervention pursuant to Rule 24(b)(1)(A), Fed.R.Civ.P., is not appropriate.

It appears that the Movants seek to bring constitutional claims, claims under the Uniform Commercial Code and claims under the CFPA (which lacks a private right to bring claims). Such purported causes of action are unrelated – as to facts, timing, and the defendants – to the claims in the Amended Complaint.[1] Movants fail to assert any basis for Ocwen to be liable for their

---

[1] Illustrating the dissimilarities between the claims asserted in this case and the Movants' motion, should Florida prevail on every allegation of the complaint with the result including restitution for persons harmed by Ocwen, Movants would not obtain any relief because they were not borrowers whose mortgages were serviced by Ocwen, and consequently were not harmed by Ocwen. Conversely, should Ocwen prevail on every fact alleged, that would have no impact on Movants

purported claims. Therefore, permissive intervention should not be granted because the claims asserted by Movants, to the extent they are discernable from the Motion, do not share common questions of fact or law, and the claims of Movants are not interdependent of the claims asserted in the Amended Complaint. *See Omni Healthcare, Inc. v. Health First, Inc.*, 2017 U.S. Dist. LEXIS 136992, at 26 (M.D. Fla. 2017). In any case, even when there are common issues of fact or law, permissive intervention is entirely within the discretion of the court. *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir.) (en banc) (quoting 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1913, at 376-77 (2d ed. 1986)), *cert. denied*, 469 U.S. 1019, 105 S. Ct. 434, 83 L. Ed. 2d 360 (1984). Given the lack of common facts or legal issues, even discretionary permissive intervention is not warranted, and this is especially so given the prejudice that would be imposed on the current parties.

It is an inescapable conclusion that the claims Movants attempt to assert are simply different from the claims asserted in the Amended Complaint; this Court should deny Movants' request for permissive intervention.

### III. The Movants Have Failed to Comply with Rule 24(c) of the Federal Rules of Civil Procedure

The Movants have failed to attach an actual pleading setting forth their claims to their Motion, as required by Rule 24(c). Although this Court has allowed for intervention where the motion to intervene failed to attach a pleading, the motion must "clearly spell out the movant's claim for . . . relief," to comply with Rule 24(c). *See Tosto v. Zelaya*, No. 06-21213, 2012 WL 12850139, at *4 (S.D. Fla. Aug. 16, 2012). Here, the Movants have failed to clearly state their

---

claims or rights to damages or other relief. Movants' claims depend on the actions, duties or failures of entities that are not parties to this suit.

6

claim(s) in their Motion or attach a pleading to their Motion.  Accordingly, this Court should deny the Movants' Motion for failing to comply with Rule 24(c) of the Federal Rules of Civil Procedure.

### IV. The Movants' Remaining Requests Should be Dismissed as Moot

Because Movants failed to meet the burden to establish the right to mandatory intervention or permissive intervention, and because they failed to meet the procedural requirements of Rule 24(c), the Court need not address Movants' additional motions to certify a class, to appoint class counsel, and add additional defendants to this government enforcement action. These remaining requests should be dismissed as moot, where intervention is not warranted in the first instance.  If the Court is inclined to consider the additional motions, Florida requests the opportunity to further brief the Court.

### CONCLUSION

For the foregoing reasons, Florida respectfully requests that the Court deny the Motion to Intervene, as well as the Movants' Motions to Certify a Class, to Appoint Class counsel, and Add Additional Defendants to this government enforcement action.

Dated: March 13, 2018                    Respectfully Submitted,

                                          Office of Financial Regulations
                                          The State of Florida
                                          Division of Consumer Finance

                                          ***/s/ Scott Fransen***
                                          Scott R. Fransen
                                          Assistant General Counsel
                                          Fla. Bar No.: 0994571
                                          1313 N. Tampa St., Suite 615
                                          **Email: Scott.Fransen@flofr.com**
                                          Tampa, FL 33602

Telephone: 813-218-5364
Facsimile: 813-272-3752

Office of the Attorney General
The State of Florida
Department of Legal Affairs
Pamela Jo Bondi
Attorney General

Jennifer Hayes Pinder
Senior Assistant Attorney General
Fla. Bar No.: 17325
**Email: Jennifer.Pinder@myfloridalegal.com**

Victoria Butler
Director, Consumer Protection Division
Fla. Bar No.: 861250
**Email: Victoria.Butler@myfloridalegal.com**

3507 East Frontage Road, Suite 325
Tampa, FL 33607
Phone: 813-287-7950
Fax: 813-281-5515

Miriam S. Wilkinson
Chief Counsel
Fla. Bar No.: 972101
**Email: Miriam.Wilkinson@flofr.com**

Anthony Cammarata
General Counsel
Fla. Bar No.: 767492
**Email: Anthony.Cammarata@flofr.com**

The Fletcher Building
200 E. Gaines Street
Tallahassee, FL 32399-0370
Phone: 850-410-9601

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2018, a true and correct copy of the foregoing was served on the following via CM/ECF or US Mail as indicated below:

Thomas M. Hefferon, Esq.
Goodwin Procter LLP
901 New York Avenue NW
Washington, DC 20001
Phone: 202-346-4000
Email: thefferon@goodwinlaw.com

Sabrina M. Rose-Smith, Esq.
Goodwin Procter LLP
901 New York Ave., NW
Washington, DC 20001
Phone: 202-346-4000
Fax: 202-585-6600
Email: srosesmith@goodwinlaw.com

Bridget Ann Berry, Esq.
Greenberg Traurig, P.A.
777 S. Flagler Drive, Suite 300 E
West Palm Beach, FL 33401
Phone: 561-650-7912|
Fax: 651-655-6222
Email: BerryB@gtlaw.com,
darschs@gtlaw.com, thomsonj@gtlaw.com,
whitfieldd@gtlaw.com, and
WPBLitDock@GTLAW.com

Catalina E Azuero, Esq.
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Email: CAzuero@goodwinlaw.com

Andrew Stuart Wein, Esq.
Greenberg Traurig, PA
777 S. Flagler Dr., Suite 300E
West Palm Beach, FL 33401
Phone: 561-650-7900
Fax: 561-655-6222
Email: weina@gtlaw.com

Laura Stoll, Esq.
Goodwin Procter LLP
601 South Figueroa Street
Los Angeles, CA 90017
Phone: (213) 426-2625
Email: lstoll@goodwinlaw.com

Attorneys for Defendants Ocwen Financial, Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC served via CM/ECF

Robynne Fauley
12125 SE Laughing Water
Sandy, OR 97055

Denise Subramaniam
13865 SW Walker Road
Beaverton, OR 97005

Proposed Intervenors served via US Mail

                                          **/s/ Scott Fransen**
                                          Scott R. Fransen
                                          Assistant General Counsel