UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:17-CIV-80496-MARRA/MATTHEWMAN

OFFICE OF THE ATTORNEY GENERAL, THE STATE OF FLORIDA, Department of Legal Affairs,

and

OFFICE OF FINANCIAL REGULATION, THE STATE OF FLORIDA, Division of Consumer Finance,

  Plaintiffs,

v.

OCWEN FINANCIAL CORPORATION, a Florida corporation; OCWEN MORTGAGE SERVICING, INC., a U.S. Virgin Islands corporation; and OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,

  Defendants.

## JOINT MOTION TO AMEND THE SCHEDULING ORDER [DE 27] AND MEMORANDUM OF LAW IN SUPPORT OF THE SAME

Plaintiffs, Office of the Attorney General, the State of Florida, Department of Legal Affairs ("Attorney General" or "OAG"), and the Office of Financial Regulation, the State of Florida, Division of Consumer Finance ("OFR") (collectively, "Plaintiffs") and Defendants, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC (collectively, "Defendants" or "Ocwen"), by an through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(c) and Local Rules 7.1 and 26.1, and in the interest of judicial economy and professional cooperation among interested parties, jointly request that the Court

amend the Scheduling Order in this case [DE 27] by extending the discovery deadline by five months, and extending the other key dates in the Scheduling Order accordingly, up to and including the trial date.[1]  Specifically, Plaintiffs and Defendants request that the Court enter the proposed Amended Sections 1 & 3 of the Scheduling Order attached hereto as Exhibit "A," extending the schedule in this case by five months.  Grounds for this motion are as follows.

## MEMORANDUM OF LAW AND FACTS IN SUPPORT OF MOTION

Federal Rule 16(b)(4) provides that a scheduling order can be modified for good cause and with a judge's consent.  *See also Compass iTech, LLC v. eVestment All., LLC*, 14-81241-CIV, 2017 WL 1290849, at *3 (S.D. Fla. Mar. 24, 2017) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n. 2 (11th Cir. 1998)).  Here, good cause exists to modify the Scheduling Order to allow for an extension of discovery.

### I.   The Parties Have Been Actively Engaged in Discovery Despite the Pending Motions to Dismiss.

Fact discovery should be extended based upon the posture of this case, which is at the motion to dismiss stage.  On April 20, 2017, Plaintiffs filed a seven-count Complaint [DE 1] alleging that Defendants, one of the largest mortgage servicers in the country, violated the Consumer Financial Protection Act of 2010, various federal laws and regulations, and Chapters 501 and 494 of the Florida Statutes.  Plaintiffs amended the Complaint on June 14, 2017 [DE 20] and again on July 11, 2018 [DE 88] to add an additional count.  Defendants filed a Motion to Dismiss the Amended Complaint on June 28, 2017 [DE 24], and a Motion to Dismiss the Second

---

[1] On September 25, 2018, the Plaintiffs filed a unilateral motion [DE 102] for the extension of discovery, which the Plaintiffs will withdraw upon the filing of this Joint Motion.  Prior to the September 25, 2018 filing, the Parties had been negotiating the length of the discovery extension. At the time of the September 25, 2018 Motion, Ocwen believed that the parties had reached an agreement in principle on an extension.  Plaintiffs did not understand that to be the case, and hence filed the September 25, 2018 Motion.

2

Amended Complaint on July 26, 2018 [DE 96], which is now fully briefed following the filing of Defendants' Reply on September 12, 2018 [DE 101]. The Court has not ruled on the Motion to Dismiss the Second Amended Complaint, nor did it substantively rule on the prior Motion to Dismiss filed by Defendants.

Despite these pending Motions, the Parties have engaged in extensive discovery and have continued to move the case forward. The Parties began the discovery process in October 2017 by exchanging discovery requests. The Parties served their responses on December 6, 2017, and promptly began the meet and confer process. The Parties also spent several months negotiating an appropriate Protective Order, which required some court intervention, and was not finalized until June 6, 2018. [DE 78]. During the negotiations for the Protective Order, the Parties continued to review and collect documents in preparation for eventual production based on their understanding of the meet and confer agreements. Plaintiffs began producing documents to the Defendants on March 9, 2018, and the Defendants began producing responsive material to Plaintiffs very shortly after the entry of the Protective Order. The Parties have continued to make significant progress in discovery since the June 2018 entry of the Protective Order. Both sides have made significant document productions and exchanged additional discovery requests and responses. Further, each side has voluminous electronically stored information (ESI) to identify and review in responsive documents.

Following the Plaintiffs' request, the Parties began discussing a potential extension of the discovery deadline in July 2018, but until this time, had not reached a final agreement. The Parties continue to work diligently to complete discovery and believe that an extension of the discovery period by five months is sufficient to complete document productions and conduct depositions. With the extension of discovery, the Parties also request a proportional increase in the remainder of the dates in the Scheduling Order, including the trial date, to account for the extended discovery

period, so as not to prejudice the expert discovery period and other deadlines set forth therein.

In addition, the Parties note that this Court has found good cause and entered a similar extension of discovery in *Consumer Financial Protection Bureau v. Ocwen Financial Corp. et. al.*, Case No. 9:17-cv-80495-KAM (S.D. Fla.) ("CFPB Action"), which has a similar range of issues raised by its complaint. On August 29, 2018, Judge Matthewman entered an Order extending fact discovery and expert discovery by six months [DE 164 in the CFPB Action]. Thereafter, U.S. District Judge Kenneth A. Marra entered an amended scheduling order, revising other deadlines including the trial date, which was reset from the trial period beginning July 22, 2019 to the period beginning April 13, 2020 [DE 166 in the CFPB Action].

## CONCLUSION

**WHEREFORE**, on the grounds set forth above, the Parties respectfully request that this Court enter an Order modifying the existing Scheduling Order to extend the time for the Parties to complete discovery and extend the other deadlines set forth therein. The Parties have attached a proposed Amended Sections 1 & 3 to Scheduling Order as Exhibit "A," which sets forth the proposed modifications to Sections 1 and 3 of the Scheduling Order.

Dated: September 28, 2018

| Stipulated and respectfully submitted, | Stipulated and respectfully submitted, |
|---|---|
| By: */s/ Sasha Funk Granai* | By: */s/ Bridget Ann Berry* |
| **Office of the Attorney General**<br>**The State of Florida**<br>**Department of Legal Affairs**<br><br>Sasha Funk Granai<br>Senior Assistant Attorney General<br>Fla. Bar No.: 96648<br>Sasha.Granai@myfloridalegal.com<br><br>Jennifer Hayes Pinder<br>Senior Assistant Attorney General<br>Fla. Bar No.: 17325<br>Jennifer.Pinder@myfloridalegal.com | Bridget Ann Berry (Fla. Bar No. 515639)<br>Andrew S. Wein (Fla. Bar No. 1005238)<br><br>**Greenberg Traurig, P.A**<br>777 South Flagler Drive, Suite 300 East<br>West Palm Beach, FL  33401<br>Tel.:  561.650.7900<br>berryb@gtlaw.com,<br>weina@gtlaw.com<br><br>Thomas M. Hefferon (*pro hac vice*)<br>Sabrina M. Rose-Smith (*pro hac vice*)<br>**Goodwin Procter LLP** |

4

Victoria Butler
Director, Consumer Protection Division
Fla. Bar No.: 861250
Victoria.Butler@myfloridalegal.com
3507 East Frontage Road, Suite 325
Tampa, FL  33607
Tel.:  813.287.7950

By: */s/ Scott Fransen*
   **Office of Financial Regulation**
   **The State of Florida**
   **Division of Consumer Finance**

Scott R. Fransen
Assistant General Counsel
Fla. Bar No.: 0994571
Scott.Fransen@flofr.com
1313 N. Tampa St., Suite 615
Tampa, FL  33602
Tel.:  813.218.5364

Miriam S. Wilkinson
Chief Counsel
Fla. Bar No.: 972101
Miriam.Wilkinson@flofr.com

Anthony Cammarata
General Counsel
Fla. Bar No.: 767492
Anthony.Cammarata@flofr.com

The Fletcher Building
200 E. Gaines Street
Tallahassee, FL  32399
Tel.:  850.410.9601

*Attorneys for Plaintiffs Office of the Attorney General, the State of Florida, Department of Legal Affairs, and the Office of Financial Regulation, the State of Florida, Division of Consumer Finance*

901 New York Ave., NW
Washington, DC  20001
Tel.:  202.346.4000
thefferon@goodwinlaw.com
srosesmith@goodwinlaw.com

Laura A. Stoll (*pro hac vice*)
**Goodwin Procter LLP**
601 S. Figueroa Street
Los Angeles, CA  90017
Tel.:  213.426.2500
lstoll@goodwinlaw.com

Catalina E. Azuero (Fla. Bar No. 821411)
**Goodwin Procter LLP**
100 Northern Avenue
Boston, MA  02210
Tel.:  617.570.1000
cazuero@goodwinlaw.com

*Attorneys for Defendants Ocwen Financial Corp., Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF, on September 28, 2018, on all counsel or parties of record in this action.

*/s/ Sasha Funk Granai*
Sasha Funk Granai